Catherine L. Brabson (#6500)
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Suite 505A
Salt Lake City, Utah 84114-5478
Telephone:   (801) 535-7788
Facsimile:   (801) 535-7640
Catherine.Brabson@slcgov.com

*Attorney for Defendants Jackie Biskupski and James Allred*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER and TRICIA CHRISTIE, <br><br> Plaintiffs, <br><br> vs. <br><br> GARY R. HERBERT, in his individual capacity as Governor of the State of Utah; SEAN D. REYES, in his official capacity as Attorney General of the State of Utah; SIM S. GILL, in his official capacity as District Attorney of the City and County of Salt Lake; JACKIE BISKUPSKI, in her official capacity as Mayor of the City of Salt Lake, BEN MCADAMS, in his official capacity as Mayor of the Count of Salt Lake, KATHY BERG, in her official capacity as Director of the Division of Commerce; JAMES ALLRED, in his official capacity as Business Licensing Manager for the City of Salt Lake; ROLEN YOSHINAGA, in his official capacity as Director of Planning and Development of the County of Salt Lake, <br><br> Defendants. | **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** <br><br><br> Case No. 2:16-cv-01067 <br><br> Judge Dustin B. Pead |

Defendants Jackie Biskupski and James Allred in their official capacity (collectively the "City Defendants"), by and through counsel of record, and pursuant to Federal Rules of Civil Procedure 12(b)(6) and DUCivR 7-1**Error! Bookmark not defined.**, move to dismiss Plaintiff's Complaint for failure to state a claim for relief.

## STATEMENT OF RELIEF SOUGHT

The City Defendants seek dismissal of the four causes of action asserted under 42 U.S.C. § 1983 on the grounds that under the standard of Rule 12(b)(6), the factual allegations do not state federal constitutional violations by the City Defendants, nor do Plaintiffs appear to seek redress from the City Defendants.   Plaintiffs' claims under the Utah Constitution should be dismissed on the same grounds.   Alternatively, Plaintiffs' state law claims should be dismissed without prejudice for lack of subject matter jurisdiction.

## PLAINTIFFS' ALLEGATIONS

Plaintiffs seek to challenge the constitutionality of certain criminal and civil laws enacted by the State of Utah.   Specifically, Plaintiffs challenge Utah Code §§ 76-10-1302, -1303, -1304, -1305 and § 47-1-1 et seq.   *See* Complaint, ¶¶ 26-31.   Plaintiffs claim that enforcement of these state laws by the Governor, the Utah Attorney General and the Salt Lake County District Attorney violate their federal and state constitutional rights to due process, equal protection and freedom of speech and association.   *See* Complaint, ¶¶ 31, 89-90, 99, 110, 115-16, 120, 123-24.

With respect to the City Defendants, Plaintiffs assert that Defendant Biskupski is the Mayor and Defendant Allred is the Business Licensing Manager.  Both Biskupski and Allred are named in their official capacity.  *See* Complaint, ¶¶ 13, 16.

## ARGUMENT

### I.     Rule 12(b)(6) Standard of Review.

Federal Rule of Civil Procedure 12(b)(6) provides that the Court may dismiss any claim that "fail[s] to state a claim upon which relief can be granted."  When considering a motion to dismiss, the Court views the complaint in a light most favorable to the plaintiff.  *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).  Nevertheless, a claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### II.    Plaintiffs Fail to State a Factual Basis for Claims Asserted Against the City.

Plaintiffs do not allege any factual basis for their claims against the City Defendants, nor appear to seek redress against the City Defendants.  Thus, Plaintiffs state no claim for municipal liability under 42 U.S.C. § 1983.

Section 1983 provides a remedy against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and Laws . . ." 42 U.S.C. § 1983.  Section 1983 creates a federal cause of action for damages to vindicate alleged violations of the Constitution and federal laws by individuals acting "under color of state

law." 42 U.S.C. § 1983; *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). The statute does not create any substantive civil rights, but is only a procedural mechanism for enforcing existing rights. *Gallegos v. City & County of Denver*, 984 F.2d 358, 362 (10th Cir. 1993).

In order to survive a Rule 12(b)(6) motion to dismiss a § 1983 claim, a plaintiff must allege "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia. *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005). Plaintiffs fail to plead these elements with respect to the City Defendants. The Complaint includes almost no facts about the City Defendants. At most, Plaintiffs identify Ms. Biskupski as the Mayor and James Allred as the Business License Manager. (*See* Complaint, ¶¶ 13, 16). The laws challenged by Plaintiffs are state laws passed by the Utah Legislature. Plaintiffs do not allege any conduct of the City Defendants with respect to these state laws, nor are they challenging City ordinances. Curiously, Plaintiff Greer acknowledges that he does not intend to own or operate a brothel. (*See* Complaint, ¶ 88). Thus, there is no basis for him to seek a business license from the City or Mr. Allred. Accordingly, Plaintiffs cannot state a claim for relief against the City Defendants under § 1983.

### III.     PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED.

Similarly, Plaintiffs fail to allege any facts against the City Defendants that would state a claim for relief under the Utah Constitution.   The Fifth Cause of Action should therefore be dismissed as well.

Alternatively, the Court should dismiss Plaintiffs supplemental state law claims without prejudice as there is no basis for federal court jurisdiction given the Plaintiffs' failure to state a valid federal constitutional claim.   A court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction," and is advised to do so "'absent compelling reasons to the contrary.'"   *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir.2010) (citations omitted).   No compelling reasons exist that warrant this court's retention over these state law claims with respect to the City Defendants.

### CONCLUSION

The Complaint should be dismissed against the Defendants Biskupski and Allred with prejudice.

DATED this 12th day of December, 2016.

      /s/   Catherine L. Brabson
CATHERINE L. BRABSON
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on 12th day of December, 2016, a true and correct copy of the **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** was electronically filed with the Court using the CM/ECF system, which sent notice to the following:

David N. Wolf
Gregory M. Soderberg
UTAH ATTORNEY GENERAL'S OFFICE
P.O. Box 140856
160 East 300 South, 6th Floor
Salt Lake City, UT 84114-0856
dnwold@utah.gov
gmsoderberg@utah.gov
*Attorney for Defendants Gary Herbert, Sean D. Reyes, and Kathy Berg*

Jennifer Bailey
Neil R. Sarin
SALT LAKE COUNTY DISTRICT ATTORNEY'S OFFICE
2001 South State Street, Suite S3-600
Salt Lake City, UT 84190
jenbailey@slco.gov
nsarin@slco.org
*Attorney for Defendants Sim S. Gill, Ben McAdams, and Rolen Yoshinaga*

was sent via first class mail, postage prepaid, to the following:

Russell Greer
689 Vine Street
Murray, UT 84107
russmark@gmail.com
*Plaintiff pro se*

Tricia Christie
*Plaintiff pro se*
*[no contact information provided]*

                                                                          /s/   Lindsay Ross