DAVID N. WOLF (6688)
GREG SODERBERG (14016)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@utah.gov
E-mail: gmsoderberg@utah.gov

*Counsel for State Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER; and TRICIA CHRISTIE, <br><br> Plaintiffs, <br><br> v. <br><br> GARY R. HERBERT, in his official capacity as Governor of the State of Utah; SEAN D. REYES, in his official capacity as Attorney General of the State of Utah; SIM S. GILL, in his official capacity as District Attorney of the City and County of Salt Lake; JACKIE BISKUPSKI, in her official capacity as Mayor of the City of Salt Lake; BEN McADAMS, in his official capacity as Mayor of the County of Salt Lake; KATHY BERG, in her official capacity as Director of the Division of Commerce; JAMES ALLRED, in his official capacity as Business Licensing Manager for the City of Salt Lake; ROLEN YOSHINAGA, in his official capacity as Director of Planning and Development for the County of Salt Lake, <br><br> Defendants. | **STATE DEFENDANTS' MOTION TO DISMISS** <br><br><br> Case No. 2:16-cv-01067-DBP <br><br> Magistrate Judge Dustin B. Pead |

**TABLE OF CONTENTS**

MOTION ............................................................................................................................ vi

INTRODUCTION ........................................................................................................... vii

LEGAL STANDARD ........................................................................................................ 1

ARGUMENT ..................................................................................................................... 1

   1. PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIMS FAIL. ..................... 1

      A. The Relationship Between Prostitute And Client Is Not Protected By The Due Process Clause ............................................................................................................ 2

      B. Utah's Laws Criminalizing Prostitution Are Rationally Related To Legitimate Government Interests. ................................................................................. 5

   2. PLAINTIFFS' EQUAL PROTECTION CLAIM FAILS BECAUSE THE ACTS ARE NEUTRAL AND THERE IS NO DISCRIMINATORY PURPOSE TOWARD PEOPLE WITH DISABILITIES. ........................................................................ 8

   3. PLAINTIFF'S DUE PROCESS CLAIM TO A RIGHT TO EARN A LIVING AS A PROSTITUTE FAILS BECAUSE PROSTITUTION IS ILLEGAL. .................. 9

   4. THERE IS NO ASSOCIATIONAL RIGHT BETWEEN PROSTITUTE AND CLIENT. 10

   5. PLAINTIFFS' CLAIMS UNDER THE UTAH CONSTITUTION SHOULD BE DISMISSED. ...................................................................................................... 11

CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 771 F.3d 697 (10th Cir. 2014) ............................ 1

*Allright Colorado, Inc. v. City & Cty. of Denver,* 937 F.2d 1502 (10th Cir. 1991) .................... 5, 7

*Am. Bush v. City of S. Salt Lake,* 2006 UT 40, 140 P.3d 1235 ................................................ 11, 12

*Arcara v. Cloud Books, Inc.,* 478 U.S. 697 (1986) .................................................................. vii, 10

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ........................................................................................... 1

*Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564 (1972) ................................................ vii, 9

*Bishop v. Wood,* 426 U.S. 341 (1976) ............................................................................................ 9

*Blackburn v. City of Marshall,* 42 F.3d 925 (5th Cir. 1995) ........................................................ 10

*Burnett v. Mortg. Elec. Registration Sys., Inc.,* 706 F.3d 1231 (10th Cir. 2013) ........................... 1

*City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.,* 541 U.S. 774 (2004) ........................................ 10

*Conn v. Gabbert,* 526 U.S. 286 (1992) ........................................................................................... 9

*Copelin-Brown v. New Mexico State Pers. Office,* 399 F.3d 1248 (10th Cir. 2005) ...................... 9

*Coyote Publ'g, Inc. v. Miller,* 598 F.3d .................................................................................... 5, 7

*Does v. Munoz,* 507 F.3d 961 (6th Cir. 2007) ................................................................................ 2

*Erotic Serv. Provider Legal Educ. & Research Project v. Gascon,* 2016 WL 1258638 (N.D. Cal.
   Mar. 31, 2016) ........................................................................................................................ 3, 4

