Sim Gill (USB #6389)
DISTRICT ATTORNEY FOR SALT LAKE COUNTY
Neil S. Sarin (USB #9248) nsarin@slco.org
Jennifer Bailey (USB #14121) jenbailey@slco.org
Deputy District Attorneys
Salt Lake County District Attorney's Office
2001 South State Street, Room S3-600
Salt Lake City, Utah 84190
Telephone: 385.468.7700
Facsimile: 385.468.7800
*Attorneys for Defendants Sim Gill, Ben McAdams and Rolen Yoshinaga*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Russell G. Greer, et al.<br><br>                    Plaintiffs,<br>v.<br><br>Gary R. Herbert, et al.<br><br>                    Defendants. | SALT LAKE COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>Case No. 2:16-cv-01067<br><br>Magistrate Judge:  Dustin B. Pead |

Defendants, SIM GILL ("Gill"), BEN MCADAMS ("McAdams") and ROLEN YOSHINAGA ("Yoshinaga") in their official capacity (collectively the "County Defendants"), by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(6), move to dismiss Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint") for failure to state a claim for relief for the reasons set forth herein.  Furthermore, County Defendants incorporate and adopt the legal arguments set forth in Salt Lake City Defendants' Motion to Dismiss (Doc. 11) ("City's Motion") and State Defendants' Motion to Dismiss (Doc. 17) ("State's Motion") as if set forth fully herein.

## INTRODUCTION

This matter involves alleged civil rights violations by state, county, and city officials, including County Defendants, against plaintiffs Russell Greer ("Greer") and Tricia Christie ("Christie"). The Plaintiffs' claims for relief request the Court to find several sections of Utah Code § 76-10-1301, *et seq.* relating to prostitution and brothels unconstitutional, so that Plaintiff Greer can establish a brothel named "Mile High Neon" in Salt Lake County.

## STATEMENT OF RELEVANT FACTS

The County Defendants deny any wrongdoing in the Complaint. While the County Defendants dispute at least some of the allegations in the Complaint, the following facts are relevant to, and admitted, as they must be for, the limited purpose of this motion to dismiss under Rule 12(b)(6):

1. Plaintiffs commenced this action by filing a Complaint on October 18, 2016 (Doc. 1).

2. The Complaint names defendants from the State of Utah, Salt Lake County, and City of Salt Lake.

3. The Complaint asserts five claims for relief against all defendants: (1) Section 1983 Claim for Violation of Fourteenth Amendment, Substantive Due Process Right to Sexual Privacy; (2) Section 1983 Claim for Violation of Fourteenth Amendment, Equal Protection Rights; (3) Section 1983 Claim for Violation of Fourteenth Amendment, Substantive Due Process Right to Earn Living; (4) Section 1983 Claim for Violation of First Amendment, Freedom of Association; and (5) Violations of the Utah Constitution. The County Defendants named in the Complaint are Sim Gill, the District Attorney for Salt Lake County; Ben McAdams, the Mayor of

Salt Lake County; and Rolen Yoshinaga, the Director of Salt Lake County Planning and Development. The County Defendants are named in their official capacity, only.

5. Plaintiffs have not alleged that they have been arrested or prosecuted for violation of Utah Code § 76-1-1302.

6. Plaintiffs have not alleged that they have filed any application for a business license with Salt Lake County Planning and Development nor that any such application was denied.

## LEGAL STANDARD FOR MOTION TO DISMISS

Under Rule 12(b)(6), a motion to dismiss should be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-movant. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

To survive a motion to dismiss, a plaintiff's complaint must allege enough facts, taken as true, to make his claim for relief "plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). This requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

3

'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original); *see also Southern Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998) (holding the court "need not accept conclusory allegations without supporting factual averments").  Although all well-pleaded facts in the complaint are presumed true, conclusory allegations—allegations that "do not allege the factual basis" for the claim—will not be considered.  *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir.1995).

## ARGUMENT

**I.     Plaintiffs Fail to State a Factual Basis for Claims Asserted Against the County Defendants.**

Plaintiffs do not allege any factual basis for their claims against the County Defendants.  While briefly identifying the County Defendants in the Complaint, the Plaintiffs fail to provide specific facts as to how the County Defendants have violated their constitutional rights.  There is no allegation that Gill has investigated or filed criminal charges against Plaintiffs.  There is no allegation that Yoshinaga reviewed and denied any business license application nor that the Plaintiffs even submitted a business license application.  Finally, there is no allegation that McAdams acted or failed to act, resulting in any constitutional violation against the Plaintiffs.

**II.    Plaintiffs Fail to State a Claim Under 42 U.S.C. § 1983**

In order for County Defendants to be held liable under § 1983, Plaintiffs must show County Defendants "subjected or causes [Plaintiffs] to be subjected….to a deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  In the context of a civil rights action against multiple individual governmental actors, liability must be predicated on an individual defendant's personal involvement in the constitutional violation.  *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013).  "It is particularly important . . . that

4

the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013) (emphases in original) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)); see also *Auvaa v. City of Taylorsville*, 506 F. Supp. 2d 903, 909 (D. Utah 2007) quoting *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1155 (10th Cir. 2006) ("In any § 1983 action, the plaintiff must demonstrate the liability of each . . . official against whom a claim is made," and "the burden is on the plaintiff to develop facts that show the defendant's responsibility for a constitutional violation."). The Tenth Circuit recently found:

> When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights.

*Pahls*, 718 F.3d at 1225-26 (citing *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532–33 (10th Cir.1998); *see also Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir.2011)). "Rather, it is incumbent upon a plaintiff to 'identify specific actions taken by particular defendants' in order to make out a viable § 1983 or *Bivens* claim. *Tonkovich*, 159 F.3d at 532 (emphasis added); *see also Glaser v. City & County of Denver*, 557 F. App'x 689, 702 (10th Cir. 2014) (finding that the plaintiff's "undifferentiated contentions" failed to specify what each of the individual defendants named in his claim specifically did or said).

