DAVID N. WOLF (6688)
GREG SODERBERG (14016)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@utah.gov
E-mail: gmsoderberg@utah.gov

*Counsel for State Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GARY R. HERBERT, et al.,<br><br>Defendants. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:16-cv-01067-DBP<br><br>Magistrate Judge Dustin B. Pead |

**1.    PRELIMINARY MATTERS**:

    a.    The nature of the claims and affirmative defenses is:

        Plaintiff Greer challenges the constitutionality of the As Applied brothel laws of Utah – not all of the prostitution laws. The State legislature has created the laws to distinguish between general prostitution and houses of prostitution. Greer alleges that Defendant Berg granted him a brothel license in December 2015, but then withdrew it in January of 2016. She withdrew it based on instructions from Governor Herbert. The license application clearly stated what the license was for. The State gave him all of his paperwork and paperwork needed to register with the city and county. Not only did Berg make Greer go through a bunch of hoops only to grant and then withdraw, she has robbed him of the chance to help others and of equal protection. Reyes and Gill will prosecute Greer if he engages in illegal activity within the State. Gill hinted that he may prosecute Greer. This was revealed to Greer by a news reporter. The laws violate Greer's first and

fourteenth rights and they do not further a compelling state interest. Brothels can function, as seen in Nevada and other countries.

Defendants deny any personal involvement in the alleged constitutional rights violations, and deny that the laws in question violate Plaintiffs' constitutional rights.

    b.    This case is **referred to** Magistrate Judge Dustin B. Pead.

    c.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on January 12, 2017 at 4:00 p.m. via conference call.

    The following attended:

- Greg Soderberg, counsel for Governor Herbert, Attorney General Reyes, and Kathy Berg.
- Neil Sarin, counsel for Sim Gill, Ben McAdams, and Rolen Yoshinaga.
- Catherine Brabson, counsel for Jackie Biskupski and James Allred.
- Russell Greer, pro se Plaintiff.

    d.    The parties **do not** request an initial pretrial scheduling conference with the court prior to entry of the scheduling order. An initial pretrial scheduling conference is set before Magistrate Judge Evelyn J. Furse on February 8, 2017, at 11:00 a.m.

    e.    The parties will exchange by 1/27/17 the initial disclosures required by Rule 26(a)(1).

    f.    Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

**2.**    **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan:

    a.    Discovery is necessary on the following subjects:

Plaintiff believes discovery is necessary on the following subjects: there needs to be discovery on how ran other sexually oriented businesses in Utah are ran; there needs to be discovery on how much of the secondary effects are found in the local

        businesses; there needs to gathered police reports and any other logs that show any other times there has been problems at the businesses. There also needs to be discovery concerning why the brothel license for Greer was approved and then withdrawn three weeks later by the State. There needs to be discovery for the prostitution rate of arrests in Utah and how many clients and johns have been found to have STDs. There needs to be discovery on the Utah Department of Health and how they keep track of STDs. There needs to be discovery on the licensing process for other sexually oriented businesses and how well the licenses are monitored. Many officials of the state and local levels need to go through depositions to help with these proposed discovery processes.

        Defendants believe little discovery is required in this case. If the Defendants' Motions to Dismiss are not granted, discovery may be required regarding: Mr. Greer's application(s) for business license or other similar approvals; the State's interests in the statutes at issue; Defendants' interests in opposing the statute.

b.    Discovery Phases.

        Discovery will not be conducted in phases and will focus on the areas described above in 2(a).

c.    Designate the discovery methods to be used and the limitations to be imposed.

     (1)    Oral Exam Depositions: 5 each for Plaintiff and each group of Defendants (State, County, and City each have 5). Depositions not to exceed 7 hours.

     (2)    Interrogatories: 25 each for Plaintiff and each group of Defendants (State, County, and City each have 25).

           Admissions: 10 each for Plaintiff and each group of Defendants (State, County, and City each have 10).

           Requests for production of documents: 25 each for Plaintiff and each group of Defendants (State, County, and City each have 25).

     (3)    Other discovery methods: Plaintiff agrees that GRAMA will not be used to request records related to the litigation, and that any such requests that are made will be denied with reference to this document.

d.    Discovery of electronically stored information should be handled as follows:

        The parties agree to conduct a reasonable search of electronically stored information in their respective control, including but not limited to e-mail accounts. The parties agree that all requests for documents shall include electronically stored information as defined by Federal Rule of Civil Procedure 34(a)(1)(A).

        Electronically stored information shall be produced it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. Discovery may be served and/or answered by electronic means so long as documents are legible and in an electronic form readily accessible by the recipient. Should either party receive electronically stored data or information in a format not accessible by them, they shall promptly notify the other party that the information is not accessible or legible by them and the parties shall work in good faith to promptly resolve the matter. Should discovery show that further electronic discovery protocols may become necessary, the parties agree to work together in good faith to agree to protocols and costs.

e.    The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows:

        The inadvertent production of information or any document to the representative parties shall be without prejudice. If a party produces a protected, controlled, private or confidential document without providing the proper designation, the receiving party shall return the original and all copies pursuant to a written request seeking reclassification of the previously disclosed document, and shall not use any information obtained unless allowed to do so by the producing party or by an Order of the Court.

f.    Last day to file written discovery and last day to file standard motions to compel: 8/31/2017.

g.    Close of fact discovery **9/30/2017**.

3.    **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

a.    The cutoff date for filing a motion to amend pleadings is: 8/31/2017.

b.    The cutoff date for filing a motion to join additional parties is: 9/30/2017.

*(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P.15(a))*.

4.    **EXPERT REPORTS**:

    Reports from experts under Rule 26(a)(2) will be submitted on: 11/15/2017.

    Response: 12/15/2017.

5. **OTHER DEADLINES**:

    a.  Expert Discovery cutoff: 1/15/2018.

    b.  Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case: 2/15/2018.

    c.  Deadline for filing partial or complete motions to exclude expert testimony: 2/15/2018.

6.  **ADR/SETTLEMENT**:

    *Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

    a.  The potential for resolution before trial is: poor

    b.  This case should not be referred to the court's alternative dispute resolution program.

    c.  The parties do not intend to engage in private alternative dispute resolution.

    d.  The parties will re-evaluate the case for settlement/ADR resolution on: 1/15/2018.

7.  **TRIAL AND PREPARATION FOR TRIAL:**

    a.  The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule).

    b.  This case should be ready for trial by: **45 days after resolution of dispositive motion(s) or 1/15/2018, whichever is earlier**.

        *Specify type of trial*: **Bench**

---

[1] Dispositive motions, if granted, affect the final resolution of the case; nondispositive motions, if granted, affect the case but do not dispose of it.

...

...

c.  The estimated length of the trial is: **2 days**.

DATED:  January 13, 2017.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ Greg Soderberg
DAVID N. WOLF
GREG SODERBERG
Assistant Utah Attorneys General
*Counsel for State Defendants*

/s/ Neil Sarin
Neil Sarin
Jennifer Bailey
Counsel for County Defendants

/s/ Catherine Brabson
Catherine Brabson
Counsel for City Defendants

/s/ Russell Greer
Russell Greer
Plaintiff pro se

Plaintiff Tricia Christie did not participate in the attorney planning meeting