DAVID N. WOLF (6688)
GREG SODERBERG (14016)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@utah.gov
E-mail: gmsoderberg@utah.gov

*Counsel for State Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| RUSSELL G. GREER, et al., | **[PROPOSED] SCHEDULING ORDER** |
|---|---|
| Plaintiffs, | |
| v. | Case No. 2:16-cv-01067-DBP |
| GARY R. HERBERT, et al., | Magistrate Judge Dustin B. Pead |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 16(b), the Attorneys' Planning Report has been filed by counsel and the following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

This Court ORDERS the Initial Pretrial Hearing set for February 8, 2017, at 11:00 a.m. VACATED.

**\*\*ALL TIMES 11:59 PM UNLESS INDICATED\*\***

| | | |
|---|---|---|
| **1.** | **PRELIMINARY MATTERS** | **DATE** |

    a.    Nature of claims and any affirmative defenses:

           Plaintiff Greer challenges the constitutionality of the As Applied brothel laws of Utah – not all of the prostitution laws. The State legislature has created the laws to distinguish between general prostitution and houses of prostitution. Greer alleges that Defendant Berg granted him a brothel license in December 2015, but then withdrew it in January of 2016. She withdrew it based on instructions from Governor Herbert. The license application clearly stated what the license was for. The State gave him all of his paperwork and paperwork needed to register with the city and county. Not only did Berg make Greer go through a bunch of hoops only to grant and then withdraw, she has robbed him of the chance to help others and of equal protection . Reyes and Gill will prosecute Greer if he engages in illegal activity within the State. Gill hinted that he may prosecute Greer. This was revealed to Greer by a news reporter. The laws violate Greer's first and fourteenth rights and they do not further a compelling state interest. Brothels can function, as seen in Nevada and other countries.

           Defendants deny any personal involvement in the alleged constitutional rights violations, and deny that the laws in question violate Plaintiffs' constitutional rights.

    b.    This case is **referred to** Magistrate Judge Dustin B. Pead.

    c.    Pursuant to Fed. R. Civ. P. 26(f) a meeting was held January 12, 2017, at 4:00 p.m.     *1/12/17*

    d.    Have the parties submitted the Attorney Planning Meeting Form?     *Yes*

    e.    Deadline for 26(a)(1) initial disclosure.     *1/27/17*

    f.    Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either: (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

2.    **DISCOVERY PLAN:** The parties jointly propose to the court the following discovery plan:     **NUMBER**

  a.  Discovery is necessary on the following subjects:

    Plaintiff believes discovery is necessary on the following subjects: there needs to be discovery on how ran other sexually oriented businesses in Utah are ran; there needs to be discovery on how much of the secondary effects are found in the local businesses; there needs to gathered police reports and any other logs that show any other times there has been problems at the businesses. There also needs to be discovery concerning why the brothel license for Greer was approved and then withdrawn three weeks later by the State. There needs to be discovery for the prostitution rate of arrests in Utah and how many clients and johns have been found to have STDs. There needs to be discovery on the Utah Department of Health and how they keep track of STDs. There needs to be discovery on the licensing process for other sexually oriented businesses and how well the licenses are monitored. Many officials of the state and local levels need to go through depositions to help with these proposed discovery processes.

    Defendants believe little discovery is required in this case. If the Defendants' Motions to Dismiss are not granted, discovery may be required regarding: Mr. Greer's application(s) for business license or other similar approvals; the State's interests in the statutes at issue; Defendants' interests in opposing the statute.

  b.  The following discovery methods are contemplated and the limitations to be imposed are as follows:

    *(1) For oral exam depositions, (i) maximum number to be taken by the plaintiff(s) and by the defendant(s), and (ii) the maximum number of hours unless extended by agreement of the parties are as follows:*

    Oral Exam Depositions:

    Plaintiff(s):    5

    Defendant(s):    5

3

|  |  |
|---|---|
| Maximum no. hrs. per deposition: | 7 |

(2) The maximum number of *interrogatories, requests for admissions, and requests for production of documents that will be served on any party by any other party are as follows:*

|  |  |
|---|---|
| Interrogatories | *25* |
| Admissions | *10* |
| Requests for Production | *25* |

c. Discovery of electronically stored information should be handled as follows:

The parties agree to conduct a reasonable search of electronically stored information in their respective control, including but not limited to e-mail accounts. The parties agree that all requests for documents shall include electronically stored information as defined by Federal Rule of Civil Procedure 34(a)(1)(A).

