DAVID N. WOLF (6688)
GREG SODERBERG (14016)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@utah.gov
E-mail: gmsoderberg@utah.gov
*Counsel for State Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GARY R. HERBERT, et al.,<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS**<br><br>**AND REQUEST FOR HEARING**<br><br>Case No. 2:16-cv-01067-DBP<br><br>Magistrate Judge Dustin B. Pead |

Governor Herbert, Attorney General Reyes, and Kathy Berg (the "State Defendants"), through counsel and pursuant to District of Utah Local Rule 7-1(b), submit this Reply Memorandum in Support of Motion to Dismiss. Plaintiffs' Complaint should be dismissed with prejudice because the Utah laws in question that prohibit prostitution and brothels do not violate Plaintiffs' constitutional rights. Contrary to Plaintiffs' arguments, the State Defendants are not required to justify the laws in question by "explain[ing] why legalization does not work . . ." or "show[ing] any flaws with Nevada's system . . . ." Plts.' Opp. Mem. p. 15 doc. 25. Rather, "a law

will be sustained if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous." *Romer v. Evans*, 517 U.S. 620, 632 (1996). Whether prohibition or legalization is a better policy in regard to prostitution or brothels is not the question the Court must answer. Instead, the Court must determine whether Plaintiffs have "overcome the presumption of rationality," *Teigen v. Renfrow*, 511 F.3d 1072, 1086 (10th Cir. 2007), by negating "every conceivable basis which might support it . . . ", *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993) (citation omitted). Plaintiffs have argued that legalization is a better policy, but that is not the question before the Court. Plaintiffs have failed to negate the rational bases presented by the State Defendants in their Motion to Dismiss, and other conceivable bases that support prohibiting brothels and prostitution. Accordingly, Plaintiffs' arguments regarding the rational basis of the statutes at issue fail as a matter of law.

Additionally, Plaintiffs have failed to respond at all to the State Defendants' arguments that the relationship between prostitute and client is not protected by the Due Process Clause, that there is no discriminatory purpose toward disabled persons in the statutes at issue, that there is no due process right to earn a living as a prostitute, that there is no associational right between prostitute and client, or that Plaintiffs' claims under the Utah Constitution fail. State Defs.' Mot. to Dismiss pp. 2–5, 8–12 doc. 17. For the reasons stated in the Stated Defendants' Motion to Dismiss and Supporting Memorandum, doc. 17, and because Plaintiffs have failed to negate the rational bases supporting Utah's prohibitions on prostitution and brothels, Plaintiffs' claims should be dismissed with prejudice.

DATED: January 23, 2017.

                                OFFICE OF THE UTAH ATTORNEY GENERAL

                                /s/ Greg Soderberg
                                DAVID N. WOLF
                                GREG SODERBERG
                                Assistant Utah Attorneys General
                                *Counsel for State Defendants*