Russell Greer
689 Vine Street
Murray, Utah 84103
801-616-1067
russmark@gmail.com
Pro Se Litigant

FILED
U.S. DISTRICT COURT
2017 JAN 27  ᴅ 12: 32
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER** and **TRICIA CHRISTIE,**<br><br>Plaintiffs<br><br>v.<br><br>**GARY R. HERBERT**, in his official capacity as Governor of the State of Utah; **SEAN D. REYES**, in his official capacity as Attorney General of the State of Utah; **SIM S. GILL**, in his official capacity as District Attorney of the City and County of Salt Lake; **JACKIE BISKUPSKI**, in her official capacity as Mayor of the City of Salt Lake; **BEN McADAMS,** in his official capacity as Mayor of the County of Salt Lake; **KATHY BERG**, in her official capacity as Director of the Division of Commerce; **JAMES ALLRED**, in his official capacity as Business Licensing Manager for the City of Salt Lake; **ROLEN YOSHINAGA,** in his official capacity as Director of Planning and Development for the County of Salt Lake,<br><br>Defendants | **PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANTS' REPLY MEMORANDUM**<br><br>**AND REQUEST FOR HEARING**<br><br>Case No.: 2:16-cv-01067-DBP<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to *Utah Rules of Civil Procedure 7(b)(1)*, Plaintiff Greer files this Response to Defendant's Reply Memorandum. In regards to all of the defendants' motions: "Threadbare

recitals…supported by mere conclusionary statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In every motion the State defendants have filed, they have only cited skewed research – most of it unrelated to the Utah laws. They have not stated clearly how the Utah laws, themselves, deter prostitution or achieve their designed purposes. In fact, their laws work exactly the opposite of how they were designed. The State's arguments are not grounded in reality. In fact, hundreds of prostitutes post to Utah websites daily (p411.com, theeroticreview.com, eccie.com, backpage.com, craigslist.org) and engage in sex for hire. Therefore, the laws do not reach their purpose to stop prostitution or control it. Furthermore, the laws do not protect those who choose to engage in prostitution, as several prostitutes have told Greer about being gang raped in Utah; being beaten; robbed; intimidated into sex; being stabbed and other horrible atrocities that illegality brings.

As stated in earlier complaints and motions, the State has a duty to protect its citizens – via the fourteenth amendment – and legalizing an act between two consenting adults in a safe, regulated place can be achieved to meet the state interest in protecting its citizens. This was the rationale in *Bedford* with the Canadian Supreme Court arguing that the anti-brothel laws denied prostitutes, and their customers, the right to protection. *Attorney General of Canada v. Bedford* (2013). That is what is in enshrined in the Due Process Clause of the 14th amendment: giving somebody the right to choose how to conduct their private life. And while that right has been ruled to be restricted to certain places, the right has still been given and has encompassed everything from sex to marriage to contraceptives. Plaintiff, as stated in his opposition motion, only hammers on the equal protection clause and the rational basis test because they are his strongest arguments. He isn't required to rebut everything the State disagrees with.

Contrary to what the State believes with their citation of *Romer*, the State cannot "demean or control the destinies" of certain groups. *Lawrence at 577* (Lawrence trumps Romer, as it is a later case). This was upheld again in *Obergefell* with the Court railing against laws that "diminish the personhood" of groups seeking liberty and intimacy. "It is a promise of the Constitution that there is a realm of personal liberty which the government may not enter." *Casey at 847*. The Utah brothel laws are so broad, though written to criminalize everybody, that they criminalize the disabled; criminalize those who have never known love or affection; and they criminalize providers who want to give passion to these people for money. And even if paying somebody isn't "true love", it is sometimes the only thing some people will ever know. *Lawrence* essentially legalized lust. And *The City of Erie v. Pap's A.M.* (2000) upheld that adult entertainment was protected by the constitution. Those both pave the way for brothels. While there is a stigma that surrounds prostitution, that the Honorable Judge Pead may have seen in his previous professions, the Court's duty is to "define the liberty of all, not to mandate [his or the State's] own moral code." *Casey at 850*. If Plaintiff was seeking to strike down all of the laws surrounding prostitution, then maybe his claims would fail under morality and all of the objections the State has listed. But Plaintiff only seeks to legalize brothels which fits into the State's agenda of protecting its citizens and which the rational basis test even fails to outlaw brothels because of their aim to help protect consenting adults and to protect the city and State from disease.

Based on these points, Plaintiff asks the court to allow the case to continue through its scheduling order to allow expert reports and witnesses to back up what Greer is saying. Citations on paper do not fairly determine a summary judgement or a motion to dismiss.     /rgreer/

Russell Greer
1/26/17

3

## CERTIFICATE OF SERVICE:

I certify that on January 26, 2017, a true and correct copy of PLAINTIFF'S OPPOSITION RESPONSE was emailed to the following:

    Greg Soderberg, Assistant Attorney General and Counsel to State Defendants Berg, Herbert & Reyes.
        Gmsoderberg@utah.gov

        Neil Sarin, Counsel for County Defendants Gill, McAdams & Yoshinaga
        Nsarin@slco.org

        Catherine Brabson, Counsel for City Defendants Allred and Biskupski
        Catherine.Brabson@slcgov.com