IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiffs,<br><br>v.<br><br>**GARY R. HERBERT, in his individual capacity as Governor of the State of Utah; SEAN D. REYES, in his official capacity as Attorney General of the State of Utah; SIMS S. GILL, in his official capacity as District Attorney of the City and County of Salt Lake; JACKIE BISKUPSKI, in her official capacity as Mayor of the City of Salt Lake, BEN MCADAMS, in his official capacity as Mayor of the County of Salt Lake, KATHY BERG, in her official capacity as Director of the Division of Commerce; JAMES ALLRED, in his official capacity as Business Licensing Manager for, the City of Salt Lake; ROLEN YOSHINAGA, in his official capacity as Director of Planning and Development of the County of Salt Lake,**<br><br>Defendants. | **RULING & ORDER**<br><br>Case No. 2:16-cv-01067<br><br>Magistrate Judge Dustin Pead |

On October 18, 2016, Plaintiff Russell G. Greer (Plaintiff or Greer) and Tricia Christie (Christie) filed a complaint against Defendants Gary Herbert (Herbert), Sean Reyes (Reyes) and Kathy Berg (Berg) (collectively State Defendants), Defendants Sim Gill (Gill), Ben McAdams (McAdams) and Rolen Yoshinaga (Yoshinaga) (collectively County Defendants), and Defendants Jackie Biskupski (Biskupski) and James Allred (Allred) (collectively City Defendants). In the pleading, Greer and Christie challenge the constitutionality of Utah Code

1

Ann. §§ 76-10-1302, 76-10-1303, 76-10-1304, 76-10-1305 and 47-1-1, asserting enforcement violates due process, equal protection, freedom of speech and freedom of association. (Dkt. No. 1.)

Currently pending is the County Defendants' Motion To Dismiss (Dkt. No. 11, Dkt. No. 21), State Defendants' Motion To Dismiss (Dkt. No. 17) and City Defendants' Motion To Dismiss. (Dkt. No. 18.) All parties have consented to United States Magistrate Judge Dustin B. Pead conducting the proceedings in the case, including entry of final judgment with appeal to the United States Court of Appeals for the Tenth Circuit. (Dkt. No. 24.) *See* 28 U.S.C.§ 636(c); Fed. R. Civ. P. 73.

**FEDERAL RULE 11**

Federal Rule of Civil Procedure 11 requires as follows:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name---or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a). In this case, both the title and the body of the complaint name and include allegations relevant to Greer and Christie. (Dkt. No. 1.) Christie, however, has not signed the complaint or provided an address, email or telephone number as required under Rule 11. *See* Fed. R. Civ. P. 11. Further, although Greer is representing himself *pro se*, he is not an attorney and is therefore unable to represent Christie. *See Perry v. Stout*, 20 F.App'x. 780, 782 (10th Cir. 2001) (a non-attorney cannot represent another *pro se* litigant).

On October 18, 2016, the Clerk's Office contacted Greer regarding Christie's failure to sign the complaint. Greer advised the clerk that he lost contact with Christie and was prepared to proceed without her. (*see* October 18, 2016 "Staff Note".) Additionally, Greer represented to opposing counsel that Christie does not intend to participate in this lawsuit. (Dkt. No. 17, ftn. 4.)

2

In light of above information and consistent with Rule 11, Christie is not a named party to this action. As a result, those paragraphs of the pleading stating factual allegations supporting Christie's claims and causes of action against Defendants are hereby stricken from the complaint.

**STANDING & RIPENESS**

A threshold question to be addressed in every case, is whether a Plaintiff has standing to proceed. The Tenth Circuit has established that "[e]ach plaintiff must have standing to seek each form of relief in each claim." *Bronson v. Swensen,* 500 F.3d 1099, 1106 (10th Cir. 2007). In order to establish standing, the Supreme Court requires a plaintiff to meet the following elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a Legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be "likely" as opposed to merely "speculative," that the injury will be redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (U.S. 1992) (citations omitted).

Additionally, "[i]n order for a claim to be justiciable under Article III it must be shown to be a ripe controversy." *First Unitarian Church of Salt Lake City v. Salt Lake City Corp.,* 146 F. Supp. 2d 1155, 1163 (D. Utah 2001), *rv'd on other grounds*, 308 F.3d 1114, 2002 U.S. App. LEXIS 22081 (10th Cir. 2002). Ripeness involves evaluation of "the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration." *Sierra Club v. Yuetter*, 911 F.2d 1405, 1415 (10th Cir. 1990) (*quoting Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 18 L. Ed 2d 681, 87 S. Ct. 1507 (1967). Relevant to the inquiry, is the finality of the challenged action and consideration of whether "the merits turns upon strictly legal issues or

require facts that may not yet be sufficiently developed." *Initiative & Referendum Inst. v. Walker*, 161 F. Supp. 2d 1307, 1311 (D. Utah 2001.)

