DAVID N. WOLF (6688)
GREG SODERBERG (14016)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@utah.gov
E-mail: gsoderberg@agutah.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER, et al, <br><br> Plaintiff, <br><br> v. <br><br> GARY R. HERBERT, et al, <br><br> Defendants. | **SUPPLEMENTAL MEMORANDUM REGARDING FACIAL AND AS-APPLIED CHALLENGES** <br><br> Case No. 2:16-cv-01067-DBP <br><br> Magistrate Judge Dustin B. Pead |

Governor Herbert, Attorney General Reyes, and Kathy Berg (the "State Defendants"), through counsel and pursuant to this Court's April 21, 2017 Order (doc. 34), submit this Supplemental Memorandum. The Court directed Defendants to address whether Plaintiff raises facial or as-applied challenges, and to set forth the analysis applicable to Plaintiff's challenges. Ruling and Order at 5 doc. 34. Plaintiff's Complaint describes his challenges to Utah statutes which "criminaliz[e] the commercial exchange of consensual, adult sexual activity inside houses of prostitution" as "challeng[ing] the constitutionality of the statutes (on their face and as they may be applied to Plaintiff[]) . . . ." Compl. ¶ 5 doc. 1. Later, in Plaintiff's Memorandum in

Opposition to the State Defendants' Motion to Dismiss, Plaintiff states that "the State Defendants are confused as to what Plaintiff is challenging. To reiterate, the Complaint of Plaintiff clearly challenges [a]s-[a]pplied sections of the statutes of the Utah Code—not all of the statutes which would constitute a facial challenge." Pl.'s Opp. Mem. at 7 doc. 25. To determine the nature of Plaintiff's challenges (whether they are as-applied or facial), the Court should look to the nature of the relief requested, and how the relief would affect individuals or classes of individuals other than Plaintiff.

Plaintiff challenges Utah Code § 76-10-1302(1)(b) (stating that a person is guilty of prostitution when the individual is an inmate of a house of prostitution), § 76-10-1303(1)(b) (stating that a person is guilty of patronizing a prostitute when the person enters or remains in a house of prostitution for the purpose of engaging in sexual activity), § 76-10-1304(1)(a)(iii) (stating that a person is guilty of aiding prostitution if the person leases or otherwise permits a place controlled by the actor, alone or in association with another, to be used for prostitution of the promotion of prostitution), § 76-10-1305(l)(a)(e) (stating that a person is guilty of exploiting prostitution if he procures an inmate for a house of prostitution or owns, controls, or manages, a house of prostitution), and § 47-1-1 (declaring brothels a nuisance that shall be enjoined and abated) (the "Statutes").

Here, Plaintiff's challenges have characteristics of both as-applied and facial challenges. Plaintiff's challenges are facial in nature because Plaintiff attacks the Statutes on legal grounds and contends that they are per se invalid. In this regard, Plaintiff's claims are not specifically applicable to his own circumstances or those of any particular person or business. But Plaintiff's claims also have characteristics of as-applied challenges because they focus on the constitutional

ramifications of the Statutes as they apply to a specific group of which Plaintiff is a member (the physically disabled), and because Plaintiff limits his challenge to specific subparts of the statutes. Accordingly, the Court should follow the three-part analysis set forth by the Tenth Circuit in *United States v. Supreme Court of New Mexico*, 839 F.3d 888 (10th Cir. 2016), which results in applying facial standards to Plaintiff's claims.

## FACTUAL BACKGROUND[1]

Plaintiff filed his Complaint on October 18, 2016 after having been denied a business license to open a brothel in Utah by the Utah Department of Corporations and Commercial Code. Compl. at 4 ¶ 8 doc. 1. Plaintiff seeks "to have a brothel erected in the District of Utah where not just prostitution occurs, but other adult activity that includes escorting, nude dancing, and other activities which are sexual and non-sexual and are currently regulated by the State." *Id.* at ¶ 30. Plaintiff alleges that he has "struggled to find a partner" because of his disability, and therefore must resort to prostitution to engage in sex. *Id.* at 12–13 ¶ 34. Plaintiff alleges that he is "tired of doing things illegally" and seeks to "make prostitution legal so that everybody could have access to intimacy." *Id.* at ¶ 50. Plaintiff acknowledges that he has engaged in illegal conduct and fears that he may be prosecuted. *Id.* at ¶ 61. Plaintiff's Complaint raises five claims for relief. *Id.* at 23–36.

## PLAINTIFF'S CLAIMS FOR RELIEF

Plaintiff's first claim for relief alleges that "[a]s [a]pplied section of Title 76, Chapter 10, Sections 1302–1308, concerning houses of prostitution, and [a]s [a]pplied section of Title 47, Chapter 1, concerning brothels being nuisances, violate the right to substantive due process . . .

---

[1] For purposes of this memorandum, the relevant facts alleged in Plaintiff's complaint are accepted as true.

as would be applied to Plaintiffs, impinge upon the fundamental liberty interests in one's own private sexual conduct . . . ." *Id.* at ¶ 92.

Plaintiff's second claim contends that he has been denied equal protection of the law, because he does not have the same access to sex as people with no disabilities. *Id.* at 27–31. Plaintiff argues that the Statutes have a discriminatory effect on him, because as a disabled man, the only way he can engage in sex is to pay for it, whereas people with no disabilities have greater access to sex. *Id.* at ¶ 104. Plaintiff's second cause of action also includes a claim for denial of equal protection for those who choose to work in prostitution. *Id.* at 31. However, such a claim is related to Ms. Christie.  The Court struck all "allegations supporting Christie's claims and causes of action against Defendants . . . from the complaint." Ruling and Order at 3 doc. 34.

Plaintiff's third cause of action is a claim based on a due process right to earn a living, on behalf of Tricia Christie. *Id.* at 33. Pursuant to Fed. R. Civ. P. 11, the Court struck all claims related to Ms. Christie from the Complaint, based on her lack of participation in the proceedings. Ruling and Order at 3 doc. 34.

Plaintiff's fourth cause of action is a claim for denial of the freedom of association. Compl. at 34–35 doc. 1. Plaintiff states that "[t]he [a]s [a]pplied brothel laws of Utah . . . severely infringe on the rights to freedom of association of many persons in the State of Utah, including Plaintiffs herein." *Id.* at ¶ 119. Plaintiff also states that by enforcing the Statutes, the District Attorney and Attorney General "are depriving and will continue to deprive Plaintiffs of rights secured by the First Amendment . . . ." *Id.* at ¶ 120.

4

Plaintiff's fifth cause of action references the Utah Constitution, and states generally that the Statutes violate the Utah Constitution in the same way as they violate the United States Constitution. *Id.* at ¶ 123.

Plaintiff's claims consistently refer to the Statutes as "the as applied brothel laws of Utah" but also reference the laws' impact on "many persons in Utah". *See e.g.*, Compl. at 34–35. In the Prayer for Relief, the Complaint asks the Court to declare that the "[a]s [a]pplied brothel laws of Utah . . . are unconstitutional" and asks for injunctive relief so that Plaintiff may obtain a business registration to operate a brothel in the State of Utah. *Id.* at 37.

In Plaintiff's Memorandum in Opposition to the State Defendants' Motion to Dismiss, Plaintiff again characterizes the issues in this case as "whether the [a]s-[a]pplied challenged laws are constitutional or not . . . ." Pl.'s Opp. Mem. at 7 doc. 25. And, as pointed out by the Court, doc. 34 at 5, Plaintiff states that "the State Defendants are confused as to what Plaintiff is challenging. To reiterate, the Complaint of Plaintiff clearly challenges [a]s-[a]pplied sections of the statutes of the Utah Code—not all of the statutes which would constitute a facial challenge." Doc. 25 at 7. Accordingly, Plaintiff's Opposition Memorandum states clearly that Plaintiff seeks to assert an as-applied challenge, not a facial challenge.

However, as noted above, Plaintiff's challenges share characteristics of each because 1) the relief he seeks would affect other individuals or classes of individuals, 2) Plaintiff only challenges certain subparts of the laws, and 3) one of Plaintiff's challenges relates only to the Statutes' impact on the physically disabled. Accordingly, the Court should look to "whether the claim and the relief therein extend beyond the plaintiffs' particular circumstances . . . [and] if the claim and relief do so, facial standards are applied but only to the universe of applications

5

contemplated by plaintiff[']s claim[s], not to all conceivable applications contemplated by the challenged provision." *United States v. Supreme Court of New Mexico*, 839 F.3d 888, 914 (10th Cir. 2016).

FACIAL AND AS-APPLIED CHALLENGES GENERALLY

The Supreme Court has recognized that "the distinction between facial and as-applied challenges is not so well defined that it has some automatic effect or that it must always control the pleadings and disposition in every case involving a constitutional challenge." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010); *see also John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010) (noting as to the parties's disagreement regarding whether the claim at issue "is properly viewed as a facial or as-applied challenge," that "[t]he label is not what matters"); *Ctr. for Indiv. Freedom v. Madigan*, 697 F.3d 464, 475 (7th Cir. 2012) ("[F]acial challenges and as-applied challenges can overlap conceptually."); Richard H. Fallon, Jr., As–Applied and Facial Challenges and Third–Party Standing, 113 Harv. L. Rev. 1321, 1336 (2000) ("Facial challenges are not sharply categorically distinct from as-applied challenges to the validity of statutes."). "In other words, 'facial' and 'as-applied' are not necessarily antipodal rubrics." *Supreme Court of New Mexico*, 839 F.3d at 908.

In *Supreme Court of New Mexico*, the Tenth Circuit affirmed a district court decision that a rule prohibiting a federal prosecutor from subpoenaing a lawyer to present evidence about a past or present client in a grand-jury or other criminal proceeding (with some exceptions) violated the Supremacy Clause. 839 F.3d at 893. The district court concluded that the rule was preempted with respect to federal prosecutors practicing before grand juries, but was not preempted outside of the grand jury context. *Id.* The Tenth Circuit agreed and affirmed. *Id.*

6

In analyzing whether the United States' challenge was facial or as-applied, the Tenth Circuit concluded that the challenge had characteristics of both facial and as-applied challenges. *Id.* at 908. The challenge was facial in nature "because it attack[ed] [the rule's provisions] on purely legal grounds . . . and contend[ed] that they [were] per se invalid. In this regard, the claim d[id] not relate to the circumstances of any particular attorney subpoena or any particular trial or grand-jury investigation." *Id.* But the challenge also had "characteristics of an as-applied challenge because it focuse[d] solely on the constitutional ramifications of [the rule's provisions] as they appl[ied] to a specific, narrowly defined group—federal prosecutors licensed in New Mexico . . . ." *Id.* Regarding the relief requested, the Tenth Circuit concluded that Plaintiff did "not seek a determination that the rule [was] invalid as applied to any other category of prosecutors (e.g. state or local prosecutors), and thus not all applications of the challenged provisions [were] encompassed by the claim." *Id.*

The Tenth Circuit "offer[ed] three key lessons" to consider in determining the appropriate standard to apply when a challenge shares characteristics of facial and as-applied challenges. *Id.* at 914. First, "the labels the parties attach to claims are not determinative . . . ." *Id.* Second, "in determining whether to apply facial standards to the claim, importantly, the court must focus on whether the claim and the relief therein extend beyond the plaintiffs' particular circumstances . . . ." *Id.* Third, "if the claim and relief do so, facial standards are applied but only to the universe of applications contemplated by plaintiffs' claim, not to all conceivable applications contemplated by the challenged provision." *Id.*

The nature of the facial standard to be applied "does not attempt to assay the constitutional validity of all or virtually all of the applications of the challenged provision.

7

Instead, it focuses on only the constitutional validity of the subset of applications targeted by the plaintiffs' substantive claim." *Id.* at 915.

The Tenth Circuit in *Supreme Court of New Mexico* concluded that "facial standards should be applied to the United States's preemption claim but only to the extent that the challenged provisions of [the rule] impact federal prosecutors licensed in New Mexico and their attorney-subpoena practices." *Id.* at 916. The court's rationale was based, in part, on the observation that "the United States's claim and its desired relief clearly extend beyond the particular circumstances of any particular federal prosecutor issuing an attorney subpoena." *Id.* Accordingly, the court applied typical facial challenge analysis, that "is best understood as 'a challenge to the terms of the statute, not hypothetical applications' and is resolved 'simply by applying the relevant constitutional test to the challenged statute without attempting to conjure up whether or not there is a hypothetical situation in which application of the statute might be valid.'" *Id.* at 917 (quoting *Doe v. City of Albuquerque*, 667 F.3d 1111, 1127, 24 (10th Cir. 2012)).

Thus, as applied to the case at bar, the Court should apply the Tenth Circuit's three-part analysis to each of Plaintiff's claims to determine the nature of Plaintiff's claims and the appropriate standard.

## SPECIFIC ANALYSIS TO PLAINTIFF'S CLAIMS

As stated above, four of Plaintiff's claims remain: (1) a substantive due process claim regarding an alleged liberty interest in paying for private sexual conduct; (2) an equal protection claim regarding whether criminalizing prostitution creates a disparate impact on people with physical disabilities; (3) whether "prohibiting the commercial exchange of private sexual activity

unconstitutionally infringes on freedom of association protected by the first amendment; and (4) Utah constitutional claims mirroring Plaintiff's federal claims, including a claim that the Statutes violate the Free Market Clause of the Utah Constitution found in Art. 12, Sec. 20.

### 1. Plaintiff's Substantive Due Process Claim is Analyzed Under a Facial Standard.

Plaintiff argues that the Statutes prohibiting houses of prostitution "as would be applied to Plaintiff[], impinge[] upon the fundamental liberty interests in one's own private sexual conduct recognized by various courts throughout the United States." Compl. ¶ 92 doc. 1. An order from this Court that the Statutes prohibiting prostitution violate Plaintiff's substantive due process right to private sexual conduct would extend far beyond Plaintiff. Plaintiff asks the Court to recognize a substantive due process right "of adults to engage in consensual, private sexual activity (even for compensation)," relief that would affect the application of the law to everyone in Utah. *Supreme Court of New Mexico*, 839 F.3d at 914. Accordingly, Plaintiff's challenge should be characterized as a facial challenge. *Id.* But Plaintiff's challenge also shares characteristics of an as-applied challenge because it is aimed at subparts of Utah law that are specific to houses of prostitution. Accordingly, the Court need only analyze "the universe of applications contemplated by plaintiffs' claim . . . ." *Id.* As argued by the State Defendants in their Motion to Dismiss, the applicable constitutional test for Plaintiff's substantive due process claim is whether the Statutes criminalizing prostitution are supported by a rational basis. Mot. Dismiss at 1–7 (doc. 17).

### 2. Plaintiff's Equal Protection Claim is Analyzed Under a Facial Standard.

Plaintiff's second claim for relief is that the Challenged Statutes prohibiting prostitution violate the Equal Protection Clause because they have a disparate impact on physically disabled

9

individuals. Compl. at 27–28 doc. 1. Plaintiff "has a physical disability termed 'Mobius Syndrome.'" *Id.* at ¶ 102. But Plaintiff's challenge is not as-applied in nature. Plaintiff does not allege that his business license was denied because of his physical disability, only that the Statutes have a disparate and unconstitutional impact on him and others with physical disabilities. *Id.* at 28–31. The requested relief would necessarily affect the Statutes' application to a class of people: the physically disabled. Accordingly, Plaintiff's challenge shares aspects of facial and as-applied challenges, and therefore "facial standards are applied but only to the universe of applications contemplated by plaintiff[']s claim, not to all conceivable applications contemplated by the challenged provision." *Supreme Court of New Mexico*, 839 F.3d at 914. The Court should apply the applicable constitutional standard to facial disparate impact equal protection challenges: whether laws have a disproportional effect and whether that impact can be traced to a discriminatory purpose. Mot. Dismiss at 8–9 doc. 17.

### 3. Plaintiff's Free Association Claim is Analyzed Under a Facial Standard.

Plaintiff's Freedom of Association claim asks the Court to conclude that the First Amendment protects "the commercial exchange of private sexual activity . . . ." Compl. at ¶ 119 doc. 1. As Plaintiff recognizes in his Complaint, such relief would apply to "many persons in the State of Utah, including Plaintiffs . . . ." *Id.* Accordingly, Plaintiff's challenge is facial in nature, and should be analyzed under the applicable constitutional standard. As set forth in State Defendants Motion to Dismiss, Plaintiff's claim fails the first step of the constitutional analysis as a matter of law because association for the purpose of sex is not protected by the First Amendment. *See* doc. 17 at 10.

### 4. Plaintiff's Utah Constitutional Claims Are Analyzed Under Facial Standards.

If the Court reaches the merits of Plaintiff's Utah constitutional claims, the Court should conclude that the relief requested would be applicable to other individuals, and therefore apply facial review to the Statutes under the Utah Constitution. The applicable facial constitutional analysis is set forth in the State Defendants' Motion to Dismiss. See *id.* at 11–12.

## CONCLUSION

Plaintiff's challenges to the Challenged Statutes share characteristics of facial and as-applied challenges. The relief requested by Plaintiff would necessarily apply to individuals and classes of individuals beyond Plaintiff. Accordingly, Plaintiff's claims should be analyzed under facial standards. However, because Plaintiff has argued that his challenges relate to people with physical disabilities or apply only as to subparts of Utah statutes, the Court need only consider those applications of the Challenged Statutes. The State Defendants respectfully ask the Court to conclude that the Challenged Statutes are facially valid and dismiss Plaintiff's Complaint with prejudice and without leave to amend.

DATED: May 5, 2017.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ Greg Soderberg
DAVID N. WOLF
GREG SODERBERG
Assistant Utah Attorneys General
*Counsel for State Defendants*