DAVID N. WOLF (6688)
GREG SODERBERG (14016)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@utah.gov
E-mail: gsoderberg@agutah.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GARY R. HERBERT, et al.,<br><br>Defendants. | **RESPONSIVE SUPPLEMENTAL MEMORANDUM REGARDING STANDING AND RIPENESS**<br><br>Case No. 2:16-cv-01067-DBP<br><br>Magistrate Judge Dustin B. Pead |

Governor Herbert, Attorney General Reyes, and Kathy Berg (the "State Defendants"), through counsel and pursuant to this Court's April 21, 2017 Order, doc. 34, submit this Supplemental Memorandum. The Court's Order directed Defendants to file a responsive memorandum regarding Plaintiff's standing and whether Plaintiff's claims are ripe. Doc. 34 at 6. Plaintiff filed his Supplemental Memorandum on May 5, 2017. Doc. 35. As set forth more fully below, the State Defendants do not dispute that Plaintiff Russell Greer has standing to bring his claims, and that his claims are ripe.

FACTUAL BACKGROUND[1]

Plaintiff filed his Complaint on October 18, 2016 after having been first issued a business registration[2] to open a brothel in Utah by the Utah Department of Corporations and Commercial Code, then having that registration revoked. Compl. at 4 ¶ 8 doc. 1. Plaintiff seeks "to have a brothel erected in the District of Utah where not just prostitution occurs, but other adult activity that includes escorting, nude dancing, and other activities which are sexual and non-sexual and are currently regulated by the State." *Id.* at ¶ 30. Plaintiff alleges that he has "struggled to find a partner" because of his disability, and therefore must resort to prostitution to engage in sex. *Id.* at 12–13 ¶ 34. Plaintiff alleges that he is "tired of doing things illegally" and seeks to "make prostitution legal so that everybody could have access to intimacy." *Id.* at ¶ 50. Plaintiff acknowledges that he has engaged in illegal conduct and fears that he may be prosecuted. *Id.* at ¶ 61. Plaintiff's Complaint raises five claims for relief. *Id.* at 23–36.

PLAINTIFF'S CLAIMS FOR RELIEF

Plaintiff's first claim for relief alleges that "[a]s [a]pplied section of Title 76, Chapter 10, Sections 1302–1308, concerning houses of prostitution, and [a]s [a]pplied section of Title 47, Chapter 1, concerning brothels being nuisances, violate the right to substantive due process . . . as would be applied to Plaintiffs, impinge upon the fundamental liberty interests in one's own private sexual conduct . . . ." *Id.* at ¶ 92.

---

[1] For purposes of this memorandum, the relevant facts alleged in Plaintiff's Complaint are accepted as true.

[2] Plaintiff was issued a business registration from the Division of Corporations and Commercial Code, not a business license. Plaintiff's DBA registration is attached as Exhibit 1. *See Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253–54 (10th Cir. 2005) ("We have recognized however, that a document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute.")

Plaintiff's second claim contends that he has been denied equal protection of the law, because he does not have the same access to sex as people with no disabilities. *Id.* at 27–31. Plaintiff argues that the Statutes have a discriminatory effect on him, because as a disabled man, the only way he can engage in sex is to pay for it, whereas people with no disabilities have greater access to sex. *Id.* at ¶ 104. Plaintiff's second cause of action also includes a claim for denial of equal protection for those who choose to work in prostitution. *Id.* at 31. However, such a claim is related to Ms. Christie. The Court struck all "allegations supporting Christie's claims and causes of action against Defendants . . . from the complaint." Ruling and Order at 3 doc. 34.

Plaintiff's third cause of action is a claim based on a due process right to earn a living, on behalf of Tricia Christie. *Id.* at 33. Pursuant to Fed. R. Civ. P. 11, the Court struck all claims related to Ms. Christie from the Complaint based on her lack of participation in the proceedings. Ruling and Order at 3 doc. 34.

Plaintiff's fourth cause of action is a claim for denial of the freedom of association. Compl. at 34–35 doc. 1. Plaintiff states that "[t]he [a]s [a]pplied brothel laws of Utah . . . severely infringe on the rights to freedom of association of many persons in the State of Utah, including Plaintiffs herein." *Id.* at ¶ 119. Plaintiff also states that by enforcing the Statutes, the District Attorney and Attorney General "are depriving and will continue to deprive Plaintiffs of rights secured by the First Amendment . . . ." *Id.* at ¶ 120.

Plaintiff's fifth cause of action references the Utah Constitution, and states generally that the Statutes violate the Utah Constitution in the same way as they violate the United States Constitution. *Id.* at ¶ 123.

STANDING

Standing consists of three elements: (1) the plaintiff must have suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* At the pleading stage, the plaintiff "must clearly . . . allege facts demonstrating each element." *Id.* (citation and quotation marks omitted). "An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016), *cert. denied*, 137 S. Ct. 828 (2017).

Regarding licenses or business registrations, the Tenth Circuit concluded, in the context of marriage licenses, that plaintiffs possessed standing after being denied licenses because, in part, the plaintiffs "identified several harms that flow[ed] from th[at] denial . . . ." *Kitchen v. Herbert*, 755 F.3d 1193, 1201 (10th Cir. 2014).

Regarding pre-enforcement challenges, "[w]hen a plaintiff alleges injury arising from the potential future enforcement of a criminal statute, an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law." *Id.* (citation and quotation marks omitted). "Instead, a plaintiff satisfies the injury-in-fact requirement where he alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Id.* (citation and quotation marks omitted).

When a plaintiff sues public officials, a plaintiff can satisfy the causation and redressability requirements of standing by demonstrating "a meaningful nexus" between the defendant and the asserted injury." *Kitchen*, 755 F.3d at 1201 (citation omitted). Causation requires the defendants "to possess statutory authority to enforce the complained-of provision, and the redressability prong is not met when a plaintiff seeks relief against a defendant with no power to enforce a challenged statute." *Id.* (citations omitted).

*Plaintiff Has Alleged An Injury In Fact*

Mr. Greer has alleged an injury in fact because he was denied a business registration by the Division of Corporations and Commercial Code, and because he has engaged in a course of conduct arguably affected with a constitutional interest, but proscribed by statutes, and there exists a credible threat of prosecution.[3] Mr. Greer attempted to take the first step in registering, licensing, and starting his business by filing for a business registration with the Division of Corporations and Commercial Code. Accordingly, Mr. Greer has standing to challenge Utah's prohibitions against prostitution and brothels. Like the plaintiffs in *Kitchen*, Mr. Greer has "identified several harms that flow[ed] from th[at] denial . . . ." 755 F.3d at 1201. Mr. Greer also has standing to challenge Utah's prostitution and brothel laws because he fears prosecution for soliciting prostitutes. *See* doc. 35 at 7. Mr. Greer has stated repeatedly that he has paid for sex in the past, and that he will continue to do so. *See, e.g.*, Pl.'s Supp. Mem. Standing at 7 doc. 35 (stating that "Greer does plan on paying illegally for a prostitute should he lose this case").

---

[3] Arguments made herein apply only to the State Defendants. Mr. Greer likely lacks standing for his claims against County and City Defendants, because he has not been injured by them, and his alleged injuries are not traceable or redressable by them.

5

Accordingly, being denied a business registration and fearing prosecution are sufficient to demonstrate that Plaintiff has suffered an injury in fact.

*Plaintiff's Alleged Injury Is Traceable To And Redressable By The State Defendants*

Plaintiff has sued Governor Herbert, Attorney General Reyes, and Kathy Berg, among other Salt Lake City and Salt Lake County officials. Compl. at 4–6 doc. 1. Plaintiff argues that he has been harmed by his denial of a business registration to open a brothel, *id.* at 4, and argues that he fears prosecution by State or County attorneys for violating Utah's prostitution and brothel laws, *id.* at 17. Because Governor Herbert and Attorney General Reyes are responsible for promulgating and enforcing Utah law, and because Ms. Berg administers Utah law related to obtaining business registrations, Mr. Greer's alleged injuries are properly traceable to and redressable by the State Defendants. Accordingly, the State Defendants agree that Plaintiff Russell Greer has standing to sue the State Defendants for his alleged injuries and claims based on Utah's prostitution and brothel laws.

## RIPENESS

For a claim to be justiciable under Article III, it must be shown to be a ripe controversy, meaning that "the issue arises in a specific dispute having real-world consequences." *Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG*, 762 F.3d 1016, 1029 (10th Cir. 2014) (citation omitted). "The ripeness doctrine aims to prevent courts from entangling themselves in abstract disagreements by avoiding premature adjudication." *Id.* (citation omitted).

Two factors determine ripeness: the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (citation omitted). "In determining whether an

issue is fit for judicial review, the central focus is on whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (citation and quotation marks omitted). In other words, courts focus on whether a challenged government action is final, whether a determination turns upon strictly legal issues, or whether further facts must be developed. *Id.* The second factor is assessed by determining whether the challenged action creates a direct and immediate dilemma for the parties. *Id.*

First, Plaintiff's claims are ripe because the government action here is final and the determination of Plaintiff's claims turns on legal issues.[4] Plaintiff's request for a business registration was denied by the Division of Corporations and Commercial Code. That denial is final and not appealable or reviewable. The requirements of Utah Code Ann. § 16-10a-126, allowing an appeal to the district court if the Division of Corporations and Commercial Code denies a filing related to the formation or amendment of corporations, does not apply here because Mr. Greer's filing was for a DBA business registration under Utah Code Ann. § 42-2-5.

Additionally, Plaintiff's claims turn on legal issues and does not require that facts be developed. Mr. Greer is not required to actually begin operating a brothel before challenging Utah's brothel and prostitution laws. Mr. Greer attempted to take the first step in the process, but was prevented from doing so. And Mr. Greer has specifically set forth his business plan for operating a brothel in Salt Lake City. Compl. at 18–23 doc. 1. Accordingly, Plaintiff's claims turn on legal issues.

---

[4] Arguments made herein apply only to the State Defendants. Mr. Greer's claims against the City and County Defendants are likely not ripe, because Mr. Greer never sought a license for his business from the City or County.

Finally, the denial of a business registration creates a direct and immediate dilemma for Mr. Greer. He has demonstrated his intent to start a brothel in Salt Lake City, and would like to do so immediately. *Id.* The denial of a business registration directly and immediately halted Mr. Greer's intentions to start a brothel. Accordingly, the State Defendants agree that Mr. Greer's claims are ripe for adjudication.

## CONCLUSION

Plaintiff Russell Greer has standing to challenge Utah's prostitution and brothel laws because he was denied a business registration, and because the threat that he will be prosecuted is credible. Plaintiff's claims are ripe for adjudication because they turn on legal questions, the government action is final, and no other facts need to be developed. The State Defendants do not dispute that Plaintiff has standing and his claims are ripe. Notwithstanding, the State Defendants ask the Court to grant their Motion to Dismiss and dismiss Plaintiff's claims with prejudice.

DATED: May 19, 2017.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ Greg Soderberg
DAVID N. WOLF
GREG SODERBERG
Assistant Utah Attorneys General
*Counsel for State Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of May, 2017 a true and correct copy of the foregoing **RESPONSIVE SUPPLEMENTAL MEMORANDUM REGARDING STANDING AND RIPENESS** was electronically filed using the CM/ECF system and e-mailed to the following:

Jennifer Bailey
Neil R. Sarin
SALT LAKE COUNTY DISTRICT ATTORNEY'S OFFICE
Email: jenbailey@slco.gov
Email: nsarin@slco.org
*Attorney for Defendants Sim S. Gill, Ben McAdams, and Rolen Yoshinaga*

Catherine L. Brabson
SALT LAKE CITY CORPORATION
Email: Catherine.Brabson@slcgov.com
*Attorney for Defendants Jackie Biskupski and James Allred*

was sent via e-mail and first class mail, postage prepaid, to the following:

Russell Greer
1450 South West Temple, Apt D206
Salt Lake City, Utah 84115
Email: russmark@gmail.com
*Pro Se*