Russell Greer
1450 South West Temple
Apt D206
Salt Lake City, Utah 84115
949-397-7312
russmark@gmail.com
Pro Se Litigant

FILED
U.S. DISTRICT COURT

2017 MAY 19 P 12: 31

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL G. GREER, <br><br>　　　　Plaintiff, <br><br>v. <br><br>GARY R. HERBERT, in his official capacity as Governor of the State of Utah; SEAN D. REYES, in his official capacity as Attorney General of the State of Utah; SIM S. GILL, in his official capacity as District Attorney of the City and County of Salt Lake; JACKIE BISKUPSKI, in her official capacity as Mayor of the City of Salt Lake; BEN McADAMS, in his official capacity as Mayor of the County of Salt Lake; KATHY BERG, in her official capacity as Director of the Division of Commerce; JAMES ALLRED, in his official capacity as Business Licensing Manager for the City of Salt Lake; ROLEN YOSHINAGA, in his official capacity as Director of Planning and Development for the County of Salt Lake, <br><br>　　　　Defendants | PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING FACIAL AND AS-APPLIED CHALLENGES <br><br>Case No.: 2:16-cv-01067-DBP <br><br>Magistrate Judge Dustin B. Pead |

　　　　Pursuant to the Honorable Judge Pead's Order requesting a response to Defendant's Supplemental Memorandum, Plaintiff submits this Response:

1

I.  **INTRODUCTION**

Plaintiff Greer vehemently disagrees with the Defendants' Memorandum. The Defendants purposely twisted and misconstrued Plaintiff's challenge. Furthermore, Defendants proved that they are again confused to Greer's clear complaint. Greer believes that this confusion is deliberate, as Soderberg, Counsel for State Defendants, has refused to listen to Greer and wants to dismiss this very personal Complaint to Plaintiff Greer. Greer emailed Soderberg, requesting a meeting to clarify what he was arguing and to reach a compromise, and Soderberg refused. Greer argues herein that his claims are solely As-Applied, contrary to Soderberg's Memorandum that straddled Greer's claims as As-Applied and Facial. In fact, Greer's Complaint and argument is very simple and narrowly tailored.

II.  **ARGUMENT**

Greer is a visual learner and would like to use a visual argument to clarify Greer's constitutional challenge. The Court may be familiar with the board game *Jenga*. To reiterate, *Jenga* is a game where you have a wood block tower and must pull out its lower blocks and build onto the tower. If the player pulls out the wrong block, the tower collapses. But if the player pulls out an even number of blocks, the tower will stay standing. In comparison to the present case, Greer isn't seeking to "knock over the tower" which the tower can be seen as the state laws and the tower falling over being seen as a facial challenge. Greer only seeks to "pull a few blocks"; he only seeks to have an As-Applied challenge by striking down the parts about brothels, as that is what he is trying to open. Facially, the rest of the statute would still stand in regards to its other applications such as loitering in public places, prostitution occurring outside of brothels, etc. "Traditional thinking has long held that the normal if not exclusive mode of

2

constitutional adjudication involves an as-applied challenge . . . ." Ayotte v. Planned Parenthood of N. New England, 546 U.S. 320, 328–30 (2006)

For the State to characterize Greer's challenge as being applied solely to the physically disabled, is false and completely misses the point of Plaintiff's challenge. Greer challenged the laws in part because he belongs to a class of persons, yes, and that the laws have a discriminatory effect, but he narrowed his challenge to just apply to brothels because of the harm suffered and for what started this entire cause of action. Therefore, it is an As-Applied challenge because it is seeking to strike part of the law applying to just brothels. (See Plaintiff's Standing/Ripeness Claims filed 5/5/2017). For an example to be understood, Nevada's laws are tailored as for what Greer is arguing for in Utah: facially, the laws disallow prostitution, but there is a caveat that creates an exception for legalized brothels: *NRS 201.354*. The statute reads:

"1. It is unlawful for any person to engage in prostitution or solicitation therefor, *except* in a licensed house of prostitution."

As can be read from that statute, the caveat only applies to "licensed houses of prostitution". Greer's rightful cause of action is seeking to strike down the brothel laws of Utah and have the laws be amended to be read like Nevada's, as shown above, to allow him to open up the brothel he wanted to open up.

*Gonzalez v. Carhart* (2007) stated that As-Applied challenges were more acceptable than facial challenges in challenging abortion laws. The Supreme Court in that case stated that, "in an as-applied challenge, the nature of the medical risk can be better quantified and balanced than in a facial attack." *Id at 1639*. Since Greer's arguments hinge and rely on the right to privacy, as laid out by *Roe, Gonzalez* is mandatory law that is to be followed. The Utah brothel laws are found in the *Public Health, Saftety, Welfare and Morals* section. As specified by *Gonzalez,* an

3

As-Applied challenge can brought to show a quantified health risk and the laws can be struck down based on that risk. As a potential business owner, Greer has shown in detailed writing the risks he faces by not being able to open up a brothel and the narrowed group of people he wishes to protect: customers and working girls.

### III.   Conclusion

Greer has successfully countered the Defendants' incorrect supplemental brief. Greer has stated factually and with law how he has standing to overcome the motions to dismiss lodged against him. He also stated how he has standing to challenge the laws. It is asked that the case continues on with its scheduling order. It is also requested that a Hearing is held on the matter.

/rgreer/

05/19/2017

## CERTIFICATE OF SERVICE:

I certify that on May 19, 2017, a true and correct copy of PLAINTIFF'S RESPONSE to DEFENDANTS' MEMORANDUM REGARDING AS-APPLIED and FACIAL CHALLENGES was emailed to the following:

Greg Soderberg, Assistant Attorney General and Counsel to State Defendants Berg, Herbert & Reyes.
  Gmsoderberg@utah.gov

Neil Sarin, Counsel for County Defendants Gill, McAdams & Yoshinaga
  Nsarin@slco.org

Catherine Brabson, Counsel for City Defendants Allred and Biskupski
  Catherine.Brabson@slcgov.com