Sim Gill (USB# 6389)
DISTRICT ATTORNEY FOR SALT LAKE COUNTY
Neil R. Sarin (USB# 9248) nsarin@slco.org
Jennifer Bailey (USB# 14121) jenbailey@slco.org
Deputy District Attorneys
Salt Lake County District Attorney's Office
2001 South State Street, Room S3-600
Salt Lake City, Utah 84190
Telephone: 385.468.7700
Facsimile: 385.468.7800
*Attorneys for Defendants Sim Gill, Ben McAdams and Rolen Yoshinaga*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| Russell G. Greer, | Case No. 2:16-cv-01067 |
|---|---|
| Plaintiff, | SALT LAKE COUNTY DEFENDANTS' SUPPLEMENTAL MEMORANDUM RE: PLAINTIFF'S STANDING AND RIPENESS |
| v. | |
| Gary R. Herbert, et al. | |
| Defendants. | Magistrate Judge:  Dustin B. Pead |

Defendants Rolen Yoshinaga, Ben McAdams and Sim Gill, by and through their undersigned counsel, and pursuant to Magistrate Judge Dustin B. Pead's April 21, 2017 Ruling & Order (Doc. No. 34) ("Order"), submit this supplemental memorandum in response to Plaintiff Russell Greer's supplemental brief filed on May 5, 2017 regarding his standing and the ripeness of the claims (Doc. No. 35) ("Plaintiff's Brief").

## INTRODUCTION

Plaintiff commenced this action to challenge the constitutionality of Utah Code Ann. §§ 76-10-1302, 76-10-1303, 76-10-1304, 76-10-1305 and 47-1-1; and asserts that enforcement violates his rights of due process, equal protection, freedom of speech, and freedom of association. (Doc. No. 1.). In his Complaint, Plaintiff asserts claims against multiple governmental entities and actors, including Rolen Yoshinaga, the Director of Salt Lake County Planning and Development Services ("Mr. Yoshinaga"); Ben McAdams, the Mayor of Salt Lake County ("Mayor McAdams"); and Sim Gill, the District Attorney for Salt Lake County ("Mr. Gill") (collectively, "County Defendants"). On December 28, 2016, the County Defendants moved to dismiss Plaintiff's Complaint.[1] *See* County Defendants' Motion to Dismiss (Doc. No. 18) ("County Defendants' Motion"). On April 21, 2017, Magistrate Judge Pead requested additional briefing on Plaintiff's standing and the ripeness of the claims.[2] Order at 4-5 (Doc. No. 34) ("All parties' briefing must address issues of injury in fact, causation and redressability and shall include specific information on how the causes of action apply to each group of Defendants and whether those named defendants…possess authority to enforce the complained-of-provision.").

---

[1] The County Defendants move to dismiss the claims on numerous grounds, including by adoption of the arguments raised in the motion to dismiss filed by the State Defendants and the City Defendants concerning the constitutionality of Utah's laws criminalizing prostitution.

[2] In addition, Magistrate Judge Pead dismissed Tricia Christie as a Plaintiff.

## ARGUMENT

### A. PLAINTIFF DOES NOT HAVE STANDING TO PURSUE CLAIMS AGAINST MAYOR MCADAMS OR MR. YOSHINAGA.

Neither Mayor McAdams nor Mr. Yoshinaga are alleged to have actually caused any injury to Plaintiff. As such, Plaintiff does not have standing to pursue claims against Mayor McAdams or Mr. Yoshinaga. In order for this Court to exercise jurisdiction over this claim, Plaintiff "must allege and (ultimately prove) that [he] ha[s] suffered an 'injury in fact,' that the injury is fairly traceable to the challenged action of the [County] Defendants, and that it is redressable by a favorable decision." *Initiative & Referendum Inst. v. Walker* 450 F.2d 1082, 1087-1088 (10th Cir, 2006) quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To establish traceability, "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. *Id.* (citations omitted).

Plaintiff lacks standing as to Mr. Yoshinaga because he fails to assert that Mr. Yoshinaga took any action which caused him injury. *See generally* Complaint (Doc. No. 1). For example, Plaintiff does not allege that he ever attempted to apply for a business license with Salt Lake County ("County"), that any business license application was denied, or that he made any effort to locate his business in unincorporated areas of the County. *Id.* Rather, Plaintiff's official capacity claims against Mr. Yoshinaga are based on him being responsible for overseeing business licensing in the County, and that as such, Mr. Yoshinaga is "compelled to not issue business licenses for those businesses deemed 'illegal.'" *See* Complaint at ¶ 33. While Plaintiff

3

claims the State's denial of his business registration caused him injury,[3] there is no allegation that any action by Mr. Yoshinaga caused him injury.  As such, Plaintiff fails to establish traceability and does not have standing to bring his claims against Mr. Yoshinaga.

Plaintiff has similarly failed to establish that he has standing to assert claims against Mayor McAdams.  Plaintiff's claims against Mayor McAdams are based on his position that as Mayor, an elected official, he exercises executive and administrative powers of the municipalities of the County.  Complaint at ¶ 14.  However, Plaintiff does not allege that Mayor McAdams engaged in action which caused him injury.  Again, Plaintiff does not allege that he attempted to apply for a business license with the County, that any business license application was denied, or that he made any effort to locate his business in unincorporated areas of the County.  Accordingly, Plaintiff has failed to establish traceability and does not have standing to bring claims against Mayor McAdams.

### B. PLAINTIFF'S CLAIMS AGAINST MR. YOSHINAGA AND MAYOR MCADAMS ARE NOT RIPE FOR CONSIDERATION.

Even if the Court finds that there is standing as to Mayor McAdams and Mr. Yoshinaga, Plaintiff's claims are not ripe for consideration because he never applied for a business license with the County.  The analysis for "[s]tanding and ripeness are closely related in that each focuses on whether the harm asserted has matured sufficiently to warrant judicial intervention. In evaluating ripeness the central focus is on whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Initiative & Referendum Inst. v. Walker* 450 F.2d 1082, 1097-98 (10th Cir. 2006) (citations omitted).  As to

---

[3] *See* Plaintiff's Brief at 4-5 (Doc. No. 35).

both Mr. Yoshinaga and Mayor McAdams, Plaintiff has not applied for a business license from the County nor has he alleged any concrete facts to substantiate his injury. For example, Plaintiff has not alleged that he owns property in the County on which he could build Mile High Neon, that he has the resources to do so, or that he would be able to obtain all other licensing necessary for the business to open. As such, Plaintiff's ability to open Mile High Neon in the County is purely speculative and the legal issues before the Court are not ripe for decision.

C.   **PLAINTIFF'S CLAIMS AGAINST MR. GILL ARE NOT RIPE.**

While Mr. Gill[4] concedes that Plaintiff may have standing to pursue claims against him based on a fear of arrest and prosecution for soliciting prostitution, Plaintiff's claims against him are not ripe for decision. First, Plaintiff has not asserted that he has been charged with any criminal conduct and is not the subject of a prosecution. Second, Plaintiff's claim that he is the target of an investigation or prosecution is speculative and unsupported by the alleged facts, particularly as Plaintiff admits that he no longer solicits prostitutes. *See* Plaintiff's Brief at 7 (Doc. No. 35) (stating that "[he] has not had sex with a prostitute recently because when Judge Pead overturns the law, Greer does not want any criminal activity to prohibit him from having a license i.e. a 'civil disability.'"). While Plaintiff alleges that Mr. Gill stated to a reporter that "as long as it is illegal, Plaintiff is expected to follow the law just like everybody else," *see* Plaintiff's Brief at 7 (Doc. No. 35), Plaintiff has not alleged that the District Attorney's Office has taken any action to investigate or initiate any prosecution against him. Because Plaintiff's

---

[4] Mr. Gill is an independently elected official and does not report to Mayor McAdams.

claims are based on speculative events that may not occur at all, the Court should find that Plaintiff's claims are not ripe for consideration.

## CONCLUSION

Based on the arguments set forth herein and in the County Defendants' Motion and Reply (Doc. Nos, 21 and 30, respectively), Plaintiff's complaint against the County Defendants should be dismissed as a matter of law.

Respectfully submitted this 19th day of May 2017.

        SIM GILL
        Salt Lake County District Attorney

        /s/ *NEIL R. SARIN*
        NEIL R. SARIN
        JENNIFER BAILEY
        Deputy District Attorney
        *Attorney for Defendants Sim Gill, Ben McAdams and Rolen Yoshinaga*

## CERTIFICATE OF SERVICE

I certify that on this 19th day of May, 2017 a true and correct copy of the foregoing Salt Lake County Defendants' Supplemental Memorandum Re: Standing and Ripeness was electronically filed with the Clerk of Court using the CM/ECF system, which automatically sent notification of such filing to the following:

    David N. Wolf
    Gregory M. Soderberg
    UTAH ATTORNEY GENERAL'S OFFICE
    P.O. Box 140856
    160 East 300 South, 6th Floor
    Salt Lake City, UT 84114-0856
    *Attorney for Defendants Gary Herbert, Sean D. Reyes, and Kathy Berg*

    Catherine L. Brabson
    SALT LAKE CITY CORPORATION
    P.O. Box 145478
    451 South State Street, Suite 505A
    Salt Lake City, Utah 84114-5478
    *Attorney for Defendants Jackie Biskupski and James Allred*

I further certify that notification was sent by U.S. Mail first class, postage prepaid, with a courtesy copy sent by e-mail to the following:

    Russell Greer
    1450 South West Temple, Apt. D206
    Salt Lake City, UT 84115
    russmark@gmail.com
    *Pro Se*

                            /s/ Maja Ljubicic
                            Paralegal