Russell Greer
1450 South West Temple
Apt D206
Salt Lake City, Utah 84115
949-397-7312
russmark@gmail.com
Pro Se Litigant

FILED
U.S. DISTRICT COURT

2017 MAY 23  P 12: 50

DISTRICT OF UTAH

BY: _____
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER.**<br><br>Plaintiff,<br><br>v.<br><br>**GARY R. HERBERT**, in his official capacity as Governor of the State of Utah; **SEAN D. REYES**, in his official capacity as Attorney General of the State of Utah; **SIM S. GILL**, in his official capacity as District Attorney of the City and County of Salt Lake; **JACKIE BISKUPSKI**, in her official capacity as Mayor of the City of Salt Lake; **BEN McADAMS**, in his official capacity as Mayor of the County of Salt Lake; **KATHY BERG**, in her official capacity as Director of the Division of Commerce; **JAMES ALLRED**, in his official capacity as Business Licensing Manager for the City of Salt Lake; **ROLEN YOSHINAGA**, in his official capacity as Director of Planning and Development for the County of Salt Lake,<br><br>Defendants | **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**<br><br>Case No.: 2:16-cv-01067-DBP<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to *Federal Rules of Civil Procedure 15(d),* Plaintiff submits this Motion:

1

## I.    INTRODUCTION

The As-Applied Complaint currently on file in this matter concerns Defendants' enactment and enforcement of Utah's laws concerning the banning of houses of prostitution (as applied sections of UT 76-10-1302 through 1306) which restrict Plaintiff's right to acquire a brothel license and restrict plaintiff's right to intimacy. Because Defendants amended said code sections subsequent to the filing of the Complaint, Plaintiff now seeks leave to file a supplemental pleading to address the amended code sections that have materialized since the filing of the Complaint.

## II.    STATEMENT OF FACTS

Plaintiff's Complaint was originally filed in this action on October 18th, 2016. The Complaint raises five claims: (1) denial of due process rights to sexual privacy, (2) equal protection, (3) right to earn a living as a prostitute, (4) freedom of association & (5) violations of the Utah Constitution including violations of the Commerce Clause of not being allowed to run a business. State, County & City defendants all filed Motions to Dismiss in December 2016. Greer explained thoroughly in his Opposition to Motion Dismiss, filed January 9th, 2017, how the Defendants were wrong in their reasoning and countered each claim they brought up. Reply and Response Motions were then filed on both sides from January to February 2017. The Court then issued a Ruling on April 21st, 2017, asking for Briefs pertaining to Greer's standing and for the difference between As-Applied challenge and Facial Challenges.

It was during this time that the Utah legislature enacted *S.B. 230*: amendments to the Utah Code that changed "house of prostitution" to "place of prostitution" and changed other definitions. These updates also took out and rearranged laws. These laws were signed by Defendant Herbert 03/25/2017 and took effect 05/09/2017. Not only have the amendments

changed the wording of the laws that Greer is challenging, they have now changed the specific laws he was challenging. For instance, 76-10-1302(b) no longer states "an inmate in a house of prostitution". It now reads, "takes steps in arranging a meeting through any form of advertising, agreeing to meet, and meeting at an arranged place for the purpose of sexual activity in exchange for a fee or the functional equivalent of a fee." These changed laws have now created a cause for Greer to file a supplemental complaint, as the laws are now unconstitutionally vague e.g. á "place of prostitution" by its definition in the amended Code ("a place or business where prostitution or promotion of prostitution is arranged, regularly carried on, or attempted by one or more persons under the control, management, or supervision of another") can either pertain to currently illegal businesses or currently legal businesses. Furthermore, on April 30th, 2017, Greer visited a strip club in Salt Lake City. While in the strip club, Greer saw everything the State was arguing against which furthers hypocrisy and denial of equal protection in the form of business that Greer was seeking to open.

III.    **THE COURT SHOULD GRANT PLAINTIFF'S LEAVE TO FILE A SUPPLEMENTAL COMPLAINT, ALLEGING FACTS NOT IN EXISTENCE WHEN THE COMPLAINT WAS FILED**

Federal Rule of Civil Procedure 15(d) permits the filing of a supplemental pleading that introduces a cause of action not alleged in the original Complaint. Procedurally, the laws remain the same. Substantively, though, the focus of Plaintiff's challenge has changed in the face of new language in *1302(b), 1302(1)(b)* and *1305(1)(e)*; language that has now become unconstitutionally vague and dangerous. Factually, more events have occurred that did not happen when Greer initiated this challenge such as Greer visiting a sexually oriented business in

Salt Lake City which allows Greer to expound upon a claim Greer did not argue upon fully in his Original complaint: the Commerce Clause complaint and Greer suffering as an unestablished business owner.

While supplemental pleadings can only be filed with leave of court and upon such terms as are just, they are favored because they enable to court to award complete relief in the same action, avoiding the costs and delays of separate suits. As such, absent a clear showing of prejudice to the opposing party, supplemental pleadings are liberally allowed. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). Because such a showing of prejudice cannot be made, this Court should grant Plaintiff's Motion. Here, Plaintiff seeks to file a supplemental complaint because Defendants' recent amendments to the House of Prostitution sections have created the need to challenge the vague, dangerous wording of the new laws. And the facts supporting this challenge did not exist when the Complaint was filed. For instance, Plaintiff's Proposed Supplemental Complaint includes several allegations of fact regarding the amendments of *1302(b) et al.* One such fact is based upon Greer's conversations with other sexually oriented business owners in this city and county which could make them guilty of crimes under the new section, but they won't be because of the hypocrisy of the laws. These new, amended laws violate so many constitutional amendments including federal and state constitutions.

Further, no prejudice will be invited upon Defendants by the filing of supplemental pleadings. Plaintiff has briefly told Defendants of his intent to file a supplemental pleading.

IV.    **Conclusion**

Because Plaintiff wishes to introduce new allegations of fact materializing subsequent to the filing of the Complaint, and because no prejudice will result, the Court should grant Plaintiffs' Motion for Leave to File Supplemental Complaint.

4

/rgreer/

05/23/2017

## CERTIFICATE OF SERVICE:

I certify that on May 23, 2017, a true and correct copy of PLAINTIFFS' MOTION FOR LEAVE
TO FILE SUPPLEMENTAL COMPLAINT was emailed to the following:

Greg Soderberg, Assistant Attorney General and Counsel to State Defendants Berg,
Herbert & Reyes.
Gmsoderberg@utah.gov

Neil Sarin, Counsel for County Defendants Gill, McAdams & Yoshinaga
Nsarin@slco.org

Catherine Brabson, Counsel for City Defendants Allred and Biskupski
Catherine.Brabson@slcgov.com