DAVID N. WOLF (6688)
GREG SODERBERG (14016)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@agutah.gov
E-mail: gmsoderberg@agutah.gov
*Counsel for State Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>GARY R. HERBERT, et al.,<br><br>      Defendants. | **STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**<br><br>Case No. 2:16-cv-01067-DBP<br><br>Magistrate Judge Dustin B. Pead |

INTRODUCTION

Defendants Governor Herbert, Attorney General Reyes, and Kathy Berg (the "State

Defendants"), through counsel, submit this Response to Plaintiff's Motion for Leave to File

Supplemental Complaint. The State Defendants would not oppose Plaintiff filing a supplemental

complaint limited to detailing the statutory amendments, but do oppose Plaintiff's requests to add additional claims.[1]

ARGUMENT

Supplemental pleadings are allowed "[o]n motion and reasonable notice . . . [that] set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d). "Supplemental pleadings are thus appropriate to 'set forth new facts in order to update [an] earlier pleading.'" *Carter v. Bigelow*, 787 F.3d 1269, 1278 (10th Cir. 2015) (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1504 (3d ed. 2014)). "[T]he standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend." *Id.* at 1278, n.6 (quoting *Fowler v. Hodge*, 94 Fed. Appx. 710, 714 (10th Cir.2004) (unpublished)). Leave to amend a complaint (if the time for amending as a matter of course has passed) is granted "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a district court may refuse to allow amendment if it would be futile." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (citing *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir.2007)).

---

[1] Plaintiff notified Defendants via email of his intention to file a supplemental complaint. Counsel for the State Defendants responded that they would need to see Plaintiff's Supplemental Complaint before deciding whether to stipulate to its filing. Plaintiff responded that Federal Rule of Civil Procedure 15(d) does not allow for stipulation and has not provided the Defendants with a copy of the proposed Supplemental Complaint.

**Plaintiff's Request To Add A Vagueness Claim Should Be Denied As Futile.**

Plaintiff contends that he should be able to add a vagueness claim because the defined term "house of prostitution" was changed to "place of prostitution," and additions were made to the definition (indicated by underlined words): "a place or business where prostitution or promotion of prostitution is arranged, regularly carried on, or attempted by one or more persons under the control, management, or supervision of another." Solicitation Amendments, 2017 Utah Laws Ch. 433 (S.B. 230).[2] Plaintiff states that the new language "can either pertain to currently illegal businesses or currently legal businesses." Mot. Leave Supp. at 3 doc. 44. Plaintiff's request should be denied as futile because the challenged language is not vague, and Plaintiff lacks standing to challenge the amendment.

Plaintiff lacks standing because "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982). "A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." *Id.* Here, Plaintiff has admitted throughout his pleadings that he has engaged in conduct that is clearly proscribed, *see, e.g.*, Compl. at 4 ¶ 8 doc. 1 ("[Mr. Greer] solicits escorts and sex workers in Nevada's legal brothels and in the City and County of Salt Lake . . . ."), and therefore cannot complain of the vagueness of the law as applied to the conduct of others, such as "legal businesses." Mot. Leave Supp. at 3 doc. 44.

Additionally, the language complained of by Plaintiff is not vague, because it does not implicate constitutionally protected conduct, and is not vague in all its applications. *Village of*

---

[2] S.B. 230 went into effect on May 9, 2017. https://le.utah.gov/asp/passedbills/passedbills.asp.

*Hoffman Estates*, 455 U.S. at 494–95; *accord Ward v. Utah*, 398 F.3d 1239, 1251 (10th Cir. 2005). Here, amending the wording and definition of "house of prostitution" does not implicate constitutionally protected conduct, because "patronizing a prostitute" still requires that a person pay to engage in sexual activity, Solicitation Amendments, 2017 Utah Laws Ch. 433 (S.B. 230) (§ 76-10-1303). Accordingly, constitutionally protected conduct, such as nude dancing, would not be implicated. And the language complained of by Plaintiff is not vague in all its applications because an "ordinary person exercising ordinary common sense can sufficiently understand and comply with" the statute. *Ward*, 398 F.3d at 1251.

CONCLUSION

The State Defendants agree that Plaintiff should be granted leave to file a supplemental complaint that details the statutory amendments. However, Plaintiff's request to add an additional claim and information related to visiting a strip club should be denied.

DATED:  June 2, 2017.

OFFICE OF THE UTAH ATTORNEY GENERAL


/s/ Greg Soderberg
DAVID N. WOLF
GREG SODERBERG
Assistant Utah Attorneys General
*Counsel for State Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of June 2017, a true and correct copy of the foregoing **STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** was electronically filed using the CM/ECF system and e-mailed to the following:

Jennifer Bailey
Neil R. Sarin
SALT LAKE COUNTY DISTRICT ATTORNEY'S OFFICE
Email: jenbailey@slco.org
Email: nsarin@slco.org
*Attorney for Defendants Sim S. Gill, Ben McAdams, and Rolen Yoshinaga*

Catherine L. Brabson
SALT LAKE CITY CORPORATION
Email: Catherine.Brabson@slcgov.com
*Attorney for Defendants Jackie Biskupski and James Allred*

**Sent via e-mail and first-class mail, postage prepaid, to the following:**

Russell Greer
1450 South West Temple, Apt D206
Salt Lake City, Utah 84115
Email: russmark@gmail.com
*Pro Se*

/s/ Valerie Valencia
Paralegal

5