DAVID N. WOLF (6688)
GREG SODERBERG (14016)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@agutah.gov
E-mail: gsoderberg@agutah.gov
*Counsel for State Defendants*

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GARY R. HERBERT, et al.,<br><br>Defendants. | **STATE DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**<br><br>Case No. 2:16-cv-01067-DBP<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

Defendants Governor Herbert, Attorney General Reyes, and Kathy Berg (the "State Defendants"), through counsel, submit this Supplemental Response to Plaintiff's Motion for Leave to File Supplemental Complaint. The State Defendants do not oppose the proposed additions in Plaintiff's Supplemental Complaint that relate to describing statutory amendments, but the State Defendants do oppose Plaintiff's requests to add additional claims, and other factual additions.

**LEGAL STANDARD**

Supplemental pleadings are allowed "[o]n motion and reasonable notice . . . [that] set[]
out any transaction, occurrence, or event that happened after the date of the pleading to be
supplemented. The court may permit supplementation even though the original pleading is
defective in stating a claim or defense." Fed. R. Civ. P. 15(d). "Supplemental pleadings are thus
appropriate to 'set forth new facts in order to update [an] earlier pleading.'" *Carter v. Bigelow*,
787 F.3d 1269, 1278 (10th Cir. 2015) (quoting 6A Charles Alan Wright & Arthur R. Miller,
Federal Practice and Procedure § 1504 (3d ed. 2014)). "[T]he standard used by courts in deciding
to grant or deny leave to supplement is the same standard used in deciding whether to grant or
deny leave to amend." *Id.* at 1278, n.6 (quoting *Fowler v. Hodge*, 94 Fed. Appx. 710, 714 (10th
Cir.2004) (unpublished)). Leave to amend a complaint (if the time for amending as a matter of
course has passed) is granted "only with the opposing party's written consent or the court's
leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).
However, "a district court may refuse to allow amendment if it would be futile." *Full Life
Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (citing *Anderson v. Suiters*, 499
F.3d 1228, 1238 (10th Cir.2007)).

**RESPONSE TO PLAINTIFF'S PROPOSED AMENDMENTS**

Plaintiff's Proposed Amended Complaint includes a cover sheet that lists Plaintiff's
proposed changes. Mot. Supp. Compl. at 8–9 doc. 47. Below, the State Defendants have copied
Plaintiff's list, and respond to the proposed changes:

A. Update Plaintiffs at Page 1, removing Tricia Christie from the Complaint, as was ordered
   stricken by Judge Pead on April 21st, 2017.

**Response:** No objection.

 B. Page 2, "Plaintiffs Russell Greer…." has been changed to singular "Plaintiff" and pertains only to Greer and of what he alleges. From Page 2 to the end of the Complaint, "Plaintiffs" is now replaced with "Plaintiff". When changed to plaintiff, sentence restructured so that it flows coherently.

**Response:** No objection.

 C. Beginning at Page 4, in the section regarding "the parties", Tricia Christie removed.

**Response:** No objection.

 D. Page 10, Utah Code definition for generalized prostitution has been updated to reflect the new legislative definitions.

**Response:** No objection.

 E. Page 12, Plaintiff adds paragraph 30 to clarify that as an unestablished business owner, he can represent the interests of his business and the interests of would-be members.

**Response:** Plaintiff's proposed change "to clarify that as an unestablished business owner, he can represent the interests of his business and the interest of would-be members" is inappropriate under Federal Rule of Civil Procedure 15(d), which allows supplementation of events, not the addition of clarifying or supplemental argument. The State Defendants further respond to Plaintiff's contentions regarding associational or organizational standing below on page 6, in response to Plaintiff's paragraph O.

 F. Paragraph 31 notes that "house of prostitution" has been changed to read "place of prostitution" by Utah Legislature.

**Response:** No objection.

G.  All facts concerning Tricia Christie removed.

**Response:** No objection.

H.  At the end of paragraph 34, it has been added: "Greer's LDS bishop told him that Greer "would probably never marry in this life" because of his disability. Those words have haunted Greer for years and in a way, they have proven prophetic, with Greer unable to get a relationship."

**Response:** Plaintiff's reference to an LDS bishop's statement is not a new event that may be supplemented under Rule 15(d), and the LDS bishop's statement is not relevant to any of Plaintiff's claims. Plaintiff's proposed supplementation referenced in paragraph H should be denied.

I.  Paragraph 58: Greer tells of the number of prostitutes in Utah he has seen and how it's dangerous and hypocritical.

**Response:** Plaintiff's factual assertion regarding the number of prostitutes he has frequented, and Plaintiff's contention that allowing nude dancing, escorts, and massage is dangerous and hypocritical, are not new events under Rule 15(d), and Plaintiff's proposed supplementation should be denied.

J.  Paragraph 61 explains why Greer doesn't want to move to Nevada to open a brothel.

**Response:** The factual assertions in paragraph 61, regarding why Plaintiff does not want to move to Nevada, are not new events under Rule 15(d), and are not relevant to any of Plaintiff's claims. Plaintiff's proposed amendments in paragraph 61 should be denied.

K.  Paragraph 62 explains what Greer hopes to accomplish as a sole proprietor, and reveals that he has found a female manager who wishes to run Greer's brothel. This female

manager previously ran local strip clubs and bars. Also, Greer has potential financial

backers, who are multi-millionaires, but since his license was revoked, he can't ask them

for backing.

**Response:** Except for Plaintiff's assertion that he has found a woman to manage his proposed

brothel, the assertions contained in paragraph 62 are not new events that can be supplemented

under Rule 15(d). Plaintiff's assertion that he has found a manager, and Plaintiff's other

assertions in paragraph 62 are not relevant or helpful to determining Plaintiff's claims, and

Plaintiff's proposed amendments in paragraph 62 should be denied.

    L.  Adds to paragraph 88 and explains that even though he seeks for a female to manage and

        run the brothel, Greer would still be listed as the sole proprietor.

**Response:** Plaintiff's proposed supplementation to paragraph 88 is not a new event under Rule

15(d), because the asserted facts did not occur since the filing of the complaint. Accordingly,

Plaintiff's proposed supplementation to paragraph 88 should be denied.

    M.  Added to paragraph 106: "Greer's few friends tell Greer about the sex that they have and

        the number of sexual partners they randomly meet at the gym or online. Greer feels

        dehumanized because he doesn't have the same success as his friends because he's

        disabled."

**Response:** Plaintiff's proposed addition to paragraph 106 is not proper supplementation under

Rule 15(d) because it did not occur since the filing of the complaint, and should be denied.

    N.  Added to the end of 107: "To quote *Windsor*: "…tell those [people born with disabilities

        beyond their control, and those who haven't been able to get a relationship], and all the

world, that their otherwise valid [relationships] are unworthy of...recognition [and

protection]." *U.S. v. Windsor* (2013).

**Response:** Plaintiff's proposed addition to paragraph 107 should be denied because it is not an

event that happened after the complaint was filed. Plaintiff's reliance on *United States v.*

*Windsor*, 133 S.Ct. 2675 (2013) has been made clear in Plaintiff's pleadings and motions, and

Plaintiff's proposed addition to paragraph 107 is not helpful to determining Plaintiff's claims.

O.  Add to paragraph 110: "As an unestablished business owner, Plaintiff can argue on behalf

of the rights of the women whom his business seeks to protect their interests, backed up

by a long line of federal precedent that associations can represent the interests of its

members. See: *Hunt v. Washington State Apple Advertising Commission* (1977); *Planned*

*Parenthood v. Casey* (1992) (in which both cases had associations argue on behalf of its

members). As a sole proprietor and denied business owner, Plaintiff can argue in the

prostitutes' interests."

**Response:** Plaintiff's proposed addition to paragraph 110 should be denied because it is not an

event that has occurred after the Complaint was filed. Fed. R. Civ. P. 15(d). Plaintiff's request to

add argument regarding associational standing is aimed at supporting Plaintiff's claim regarding

"denial of equal protection for those who choose to work in prostitution," Pl.'s Proposed Am.

Compl. at 35, and Plaintiff's "claim for violation of fourteenth amendment substantive due

process right to earn a living," *id.* at 37. Since Plaintiff Christie was stricken from the Complaint,

Plaintiff now seeks to argue that he has associational standing to bring claims on behalf of

women who would work in Plaintiff's brothel. However, Plaintiff's failure to identify an

association or organization (other than his registered business name), Plaintiff's failure to

identify specific members of the association or organization, and the generalized nature of Plaintiff's allegations, are fatal to Plaintiff's assertion of associational standing. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 498–99 (2009) (recognizing that the Supreme Court's association standing cases "have required plaintiff-organizations to make specific allegations establishing that at least one identified member had suffered or would suffer harm."). Accordingly, Plaintiff's proposed addition to paragraph 110 should be denied.

P.  111 added to read: "This equal protection also pertains to business owners. It is in violation of the equal protection clause to allow some sexually oriented businesses to run, but not allow a brothel with a license. *Yick Wo v. Hopkins* (1886) ruled that there is a right to franchise and a right to property, and that those who applied for "laundry permits" in "wooden buildings" had as much of a right to run a business as those who ran laundries in "stone" or "concrete buildings", if they could show that they could run safely. In comparison, it should be ruled the same: the State can't deny a license based on the content of what a business is or who owns it, if a business can clearly show that they can safely run the same as similarly situated businesses i.e. other sexually oriented businesses. This has been the standard for over 100 years.

**Response:** Plaintiff's proposed addition to paragraph 111 should be denied because it is not an event that has occurred since the Complaint was filed, and neither is it a claim related to properly supplemented facts. Fed. R. Civ. P. 15(d). Moreover, Plaintiff's equal protection claim as described in paragraph 111 fails because brothels and nude dancing establishments are not similarly situated businesses. *SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012). The government may draw distinctions between businesses and persons in "meaningfully dissimilar

situations," such as businesses that facilitate commercial sex and businesses where nude dancing (but not commercial sex) occurs. *Id.* Accordingly, Plaintiff's proposed addition to paragraph 111 should be denied.

Q. 113 now begins with: "Many persons in the State of Utah, who are too afraid to join this case due to stigma and whose interests Plaintiff represents."

**Response:** Plaintiff's proposed addition to paragraph 113 should be denied because it is not an event that occurred since the Complaint was filed. Fed. R. Civ. P. 15(d).

R. Claim six starts at paragraph 124.

**Response:** Plaintiff's request to add claim six for "Violation Of The Utah Constitution Free Market Clause" should be denied because it is not a claim based on an event that occurred since the filing of the Complaint, and because allowing the claim to be included would be futile. Fed. R. Civ. P. 15(d). Plaintiff's original Complaint referenced the Free Market Clause, Compl. p. 36 ¶ 124 doc. 1, and the State Defendants argued in their Motion to Dismiss that such a claim fails as a matter of law because the Free Market Clause prohibits monopolies. Mot. Dismiss at 12 n.5 doc. 17. Additionally, the Utah Supreme Court recently held that the Free Market Clause "is too vague a policy to sustain a justiciable constitutional standard," and is therefore non-justiciable without any implementing legislation. *Tesla Motors UT, Inc. v. Utah Tax Comm'n*, 2017 UT 18, ¶¶ 52–53, ---P.3d ---.

S. Claim seven starts at paragraph 131.

**Response:** Plaintiff's request to add claim seven, that "Newly Worded Laws Are Unconstitutionally Vague," should be denied because "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct

of others." *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982). "A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." *Id.* Here, Plaintiff has admitted throughout his pleadings that he has engaged in conduct that is clearly proscribed, *see, e.g.*, Compl. at 4 ¶ 8 doc. 1 ("[Mr. Greer] solicits escorts and sex workers in Nevada's legal brothels and in the City and County of Salt Lake . . . ."), and therefore cannot complain of the vagueness of the law as applied to the conduct of others, such as "legal businesses." Mot. Leave Supp. at 3 doc. 44.

Additionally, the language complained of by Plaintiff is not vague, because it does not implicate constitutionally protected conduct, and is not vague in all its applications. *Village of Hoffman Estates*, 455 U.S. at 494–95; *accord Ward v. Utah*, 398 F.3d 1239, 1251 (10th Cir. 2005). Here, amending the wording and definition of "house of prostitution" does not implicate constitutionally protected conduct, because "patronizing a prostitute" still requires that a person pay to engage in sexual activity, Solicitation Amendments, 2017 Utah Laws Ch. 433 (S.B. 230) (§ 76-10-1303). Accordingly, constitutionally protected conduct, such as nude dancing, would not be implicated. And the language complained of by Plaintiff is not vague in all its applications because an "ordinary person exercising ordinary common sense can sufficiently understand and comply with" the statute. *Ward*, 398 F.3d at 1251.

## CONCLUSION

Plaintiff's request to add additional claims based on the Free Market Clause and vagueness should be denied because the additional claims are futile. Plaintiff's request to add factual allegations regarding statements from an LDS bishop, the number of prostitutes Plaintiff has frequented, or conversations with Plaintiff's friends, among other allegations, should be

denied because the allegations are not new events under Rule 15(d) and are not relevant or helpful to the Court in determining Plaintiff's claims. Plaintiff should only be allowed to supplement his Complaint with events that occurred since the original Complaint was filed.

DATED: July 19, 2017.

OFFICE OF THE UTAH ATTORNEY GENERAL


/s/ Greg Soderberg
DAVID N. WOLF
GREG SODERBERG
Assistant Utah Attorneys General
*Counsel for State Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 19th day of July 2017, a true and correct copy of the foregoing **STATE DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** was electronically filed using the CM/ECF system and e-mailed to the following:

Jennifer Bailey
Neil R. Sarin
SALT LAKE COUNTY DISTRICT ATTORNEY'S OFFICE
Email: jenbailey@slco.org
Email: nsarin@slco.org
*Attorney for Defendants Sim S. Gill, Ben McAdams, and Rolen Yoshinaga*

Catherine L. Brabson
SALT LAKE CITY CORPORATION
Email: Catherine.Brabson@slcgov.com
*Attorney for Defendants Jackie Biskupski and James Allred*

**Sent via e-mail and first-class mail, postage prepaid, to the following:**

Russell Greer
1450 South West Temple, Apt D206
Salt Lake City, Utah 84115
Email: russmark@gmail.com
*Pro Se*

/s/ Valerie Valencia
Paralegal