*FCC v. Beach Commc'ns, Inc.,* 508 U.S. 307 (1993) ..................................................................... 2

*FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215 (1990) .................................................................. 10

*Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276 (10th Cir.2004) .................................... 5

*IDK, Inc. v. County of Clark,* 836 F.2d 1185 (9th Cir. 1988) ............................................ vii, 4, 10

*Lawrence v. Texas,* 539 U.S. 558 (2003) .................................................................... vii, 3, 4, 5

*Love v. Superior Court,* 226 Cal. App. 3d 736 (1990) ............................................................. 6

*Miller v. Glanz,* 948 F.2d 1562 (10th Cir. 1991) ..................................................................... 1

*Muth v. Frank,* 412 F.3d 808 (7th Cir. 2005) ........................................................................... 4

*Northern Mariana Islands v. Taman,* 2014 WL 4050021 (N. Mar. I. 2014) .......................... 6

*Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984) .................................... 1, 11

*People v. Grant,* 195 Cal. App. 4th (2011) .............................................................................. 7

*Pers. Adm'r of Massachusetts v. Feeney,* 442 U.S. 256 (1979) .............................................. 8

*Petrella v. Brownback,* 787 F.3d 1242 (10th Cir. 2015) ......................................................... 2

*Powers v. Harris,* 379 F.3d 1208 (10th Cir. 2004) ................................................................. 5

*Roberts v. U.S. Jaycees,* 468 U.S. 609 (1984) ..................................................................... 2, 4

*Roe v. Cheyenne Mountain Conference Resort, Inc.,* 124 F.3d 1221 (10th Cir. 1997) ........ 11

*Seegmiller v. LaVerkin City,* 528 F.3d 762 (10th Cir. 2008) ......................................... 3, 5, 9

*Slater v. A.G. Edwards & Sons, Inc.,* 719 F.3d 1190 (10th Cir. 2013) ................................... 1

*State v. Hernandez,* 2011 UT 70, 268 P.3d 822 .................................................................... 11

*Summit Water Distribution Co. v. Summit Cty.,* 2005 UT 73, 123 P.3d 437 ....................... 12

*Sutton v. Utah Sch. for the Deaf & Blind,* 173 F.3d 1226 (10th Cir. 1999) ............................ 1

*Teigen v. Renfrow,* 511 F.3d 1072 (10th Cir. 2007) ............................................................... 2

*United States v. Carter,* 266 F.3d 1089 (9th Cir. 2001) .......................................................... 6

*Washington v. Glucksberg,* 521 U.S. 702, 720 (1997) ........................................................ 2, 3

*West v. Thomson Newspapers,* 872 P.2d 999 (Utah 1994) ................................................... 11

*Williams v. Attorney General of Ala.,* 378 F.3d at 1236 (2004) ............................................. 3

*Williamson v. Lee Optical of,* 348 U.S. 483 (1955) .......................................................................... 10

**Statutes**

Article 12 section 20 of the Utah Constitution ................................................................................ 12

Utah Code Ann. §§ 76-10-1302 ................................................................................................ vi, vii

**Rules**

Fed. R. Evid. 201 ............................................................................................................................... 5

Federal Rule of Civil Procedure 12(b)(6) ......................................................................................... vi

**Other Authorities**

*Commercial Sex: Beyond Decriminalization,* 73 S. Cal. L.Rev. 523 (2000) .................................... 6

*Prostitution Trafficking, and Cultural Amnesia: What We Must Not Know in Order to Keep the Business of Sexual Exploitation Running Smoothly,* 18 Yale J.L. & Feminism 109 (2006) ....... 6


*Williamson v. Lee Optical of,* 348 U.S. 483 (1955) .......................................................................... 10

**Statutes**

Article 12 section 20 of the Utah Constitution ................................................................................ 12

Utah Code Ann. §§ 76-10-1302 ................................................................................................ vi, vii

**Rules**

Fed. R. Evid. 201 ............................................................................................................................... 5

Federal Rule of Civil Procedure 12(b)(6) ......................................................................................... vi

**Other Authorities**

*Commercial Sex: Beyond Decriminalization,* 73 S. Cal. L.Rev. 523 (2000) .................................... 6

*Prostitution Trafficking, and Cultural Amnesia: What We Must Not Know in Order to Keep the Business of Sexual Exploitation Running Smoothly,* 18 Yale J.L. & Feminism 109 (2006) ....... 6

# MOTION

Defendants Governor Gary R. Herbert, Attorney General Sean D. Reyes, and Kathy Berg, Division Director of the Division of Corporations and Commercial Code ("State Defendants"), through counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) and District of Utah Local Rule 7-1, submit this Motion to Dismiss and Supporting Memorandum. Plaintiffs' Complaint should be dismissed primarily because the Due Process Clause has never been found to protect the relationship between a prostitute and a solicitor or client.

Plaintiffs challenge Utah laws that make prostitution and brothels illegal. Compl. p. 12 doc.1; Utah Code Ann. §§ 76-10-1302–1305 (criminalizing prostitution and solicitation, § 47-1-1 (declaring brothels nuisances). Plaintiffs argue, *inter alia*, that private consensual sexual activity between adults is a protected liberty interest. Compl. p. 2 doc. 1.

Plaintiffs' claims should be dismissed because the liberty interests protected under the Due Process Clause do not in any way cover the relationship between prostitute and solicitor, the laws in question are neutral and do not discriminate against persons with disabilities, there is no Substantive Due Process right to earn a living as a prostitute, the First Amendment protection of freedom of association does not protect the relationships at stake in the context of prostitution, and similarly, the relationship or conduct at issue is not protected by analogous provisions of the Utah Constitution.

The State Defendants ask the Court to find that the statutes are constitutional and dismiss Plaintiffs' Complaint.

# MEMORANDUM

## INTRODUCTION

Prostitution and the solicitation of prostitutes are crimes in Utah, punishable as misdemeanors, or in some cases as felonies. *See* Utah Code Ann. §§ 76-10-1302–1305 (criminalizing prostitution and solicitation), § 47-1-1 (declaring brothels nuisances). Plaintiffs ask this Court to strike down Utah laws that criminalize prostitution and brothels ("Acts"), claiming that the Acts, as applied to Plaintiffs, violates their Fourteenth Amendment right to substantive due process, their Fourteenth Amendment right to equal protection, their First Amendment right to freedom of association, and analogous provisions of the Utah Constitution. *See* Compl. pp. 23–36 doc. 1.

The Court should dismiss Plaintiffs' Complaint as a matter of law. The standard for review of the Acts are rational basis, not heightened or strict scrutiny, because the Due Process Clause has never been found to protect the relationship between a prostitute and a solicitor. *See Lawrence v. Texas*, 539 U.S. 558, 578 (2003) (distinguishing its holding from application in the context of prostitution). There is no fundamental right to engage in prostitution or to solicit prostitution. Prostitution and solicitation are not expressive conduct protected by the First Amendment. *Arcara v. Cloud Books, Inc.*, 478 U.S. 697, 704–05, 707 (1986). And the relationship between prostitute and client is not an expressive association protected by the First Amendment. *See IDK, Inc. v. County of Clark*, 836 F.2d 1185, 1195–96 (9th Cir. 1988). Courts have uniformly concluded that there is no substantive due process right to work as a prostitute. *See e.g.*, *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972).

Plaintiffs' analogous claims under the Utah Constitution also fail. They are barred by the Eleventh Amendment, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984), and are foreclosed by multiple Utah decisions holding that the Utah Constitution provides less protection to the relationship and conduct at issue here than the United States Constitution.

## LEGAL STANDARD

To survive a motion to dismiss, Plaintiffs' Complaint "must plead facts sufficient to state a claim to relief that is plausible on its face." *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013) (internal punctuation omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). The court must "accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 771 F.3d 697, 700 (10th Cir. 2014). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

## ARGUMENT

1. PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIMS FAIL.

A statute that does not burden a fundamental right is upheld under rational-basis review "if there is any reasonably conceivable state of facts that could provide a rational basis for the

classification." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993); *Teigen v. Renfrow*, 511 F.3d 1072, 1083 (10th Cir. 2007) (statute upheld "if it is rationally related to a legitimate government purpose or end."). Here, the Act is constitutional because it does not burden a fundamental right and is supported by a rational basis.

### A. The Relationship Between Prostitute And Client Is Not Protected By The Due Process Clause.

Substantive due process, in addition to the freedoms protected by the Bill of Rights, extends protections to fundamental rights. *Petrella v. Brownback*, 787 F.3d 1242, 1261 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 588 (2015) (citing *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). "To qualify as 'fundamental,' a right must be 'objectively, deeply rooted in this Nation's history and tradition . . . and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [it] were sacrificed.'" *Id.* (quoting *Glucksberg*, 521 U.S. at 720–21).

Additionally, the Due Process Clause has been the source of protection for "certain kinds of highly personal relationships" and "certain kinds of personal bonds." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984). The relationships and bonds that have been protected are characterized by how they "have played a critical role in the culture and traditions of the Nation by cultivating and transmitting shared ideals and beliefs." *Id.*  But the Tenth Circuit has been unequivocally clear regarding the fact that the Due Process Clause protects no free-floating right to sexual intimacy; it notes the exact opposite is the law:

> "[I]dentifying a new fundamental right subject to the protections of substantive due process is often an uphill battle, as the list of fundamental rights is short." *Does v. Munoz*, 507 F.3d 961, 964 (6th Cir. 2007) (quotations omitted). The Court thus far has recognized fundamental liberty interests to consist primarily of those relating to marriage, family life, child rearing, and reproductive choices. These liberty interests include the right to marry, to have children, to direct the education and raising of one's own children, to marital privacy, to use

2

>contraception and obtain abortion, and to bodily integrity. *Id.* However, as the Court made clear in *Glucksberg*, "[not] all important, intimate, and personal decisions are ... protected [by substantive due process]." *Id.*
>
>   One of the Court's most recent opinions concerning substantive due process also counsels against finding a broad-based fundamental right to engage in private sexual conduct. In *Lawrence v. Texas*, 539 U.S. 558 (2003), the Court struck down a Texas law that criminalized homosexual sodomy. But nowhere in *Lawrence* does the Court describe the right at issue in that case as a fundamental right or a fundamental liberty interest. It instead applied rational basis review to the law and found it lacking. *Lawrence*, 539 U.S. at 578. . . . As one recent decision aptly noted, the Court declined "to recognize a fundamental right to sexual privacy ... where petitioners and amici expressly invited the [C]ourt to do so." *Williams*, 378 F.3d at 1236. . . .   Nor did the *Lawrence* Court conclude that an even more general right to engage in private sexual conduct would be a fundamental right. *See id*.

*Seegmiller v. LaVerkin City*, 528 F.3d 762, 770-71 (10th Cir. 2008) (parallel cites and parentheticals omitted).

Plaintiffs have sought to define prostitution as "the fundamental liberty interest in one's own private sexual conduct . . . ." Compl. p. 24 ¶ 92 doc. 1. As just noted, the Tenth Circuit has foreclosed such a free-floating claim.  Another court, when faced with a similar case, determined that describing prostitution as a fundamental liberty interest in sex was too broad, and instead defined the right in terms of the relationship sought to be protected, stating that "this case challenges particular intimate conduct within a specific context . . . ." *Erotic Serv. Provider Legal Educ. & Research Project v. Gascon*, No. C 15-01007 JSW, 2016 WL 1258638, at *4 (N.D. Cal. Mar. 31, 2016); *see also Lawrence*, 539 U.S. at 567 ("[w]hen sexuality finds overt expression in intimate conduct with another person, the conduct can be but one element in a personal bond that is more enduring."). The interest at issue here is not the physical act of sexual intercourse, rather, the relationship between one person paying another person for sex. *Glucksberg*, 521 U.S. at 722 ("we have a tradition of carefully formulating the interest at stake in

3

substantive-due-process cases."). A relationship premised on purchasing sexual conduct has never been protected, and is actually the opposite of the types of relationships that have been recognized as worthy of protection under the Due Process Clause. *See, e.g., Lawrence*, 539 U.S. at 578 (distinguishing its holding from application in the context of public conduct or prostitution); *Muth v. Frank*, 412 F.3d 808, 818 (7th Cir. 2005) (holding that, pursuant to *Lawrence*, there is no cognizable fundamental right to private consensual sexual conduct); *Erotic Serv. Provider Legal Educ. & Research Project*, No. C 15-01007 JSW, 2016 WL 1258638, at *4.

The relationship between a prostitute and client possesses few, if any, of the aspects of the "highly personal relationships" or "personal bonds" referenced by the Court in *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984), that are protected by the Due Process Clause. The relationship between prostitute and client lasts a short time, and only as long as the client is willing to pay the fee. *See IDK, Inc.*, 836 F.2d at 1193 (involving challenges to county regulations by escort services). A prostitute has little choice as to the identity and personal preferences of the client that solicits sex. Prostitutes and clients are not involved in procreation, raising and educating children, cohabiting with relatives, or other family activities. *See id.* A prostitute may be involved with a large number of clients. "While we may assume that the relationship between [prostitute and client] is cordial and that they share conversation, companionship, and the other activities of leisure, we do not believe that a day, an evening, or even a weekend is sufficient time to develop deep attachments or commitments." *Id.* The relationship between prostitute and client is in fact the opposite of the types of relationships

4

protected by the Fourteenth Amendment, and the Court should refuse to extend such protection in this case.[1]

### B. Utah's Laws Criminalizing Prostitution Are Rationally Related To Legitimate Government Interests.

To satisfy the rational basis test, the Act "need only be rationally related to a legitimate government purpose." *Powers v. Harris*, 379 F.3d 1208, 1215 (10th Cir. 2004) (quotation omitted). "[R]ational basis review is highly deferential toward the government's actions." *Seegmiller*, 528 F.3d at 772. "Governmental bodies have wide latitude in enacting social and economic legislation; the federal courts do not sit as arbiters of the wisdom or utility of these laws." *Allright Colorado, Inc. v. City & Cty. of Denver*, 937 F.2d 1502, 1512 (10th Cir. 1991) (quotation omitted). The Court "need not satisfy [itself] that the challenged rules will in fact further their articulated purposes; it is sufficient if the legislature could rationally have concluded that the purposes would be achieved." *Id.* (quotation omitted).

Utah's ban on prostitution is rationally related to legitimate government interests. Prostitution is linked to trafficking in women and children. *Coyote Publ'g, Inc. v. Miller*, 598 F.3d at 600; *see* U.S. Dep't of State, The Link Between Prostitution and Sex Trafficking (Nov. 24, 2004), https://2001-2009.state.gov/r/pa/ei/rls/38790.htm;[2] Bureau of Justice Statistics, U.S. Dep't of Justice, Characteristics of Suspected Human Trafficking Incidents, 2008-2010 1, 3

---

[1] The Supreme Court has specifically excluded prostitution when expanding the scope of relationships protected by the Due Process Clause. *Lawrence*, 539 U.S. at 560 ("This case does not involve minors, persons who might be injured or coerced, those who might not easily refuse consent, or public conduct or prostitution.")

[2] The facts in this section relating to the negative effects of prostitution may be judicially noticed, because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Fed. R. Evid. 201*; *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n. 1 (10th Cir.2004) (Facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment.).

(April 2011) (reporting that 82% of suspected incidents of human trafficking were characterized as sex trafficking, and more than 40% of sex trafficking involved sexual exploitation or prostitution of a child) https://www.bjs.gov/content/pub/pdf/cshti0810.pdf.

Prostitution creates a climate conducive to violence against women. *See United States v. Carter*, 266 F.3d 1089, 1091 (9th Cir. 2001); Melissa Farley, *Prostitution Trafficking, and Cultural Amnesia: What We Must Not Know in Order to Keep the Business of Sexual Exploitation Running Smoothly*, 18 Yale J.L. & Feminism 109, 111 & *passim* (2006) (addressing pervasive violence in prostitution and concluding that "[r]egardless of prostitution's status (legal, illegal, zoned or decriminalized) or its physical location (strip club, massage parlor, street, escort/home/hotel), prostitution is extremely dangerous for women."); Sylvia A. Law, *Commercial Sex: Beyond Decriminalization*, 73 S. Cal. L.Rev. 523, 533 nn. 47–48 (2000) (reporting that a "study of 130 prostitutes in San Francisco found that 82% had been physically assaulted, 83% had been threatened with a weapon, [and] 68% had been raped while working as prostitutes," and that another study "demonstrate[ed] that violence is pervasive in the lives of all categories of women who sell sex for money").

Prostitution is linked to the transmission of AIDS and sexually transmitted diseases. *See, e.g., Love v. Superior Court*, 226 Cal. App. 3d 736 (1990) (upholding mandatory AIDS testing and counseling for person convicted of soliciting where the Legislature "has determined that those who engage in prostitution activities represent a high-risk group in terms of their own health, in contracting AIDS, and in terms of the health of others, in spreading the virus"); *Northern Mariana Islands v. Taman*, 2014 WL 4050021, at *3 (N. Mar. I. 2014) (prostitutes pose a health risk for sexually transmitted diseases).

Utah also has a legitimate interest in deterring the commodification of sex. *See Coyote Publ'g, Inc.*, 598 F.3d at 603 (observing that the Thirteenth Amendment "enshrines the principle that people may not be bought and sold as commodities," and that restrictions on prostitution are driven by "an objection to their inherent commodifying tendencies – to the buying and selling of things and activities integral to a robust conception of personhood."); *People v. Grant*, 195 Cal. App. 4th at 113-15 (holding that anti-pimping statute bore a rational relationship to the proper legislative goal of suppressing prostitution). The Acts are rationally related to legitimate government interests and does not violate Plaintiffs' substantive due process rights.

Plaintiffs' Complaint alleges that there is no rational basis in prohibiting prostitution or brothels. Compl. p. 25 ¶ 94 doc. 1. Plaintiffs argue that the State has an interest in regulating, rather than prohibiting, prostitution because it would protect citizens from scams, sexual diseases, and human trafficking. *Id.* Plaintiffs argue that the State already has an STD problem, so that allowing brothels might actually help control the spread of disease. *Id.* p. 26 ¶ 94.

However, under rational basis review, even if Plaintiffs' allegations are true, the question before the Court is not whether Plaintiffs' or the State's basis is more rational, or whether the Acts are narrowly tailored, and not even whether "the challenged rules will in fact further their articulated purposes . . . ," the question for the Court to decide is whether "the legislature could rationally have concluded that the purposes would be achieved." *Allright Colorado, Inc.*, 937 F.2d at 1512.[3] Decreasing human trafficking, violence against women, the spread of STDs, and deterring the commodification of sex are all rational bases that support prohibiting prostitution and brothels in Utah.

---

[3] The Court may take judicial notice of the fact that 49 of the 50 states in the Union have chosen to criminalize prostitution, with only Nevada leaving that decision to its counties to decide.

7

2. PLAINTIFFS' EQUAL PROTECTION CLAIM FAILS BECAUSE THE ACTS ARE NEUTRAL AND THERE IS NO DISCRIMINATORY PURPOSE TOWARD PEOPLE WITH DISABILITIES.

Even if the Acts have a disproportional effect on disabled persons, as argued by Plaintiffs, the Acts do not violate the Equal Protection Clause because that alleged impact cannot be traced to a discriminatory purpose. *See Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 272 (1979) (discussing classifications based on gender and race). Because Plaintiffs do not allege that the Act was intended to discriminate against disabled persons, and because no such discriminatory intent exists, Plaintiffs' equal protection claim based on the Acts' alleged "implicit discrimination," Compl. p. 31 ¶ 107 doc. 1, against disabled persons fails as a matter of law.

Second, Plaintiffs' equal protection argument that the State cannot allow some sexually oriented businesses but prohibit prostitution, *id.* p. 32 ¶ 110, or that women have a right to work in brothels, *id.*, fails as a matter of law. Plaintiffs' argument that women have a right to work as prostitutes is properly analyzed under the Due Process Clause, and is done so below.

Plaintiffs' argument that the State has no rational basis for treating one class of businesses (brothels) differently than another class of similarly situated businesses (sexually oriented businesses such as strip clubs, escort services, and adult businesses), fails because, as described above, a great number of rational bases exist for the State to prohibit prostitution and brothels, and classifying businesses based on whether sexual intimacy is sold is not a suspect classification. *Feeney*, 442 U.S. at 272 ("When the basic classification is rationally based, uneven effects upon particular groups within a class are ordinarily of no constitutional concern."). Nor is a fundamental right at issue, such that heightened scrutiny is warranted.

*Seegmiller*, 528 F.3d at 770 ("the Court has never endorsed an all-encompassing right to sexual privacy . . ."). Accordingly, Plaintiffs' equal protection claims fail as a matter of law.

3. PLAINTIFF'S DUE PROCESS CLAIM TO A RIGHT TO EARN A LIVING AS A PROSTITUTE FAILS BECAUSE PROSTITUTION IS ILLEGAL.

Plaintiff Tricia Christie's claim that she has a right to earn a living as a prostitute fails because there is no state-law property interest in working as a prostitute.[4]

The Fourteenth Amendment establishes the right of an individual "to contract, to engage in any of the common occupations of life." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972). However, "[a] threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Id.* at 569.

Whether a property interest in employment exists is a matter of state law. *Bishop v. Wood*, 426 U.S. 341, 344 (1976). Utah law does not recognize a property interest in working as a prostitute, and the Acts at issue here do not recognize any such interest.

Nor is there a protectable liberty interest in employment as a prostitute. "[T]he liberty component of the Fourteenth Amendment's Due Process Clause includes some generalized due process right to choose one's field of private employment, but a right which is nonetheless subject to reasonable government regulation." *Conn v. Gabbert*, 526 U.S. 286, 291–92 (1992).

A protectable liberty interest in employment arises only "where not affirmatively

---

[4] Plaintiff Russell Greer stated to counsel for the State Defendants that Ms. Christie does not intend to participate in this lawsuit, and that Mr. Greer attempted to remove her name from the case. Accordingly, it is the State Defendants' understanding that Plaintiffs will not move forward with claims particular to Ms. Christie, such as a due process claim to work as a prostitute. A claim for which Mr. Greer lacks standing to bring. *See Copelin-Brown v. New Mexico State Pers. Office*, 399 F.3d 1248, 1253 (10th Cir. 2005) (discussing elements of standing).

9

restricted by reasonable laws or regulations of general application." *Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995). A law placing restrictions on employment will be upheld so long as there is a legitimate state interest in regulating the trade or profession. *Williamson v. Lee Optical of Okla.*, 348 U.S. 483 (1955). As discussed in Section 1. B. above, Utah has such an interest.

   4. THERE IS NO ASSOCIATIONAL RIGHT BETWEEN PROSTITUTE AND CLIENT.

Association for the purpose of sex is not protected by the First Amendment. *Arcara*, 478 U.S. at 704–05, 707; *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 224 (1990) (concluding that a 10-hour limitation on motel room rentals did not burden or "have any discernible effect on the sorts of traditional personal bonds" that the Court has protected), *holding modified by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004). Prostitutes are not hired for their conversational skills; they are hired for sex, and the Acts do not criminalize meeting with a prostitute. They criminalize paying a prostitute for sex. *See IDK, Inc.*, 836 F.2d at 1195 ("the escort services make no claim that expression is a significant or necessary component of their activities. The services' advertisements included in the record do not tout their employees' skills in conversation, advocacy, teaching, or community service, and thus we assume that clients select their companions on the basis of other criteria.")

Because the association between a prostitute and a client is not expressive or protected by the First Amendment, Plaintiffs' First Amendment freedom of association claim fails as a matter of law and should be dismissed with prejudice.

5. PLAINTIFFS' CLAIMS UNDER THE UTAH CONSTITUTION SHOULD BE DISMISSED.

Plaintiffs' state constitutional challenges likewise fail. The Eleventh Amendment bars these claims. "[A] federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when . . . the relief sought and ordered has an impact directly on the State itself." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 117. Here, the State is the real, substantial party in interest to plaintiff's challenge to the Acts. *See id.* at 92, 101. This Court's pendent jurisdiction does not extend to Plaintiffs' state law claims. *Id.* at 118.

Alternatively, if the Court dismisses Plaintiffs' federal claims, the Court should dismiss Plaintiffs' state constitutional claims for lack of subject matter jurisdiction. *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1237 (10th Cir. 1997).

If the Court reaches the merits of Plaintiffs' Utah constitutional claims, those claims are barred because in relation to prostitution, the Utah Constitution provides less protection than the United States Constitution. The Utah Supreme Court analyzes state constitutional issues under the primacy model, which analyzes issues under the state constitution before resorting to the federal constitution. *Am. Bush v. City of S. Salt Lake*, 2006 UT 40, ¶ 7, 140 P.3d 1235 (citing *West v. Thomson Newspapers*, 872 P.2d 999, 1004–07 (Utah 1994)). In interpreting the Utah Constitution, the Utah Supreme Court has stated that the drafters' intent must be ascertained. *State v. Hernandez*, 2011 UT 70, ¶ 8, 268 P.3d 822 (citing *American Bush*, 2006 UT 40 ¶ 12, 140 P.3d 1235). Because the best evidence of the drafters' intent is the constitutional text, analysis begins with the text itself. *Id.* (citations omitted).

Plaintiffs' Complaint fails to explain how the Utah Constitution provides more protection than the federal constitution, and Utah state court decisions support the conclusion that the

relationship between prostitute and client, the right to earn a living as a prostitute, or the association between a prostitute and a client would be less protected by the Utah Constitution than the United States Constitution. *See e.g.*, *American Bush*, 2006 UT 40 ¶ 2, 140 P.3d 1235 (nude dancing not protected by the Utah Constitution).[5] They have thus failed to state a claim under the Utah Constitution.

## CONCLUSION

Plaintiffs' Complaint fails as a matter of law, because the United States and Utah Constitutions have never been found to protect consensual sex between two adults as a standalone right, or prostitution as a profession, or a person's right, disabled or not, to pay another person for sex. Neither should the Court extend protection to the relationship between prostitute and client because that relationship is antithetical to the highly personal relationships and personal bonds that are protected by the Due Process Clause. The State Defendants ask the Court to find that the Act is constitutional and dismiss Plaintiffs' Complaint, with prejudice.

DATED: December 23, 2016.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ Greg Soderberg
DAVID N. WOLF
GREG SODERBERG
Assistant Utah Attorneys General
*Counsel for State Defendants*

---

[5] Plaintiff also references Article 12 section 20 of the Utah Constitution, the "Free Market Clause." Compl. p. 36 ¶ 124 doc. 1. However, the Free Market Clause prohibits monopolies, and does not relate to one individual's attempt to obtain a business license. Utah Const. Art. 12 § 20; *Summit Water Distribution Co. v. Summit Cty.*, 2005 UT 73, ¶ 50, 123 P.3d 437 (declining to analyze whether Article 12 section 20 is self-executing).

## CERTIFICATE OF SERVICE

I certify that on December 23, 2016, a true and correct copy of the foregoing **STATE STATE DEFENDANTS' MOTION TO DISMISS** was mailed via First Class Mail and by email to the following:

>Russell Greer
>689 Vine Street
>Murray, UT 84107
>E-mail: russmark@gmail.com
>*Pro Se Litigant*

/s/ Valerie Valencia

13