In their Complaint, Plaintiffs fail to make specific allegations as to what County Defendants did to deprive them of their constitutional rights. "A § 1983 plaintiff must show an affirmative link between a defendant's conduct and a constitutional violation, and that affirmative link must be alleged in the complaint as well as proven at trial." *Auvaa v. City of Taylorsville*, 506

F. Supp. 2d 903, 909-10 (D. Utah 2007) quoting *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001). Plaintiffs have failed to make the necessary affirmative link between the County Defendants' conduct and a constitutional violation. There are no allegations: 1) Gill has investigated or filed criminal charges against Plaintiffs; 2) Yoshinaga reviewed and denied Plaintiffs' business license application; and 3) McAdams acted or failed to act, resulting in any constitutional violation against the Plaintiffs. Absent an affirmative link in the Complaint between County Defendants' conduct and a constitutional violation, the Section 1983 claims in the Complaint (Claims 1-4) must be dismissed.[1]

### III.     Plaintiffs Fail to State a Claim under Article 1, Section 7 of the Utah Constitution.

Claim Five of Plaintiffs' Complaint alleges a violation of Article I, Section 7 of the Utah Constitution in that the County Defendants have deprived Plaintiffs of their rights to substantive and procedural due process. (Compl. ¶ 123). Article 1, Section 7 is the State constitution's "due process clause." Like its federal counterpart, Article I, Section 7 provides that "[n]o person shall be deprived of life, liberty or property, without due process of law." Utah Const. Art. I, § 7. *Jensen v. Cunningham*, 2011 UT 17, ¶ 71, 250 P.3d 465, 483.

"The Utah Supreme Court has stated: Since the due process clause of our state Constitution (Article I, Section 7) is substantially similar to the Fifth and Fourteenth Amendments to the federal Constitution, the decisions of the Supreme Court of the United States on the federal due process clauses are highly persuasive as to the application of that clause of our state Constitution." *Disability Law Ctr. v. Utah,* 180 F. Supp. 3d 998, 1013 (D. Utah 2016) citing *Terra Utils. v. Public Serv. Comm'n,* 575 P.2d 1029 (Utah 1978). County Defendants encourage the Court to find "that

---

[1] See also City's Motion at 3-4 and State's Motion at 1-10.

its analysis of Plaintiffs' federal substantive due process claim applies with equal force to Plaintiffs' due process claim under the Utah Constitution." *Id*.  Incorporating the federal due process analysis necessary to dismiss the Plaintiffs' federal claims, the County Defendants urge the Court to conclude that Plaintiffs have not stated a plausible claim for relief under Article I, Section 7 of the Utah Constitution and to dismiss Plaintiffs' state claim with prejudice.[2]

### IV. Plaintiff Tricia Christie Has Not Complied with FRCP 11(a) and Christie should be Stricken as a Plaintiff

Federal Rule of Civil Procedure 11(a) requires as follows:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name---or by a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number….The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Here, Christie is included as a named plaintiff in the caption of the Complaint.  Within the Complaint, Christie purports to assert allegations of constitutional violations.  See Compl. ¶¶ 9 and 57-64.  However, Christie did not sign the Complaint.  Further, Christie has not provided an address, e-mail and telephone number anywhere on the face of the Complaint nor during the course of this lawsuit.  While Greer is representing himself *pro se*, he is not an attorney and is unable to represent her.  *See Perry v. Stout*, 20 F. App'x 780, 782 (10th Cir. 2001) (a non-attorney cannot represent another pro se litigant).  In light of Christie's failure to comply with Rule 11(a), Christie should be stricken as a Plaintiff.  See *Davidson v. Duncan Reg'l Hosp.*, 2010 U.S. Dist. LEXIS 10740, at *1-2 (W.D. Okla. 2010).[3]

---

[2] See also City's Motion at 5 and State's Motion at 11-12.
[3] See State's Motion at 9, n.4 (raising doubts whether Christie intends to participate in this lawsuit).

## **CONCLUSION**

Wherefore, for the reasons stated herein, as well as for the reasons set forth in the City's Motion and the State's Motion, County Defendants respectfully request that the Court grant their motion to dismiss the Complaint in its entirety, enter an order dismissing with prejudice all claims and causes of action asserted by Plaintiffs against them, and award County Defendants any other relief to which they may appear entitled.

Respectfully submitted this 27th day of December 2016.

        SIM GILL
        Salt Lake County District Attorney

        /s/ NEIL R. SARIN
        NEIL R. SARIN
        JENNIFER BAILEY
        Deputy District Attorney
        *Attorney for Defendants Sim Gill, Ben McAdams and Rolen Yoshinaga*

## CERTIFICATE OF SERVICE

I certify that on this 27th day of December, 2016 a true and correct copy of the foregoing SALT LAKE COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF was electronically filed with the Clerk of Court using the CM/ECF system, which sent notice to the following:

David N. Wolf
Gregory M. Soderberg
UTAH ATTORNEY GENERAL'S OFFICE
P.O. Box 140856
160 East 300 South, 6th Floor
Salt Lake City, UT 84114-0856
*Attorney for Defendants Gary Herbert, Sean D. Reyes, and Kathy Berg*

Catherine L. Brabson
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Suite 505A
Salt Lake City, Utah 84114-5478
*Attorney for Defendants Jackie Biskupski and James Allred*

was sent via first class mail, postage prepaid, to the following:

Russell Greer
689 Vine Street
Murray, UT 84107
*Pro Se*

                                          /s/ Iris Pittman
                                          Paralegal