Electronically stored information shall be produced it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. Discovery may be served and/or answered by electronic means so long as documents are legible and in an electronic form readily accessible by the recipient. Should either party receive electronically stored data or information in a format not accessible by them, they shall promptly notify the other party that the information is not accessible or legible by them and the parties shall work in good faith to promptly resolve the matter. Should discovery show that further electronic discovery protocols may become necessary; the parties agree to work together in good faith to agree to protocols and costs.

d. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows:

Should inadvertent disclosure of privileged, protected, or work product material occur, the party which made the inadvertent disclosure shall notify the other party in writing. Within 10 days of the notification, the other party shall confirm, in writing, that it has destroyed all copies of the documents to which the claim of privilege or other protection has been made, or shall file with the Court a motion seeking a determination, in camera, of the validity of the claim of privilege.

4

|   |   |   |   |
|---|---|---|---|
| | e. | Last day to file written discovery and last day to file standard Motions to compel: | 8/31/2017 |
| | f. | Close of fact discovery: | **9/30/2017** |
| | g. | (*optional*) Final date for supplementation of disclosures and discovery under Rule 26 (e): | \_\_\_/\_\_\_/<u>201</u> |
| 3. | | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1] | **DATE** |
| | a. | The cutoff dates for filing a motion to amend pleadings are: | 8/31/2017 |
| | b. | The cutoff dates for filing a motion to join additional parties are: | 9/30/2017 |
| 4. | | **RULE 26(a)(2) REPORTS FROM EXPERTS** | **DATE** |
| | a. | Reports from experts under Rule 26(a)(2) will be submitted on: | 11/15/2017 |
| | b | Response: | 12/15/2017 |
| 5. | | **OTHER DEADLINES** | **DATE** |
| | a. | Expert discovery cutoff: | 1/15/2018 |
| | b. | Deadline for filing dispositive[2] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case. | 2/15/2018 |
| | c. | Deadline for filing partial or complete motions to exclude expert testimony | 2/15/2018 |
| 6. | | **ADR/SETTLEMENT** | **DATE** |
| | a. | The potential for resolution before trial is:    Poor | |
| | b. | This case should not be referred to the court's alternative dispute resolution program. | |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).
[2] Dispositive motions, if granted, affect the final resolution of the case; nondispositive motions, if granted, affect the case but do not dispose of it.

5

|   |   |   |   |
|---|---|---|---|
| c. | The parties do not intend to engage in Private Mediation/Arbitration by: | | |
| d. | The parties will evaluate the case for settlement/ADR resolution on or before: | | 1/15/2018 |
| e. | Settlement probability: | No | |

*Specify # of days for Bench or Jury trial as appropriate.*
*The court will complete the shaded areas.*

| 7. | **TRIAL AND PREPARATION FOR TRIAL** | | **TIME** | **DATE** |
|---|---|---|---|---|
| a. | The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule). | | | |
|  | Plaintiff | | | |
|  | Defendant | | | |
| b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | | |
| c. | Special Attorney Conference[3] on or before | | | |
| d. | Settlement Conference[4] on or before | | | ___/___/201_ |
| e. | Final Pretrial Conference | | ___:___ _.m. | ___/___/201_ |
| f. | Trial | Length | | |
|  | i. Bench Trial | **2 days** | ___:___ _.m. | ___/___/201_ |
|  | ii. Jury Trial | *# days* | ___:___ _.m. | ___/___/201_ |

---

[3] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. The parties should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pre-trial order should include any special equipment or courtroom arrangement requirements.

[4] The Settlement Conference does not involve the Court unless the Court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

**8.     OTHER MATTERS**

Parties should file all Motions in Limine well in advance of the Final Pre Trial.

Signed _____, 2017.

BY THE COURT:

_____
Evelyn J. Furse
Magistrate Judge

Approved as to Form


/s/ Neil Sarin __
Neil Sarin
Jennifer Bailey
Counsel for County Defendants

/s/ Catherine Brabson ___
Catherine Brabson
Counsel for City Defendants

/s/ Russell Greer __
Russell Greer
Plaintiff pro se

Plaintiff Tricia Christie did not participate
in the attorney planning meeting