Defendants' pending motions to dismiss do not address the issue of Greer's standing to mount constitutional challenges to Utah state statues, or the ripeness of his claims. The court, however, has "an independent obligation" to establish standing at each stage of the litigation. *Summers v. Earth Island Inst.,* 555 U.S. 488, 489, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009). Additionally, ripeness is a "prerequisite to all federal actions, including those for declaratory or injunctive relief, and is sufficiently important that courts are required to raise the issue *sua sponte* even though the parties do not." *Capital Bonding Corp. v. New Jersey Supreme Court,* 127 F. Supp. 2d 582, 597 (D.N.J. 2001); *Petersen v Riverton City,* 2009 U.S. Dist. LEXIS 20593, *1 (D. Utah 2009) (ripeness is a "necessary prerequisite to federal constitutional review").

Accordingly, the court hereby orders the parties to submit supplemental briefing on the issue of: (1) Greer's standing to challenge the constitutionality of Utah Code Ann. §§ 76-10-1302, 76-10-1303, 76-10-1304, 76-10-1305 and 47-1-1; and (2) the ripeness of the claims.[1] *See e.g. Brown v. Herbert,* 850 F. Supp. 2d 1240 (D. Utah Feb. 3, 2012); *see also United States v. Supreme Court*, 839 F.3d 888, 903 (10th Cir. 2016) ("[t]he requirements of standing and constitutional ripeness overlap.").

Plaintiff carries the burden of establishing the elements of standing. *See Mount Evans Co. v. Madigan*, 14 F.3d 1444, 1450 (10th Cir. 1994). As a result, Greer is required to file an initial brief establishing standing and the ripeness of his claims. Thereafter, Defendants (e.g. City Defendants, County Defendants, State Defendants) may file their responses. All parties' briefing must address issues of injury-in-fact, causation and redressability and shall include specific information on how the causes of action apply to each group of Defendants and whether those

---

[1] This inquiry is further necessitated by the removal of Christie as a party and the striking of any allegations or claims raised on her behalf.

"named defendants. . . possess authority to enforce the complained-of-provision." *Bronson v. Swensen,* 500 F.3d 1099, 1110 (10th Cir. 2007).

### FACIAL vs. AS-APPLIED

A party may challenge the constitutionality of a statute by bringing a facial challenge, an as-applied challenge or both. *See Kan. Judicial Review v. Stout*, 519 F.3d 1107, 1118 (10th Cir. 2008). It is important to properly define the type of challenge since "facial and as-applied challenges have different substantive requirements." *Catholic Leadership Coalition of Tex. v. Reisman,* 764 F.3d 409, 426 (5th Cir. 2014). Greer claims his challenges are as- applied, because he only objects to specific "sections" of the Code: § 76-10-1302(1)(b), § 76-10-1303(1)(b), §76-10-1304(1)(a)(iii), §76-10-1305(1)(a)(e) and §47-1-1. (Dkt. No. 25, p. 8.)

A facial challenge is considered a "head-on attack [on a] legislative judgment, an assertion that the challenged statute violations the Constitution in all, or virtually all, of its applications." *United States. v. Pruitt,* 502 F.3d 1154, 1171 (10th Cir. 2007). An as-applied challenge, on the other hand, "concedes that the statute may be constitutional in many of its applications, but contends that it is not so under the particular circumstances of the case." *Id.*

Defendants' motions fail to address the issue of whether Greer raises facial or as- applied challenges, or to set forth the analysis applicable to the type or types of constitutional challenges mounted. Additionally, Defendants have not responded to Greer's claim that he only challenges specific portions of the statutes or to his assertion that "Defendants are confused as to what Plaintiff is challenging." (Dkt. No. 25, p. 7.) Thus, the court seeks additional briefing from Defendants regarding their characterization of Greer's claims as facial challenges, as-applied challenges or otherwise, as well as identification of the specific analysis to be applied thereto. Thereafter, Plaintiff shall have an opportunity to respond.

**ORDER**

As set forth herein, the court requests additional briefing on several issues. Consistent therewith, the Court Orders the following briefing schedule:

<u>Briefing On Plaintiff's Standing And The Ripeness Of The Claims</u>

*Plaintiff's Initial Brief Due: May 5, 2017

*Defendants' Responsive Briefs Due: May 19, 2017

<u>Briefing On Facial vs. As-Applied Challenges</u>

*Defendants' Initial Briefs Due: May 5, 2017

*Plaintiff's Responsive Brief Due: May 19, 2017

**IT IS SO ORDERED.**

DATED: April 21st, 2017.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge