## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>            **Plaintiffs,**<br><br><br>            **v.**<br><br><br>**GARY R. HERBERT, in his individual capacity as Governor of the State of Utah; SEAN D. REYES, in his official capacity as Attorney General of the State of Utah; SIMS S. GILL, in his official capacity as District Attorney of the City and County of Salt Lake; JACKIE BISKUPSKI, in her official capacity as Mayor of the City of Salt Lake, BEN MCADAMS, in his official capacity as Mayor of the County of Salt Lake, KATHY BERG, in her official capacity as Director of the Division of Commerce; JAMES ALLRED, in his official capacity as Business Licensing Manager for, the City of Salt Lake; ROLEN YOSHINAGA, in his official capacity as Director of Planning and Development of the County of Salt Lake,**<br><br>            **Defendants.** | **RULING & ORDER**<br><br>**Case No. 2:16-cv-01067**<br><br>**Magistrate Judge Dustin Pead** |

## INTRODUCTION

The parties in this case have consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 24); *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

1

On October 18, 2016, Plaintiff Russell G. Greer (Plaintiff or Greer) filed his original complaint against Defendants Gary Herbert (Herbert), Sean Reyes (Reyes) and Kathy Berg (Berg) (collectively State Defendants), Defendants Sim Gill (Gill), Ben McAdams (McAdams) and Rolen Yoshinaga (Yoshinaga) (collectively County Defendants) and Defendants Jacki Biskupski (Biskupski) and James Allred (Allred) (collectively City Defendants).  In his pleading, Plaintiff challenges the constitutionality of Utah Code Ann. §§ 76-10-1302, 76-10-1303, 76-10-1304, 76-10-1305 and 47-1-1 *et. seq.* and asserts enforcement of the laws violates due process, equal protection, freedom of speech and freedom of association. (ECF No. 1.) Plaintiff seeks a declaration from the court that the challenged provisions are unconstitutional, along with injunctive relief prohibiting enforcement.

On June 10, 2017, Greer filed a motion for leave to file a supplemental complaint. (ECF No. 47.)[1] Attached to Plaintiff's motion are both an "Appendix of Proposed Changes" (*Id.* at 8), and a copy of his proposed amended complaint. (*Id.* at 10.) Although State Defendants do not oppose supplementation as it relates to legislatively enacted statutory amendments, they do oppose Plaintiff's request to add additional facts and causes of action not included in Greer's original pleading. (ECF No. 48.) County Defendants recently filed an untimely joinder in State Defendants response (ECF No. 52), and City Defendants have not filed an opposition and the time within which to do so has expired. *See* DUCivR 7-1(b)(2)(B).

---

[1] Earlier, Greer filed a motion to supplement but failed to provide Defendants or the court with a copy of the proposed pleading. (ECF No. 44.) The court required Plaintiff to do so (ECF No. 46), and on June 10, 2017, Greer filed his pending motion to file a supplemental pleading along with a copy of his proposed amended complaint. (ECF No. 47.)

## MOTION TO SUPPLEMENT

### **Standard of Review**

Rule 15(d) of the Federal Rules of Civil Procedure provides:

> [o]n motion and reasonable notice . . . [that] set [ ] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

Fed. R. Civ. P. 15(d). "Supplemental pleadings are thus appropriate to 'set forth new facts in order to update [an] earlier pleading.'" *Carter v. Bigelow*, 787 F.3d 1269, 1278 (10th Cir. 2015) (*quoting* 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1504) (3d ed. 2014). Rule 15(d) provides trial courts with broad discretion to "permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events that have happened since the date of the pleading sought to be supplemented." *Gilihan v. Shilinger*, 872 F.2d 935, 941 (10th Cir. 1980). Leave to supplement "'should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants.'" *Walker v. United Parcel Service, Inc.,* 240 F.3d 1268, 1278 (10th Cir. 2001) (*quoting Gilihan,* 872 F.2d at 941).

In general, the "standard utilized by courts in deciding whether to grant or deny a motion for leave to supplement is the same standard used in deciding whether to grant or deny a motion for leave to amend." *Carter* 787 F.3d at 1278 (*citing Fowler v. Hodge*, 94 Fed. Appx. 710, 714 (10th Cir. 2004) (unpublished); *Johnson v. Dash*, 2013 U.S. Dist. LEXIS 84079 * 4 (D. Colo. June 14, 2013) (*citing First Savings Bank v U.S. Bancorp*, 184 F.R.D. 363, 368 (D. Kan. 1998) ("The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)."); *see also* James Wm. Moore et al., *Moore's Federal Practice* §15-109. Rule 15(a) provides that "the court should freely give leave when

justice so requires." Fed. R. Civ. P. 15(a). In turn, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a).

### **Argument & Analysis**

Applying the legal standards set forth above, the court addresses each of the proposed amendments as raised in Greer's motion to supplement. (ECF No. 47 at 1, "Appendix of Proposed Changes".)

Proposed Amendments A and G. Through these amendments, Plaintiff seeks to remove Tricia Christie, and any facts related to her, from the complaint as was ordered by the court in is April 21, 2017 ruling. (ECF No. 34.) State Defendants do not oppose, and amendments A and G are GRANTED.

Proposed Amendments B and C. Similarly, in order to reflect his status as the reminaing Plaintiff, Greer also seeks to change the word "Plaintiffs", as stated throughout the complaint, to the singular "Plaintiff" and to remove any reference to the phrase "the parties". State Defendants do not oppose the amendments, and amendments B and C are hereby GRANTED.

Proposed Amendment D. Greer seeks to include the new definition of prostitution under Utah Code Ann. § 76-10-1302(1)(1), as adopted by the legislature and effective as of May 9, 2017. *See* Solicitation Amendments, 2017 Utah Laws. Ch. 433 (S.B.230).[2] State Defendants do not object, and amendment D is GRANTED.

---

[2] *See also* https://le.utah.gov.asp/passedbills/passedbills/.asp.

Proposed Amendments E and O. Plaintiff seeks to add paragraph thirty (30) to the complaint as support for his position that, as an unestablished business owner, he can file this action on behalf of the interests of his business and any would-be members. As proposed, Paragraph thirty (30) states:

> As an unestablished business owner, Plaintiff can file on behalf of the interests of his business, and represent the interests of would-be members (i.e. prostitutes, customers, etc), that was granted brief legal recognition. *Central Telecommunications v. TCI Cablevision (8th Cir. 1986; Denver Petroleum Corp. v. Shell Oil Co. (D. Colo. 1969).* Since Greer filled out on the applications for his license that he was a "sole proprietor", he can bring his business interests by himself.

(ECF No. 47 at 14, ¶31.) Additionally, Plaintiff seeks to add paragraph one hundred ten (110):

> As an unestablished business owner, Plaintiff can argue on behalf of the rights of the women whom his business seeks to protect their interests, backed up by a long line of federal precedent that associations can represent the interests of its members. See: *Hunt v. Washington State Apple Advertising Commission* (1977); *Planned Parenthood v. Casey* (1992) (in which both cases had associations argue on behalf of its members). As a sole proprietor and denied business owner, Plaintiff can argue in the prostitutes' interests.

(ECF No. 47 at 36, ¶110.) State Defendants argue the proposed paragraphs do not contain information about an event that occurred after the complaint was filed, and supplementation is futile. After Greer filed his original complaint, this court *sua sponte* raised issues of ripeness and standing. (ECF No. 34.) The information contained in proposed paragraph thirty (30) and paragraph one hundred ten (110) relates to standing and, given this court's post-complaint request, amendments E and O are GRANTED.

Proposed Amendment F. In paragraph thirty-one (31), Plaintiff seeks to change the phrase "house of prostitution" to the phrase "place of prostitution" to reflect legistlative changes to the wording of Utah Code Ann. §76-10-1301(3), effective May 9, 2017. *See* Solicitation

Amendments, 2017 Utah Laws. Ch. 433 (S.B.230). State Defendants do not object, and

amendment F is GRANTED.

Proposed Amendment H. At the end of paragraph thirty-four (34), Greer seeks to add:

Greer's LDS bishop told him that Greer 'would probably never marry in
this life' because of his disability. Those words have haunted Greer for
years and in a way, they have proven prophetic, with Greer unable to get
a relationship.

(ECF No. 47 at 20, ¶34.) State Defendants object to amendment H.

Plaintiff does not indicate when the statement was made or if it was made after his

original pleading was filed. Therefore, the court is unable to conclude that the statement is a new

fact or an "event that happened after the date of the pleading to be supplemented." Fed. R. Civ.

P. 15(d). Accordingly, amendment H is DENIED.

Proposed Amendment I.  Plaintiff seeks to add paragraph fifty-eight (58) to the

complaint. Proposed paragraph fifty-eight (58) states Greer's position on current prostition laws

and provides information on the number of prostitutes Plaintiff has visited in Utah. Proposed

Paragraph fifty-eight (58) reads as follows:

Since 2013, Greer has paid a roughly estimated 15-30 prostitutes in Salt
Lake City for sexual intercourse and/or sexual stimlation i.e. handjobs,
erotic massages, etc. Many are already in the sexual orientated business
industry as stripers, adult film stars, licensed city escorts and models,
and they find clients in all industries *which proves that the sex
industry is all connected and is thus hypocrticial and dangerous to
allow one form of business be legal, but other forms be illegal.* All of
the prostitutes that Greer has encountered in Salt Lake have been of
age and have not been trafficked into the industry. Many, though,
have recounted horror stories that illegality brings: rapes, robbery,
assaults, fraudulent inducement. It would be exaggerating if Greer
said all prostitutes he has met are victims which is not true. But from
his firsthand experiences in legality and illegality, it seems more
assaults and fraud happen in illegality than in legal places like Nevada
brothels. Greer has been the victim of such offenses as well. Greer
even had a prostitute in this city almost pull bear spray on him because
she thought Greer was an undercover cop which Greer never said

6

anything about and has never ever made such a claim. These laws
truly hurt people and cause chaos.

(ECF No. 58 at 19-20, ¶ 58) (Emphasis included in proposed supplement.) State Defendants

object to the amendment.

Plaintiff's original complaint was filed on October 19, 2016. (ECF No. 1.) Thus, the

factual assertions provided in paragraph fifty-eight (58), regarding the number of prostitutes

Greer has frequented since 2013 is not a new "event that happened after the date of the pleading

to be supplemented." Fed. R. Civ. P. 15(d). Additionally, the majority of paragraph 58 contains

argument that may be raised in the context of a motion, but is not appropriate content for the

body of a pleading. *See* DUCivR 3-5 (the complaint should state "the basis for the court's

jurisdiction, the basis for the plaintiff's claim or cause for action, and the demand for relief. The

complaint should not include any motion."). Amendment I seeking to add paragaraph fifty-eight

(58) is DENIED.

Proposed Amendment J. Next, Greer seeks to add paragraph sixty-one (61), stating:

Part of the reason Greer wants to legalize brothels in Utah is to provide a
better atmosphere than the Nevada brothels offer: he wants to have a brothel
in Utah with cheaper prices; that is more rigorous in protecting its workers
and customers; be smoke free and be closer to home. Greer doesn't want to
move to Nevada because all of his family lives in Utah; Greer already has a
decent entry level job in Salt Lake and doesn't wish to relocate; Greer's alma
mater is in Salt Lake; and put simply: Greer doesn't want to move. Also,
Dennis Hof has a strong monopoly on the brothel business in Nevada.

(ECF No. 47 at 20, ¶61.) State Defendants object to this amendment.

Plaintiff does not indicate when the events he described occurred and the court is unable

to conclude that the statement is a new fact or "event that happened after the date of the pleading

to be supplemented." Fed. R. Civ. P. 15(d). Accordingly amendment J is DENIED.

Proposed Amendment K. Proposed paragraph sixty-two (62) explains what Greer hopes to accomplish as a sole proprietor and to inform the parties that he that he has found a female manager and potential financial backers for his brothel. Proposed paragraph sixty-two (62) states:

> As a sole proprietor of a brothel, Greer wants to empower the workers; build a good reputation for the commercial sex industry; have a place for him to have sexual relations. Greer has already found a former female manager of a strip club in Salt Lake who is willing to run the brothel. Greer would give all managing duties to her and he would ensure that the brothel follows within all legal regulations. Greer has a few financial backers in mind who would back his business, as they are multi-millionares from the adult entertainment business, but it is premature to approach the finacial backers since Greer's license was revoked.

(ECF No. 47 at 20-21, ¶62.) State Defendants concede Greer's assertion that he has found a woman to manage his proposed brothel is a new event, but argue the information is not relevant to Plaintiff's claims. Given State Defendants' concession that the proposed paragraph contains new events and information, the court GRANTS amendment K.

Proposed Amendment L. Plaintiff proposes to include the sentence, "Greer would be listed as the sole proprietor" to paragraph eighty-eight (88) of his complaint. (ECF No. 47 at 26, ¶88.) Greer claims the sentence clarifys his intent to remain the brothel's sole proprietor despite having recently found a female manager. (ECF No. 41 at 1.) Because the proposed sentence relates to the supplemental information allowed in amendment K, the court GRANTS amendment L.

Proposed Amendment M. Plaintiff proposes the following additional language be included as part of paragraph one hundred six (106):

> Greer's few friends tell Greer about the sex that they have and the number
> of sexual partners they randomly meet at tht gym or online. Greer feels
> dehumanized because he doesn't have the same success as his friends
> because he's disabled.

(ECF No. 47 at 33, ¶106.) State Defendants oppose amendment.

Plaintiff does not provide information on when his friends informed him about their

encounters, and there is no indication the statements were made after the original pleading was

filed. Therefore, the court is unable to conclude that the statement is a new fact or "event that

happened after the date of the pleading to be supplemented" and amendment M is DENIED. Fed.

R. Civ. P. 15(d).

Proposed Amendment N. Greer seeks to supplement paragraph one hundred seven (107)

of his original compalint by adding the following:

> To quote *Windsor* ". . . tell those [people born with disabilities beyond
> their control, and those who haven't been able to get a relationship],
> and all the world, that their otherwise valid [relationships] are unworthy
> of. . . recognition [and protection]." *U.S. v. Windsor* (2013).

(ECF No. 107 at 34-35, ¶107.) State Defendants oppose the amendment. Greer offers the quote

as legal support for his arguments. Legal arguments, however, may be properly asserted in the

context of a motion, but are not appropriate in the body of a complaint. *See* DUCivR 3-5 (the

complaint should state "the basis for the court's jurisdiction, the basis for the plaintiff's claim or

cause for action, and the demand for relief. The complaint should not include any motion.").

Accordingly, amendment N is DENIED.

Proposed Amendment P. Greer request to supplement his complaint to include paragraph

one hundred eleven (111). Proposed paragraph one hundred eleven (111) states:

> This equal protection also pertains to business owners. It is in violation of
> the equal protection clause to allow some sexually oriented businesses to run,
> but not allow a brothel with a license. *Yick Wo v. Hopkins* (1886) ruled that
> there is a right to franchise and a right to property, and that those who applied
> for 'laundry permits' in 'wooden buildings' had as much of a right to run a
> business as those who ran laundries in 'stone' or 'concrete buldings', if they
> could show that they could run safely. In comparison, it should be ruled the
> same: the State can't deny a license based on the content of what a business
> is or who owns it, if a business can clearly show that they can safely run the
> same as similarly situated business i.e. other sexually oriented businesses.
> This has been the standard for over 100 years.

(ECF No. 47 at 36-37, ¶111.) State Defendants oppose supplementation arguing the paragraph does not address a new event and amendment is futile. The majority of proposed paragraph one hundred eleven (111) includes legal argument that is appropriate for a motion, but not for a complaint. *See* DUCivR 3-5 (the complaint should state "the basis for the court's jurisdiction, the basis for the plaintiff's claim or cause for action, and the demand for relief. The complaint should not include any motion."). Further, the court is unable to conclude that the information is a new fact or "event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Accordingly, amendment P is DENIED.

Proposed Amendment Q. Greer seeks to begin paragraph one hundred thirteen (113) with the phrase, "Many persons in the State of Utah, who are too afraid to join this case due to stigma and whose interests Plaintiff represents, . . . ." (ECF No. 47 at 37, ¶113.) State Defendants oppose amendment.

There is no indication that the phrase contains information obtained after the original pleading was filed. Therefore, the court is unable to conclude that the statement is a new fact or "event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Accordingly, amendment Q is DENIED.

Proposed Amendment R. Greer seeks to supplement the original complaint to include a sixth cause of action for "Violation of the Utah Constituion Free Market Clause." (ECF No. 47 at 40-42, ¶¶124-130.) State Defendants argue amendment should be denied because it is not based on a new event and amendment would be futile.

Plaintiff raises a violation of free market claim in his original pleading and here, through supplementation, seeks to include additional information in support of his cause of action. (ECF No. 1 at 36, ¶124.)  Although Greer offers the recent statutory amendments as the basis for the inclusion, the court is required to deny a motion to supplement if the amendment would be futile. *See Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

The Utah Supreme Court has held that not every provision of the Utah Constitution supports an enforceable limitation or justiciable standard. *See Tesla Motors UT, Inc. Utah Tax Comm'n.*, 2017 UT 18, ¶ 52. Rather, the Court indicates that some provisions of the constitution are "stated at so high a level of generality of aspiration that they require legislation to establish a limitation enforceable in our courts." *Id.* Utah's free market clause is just such a provision. *Id.*, *see* Utah Const. Art XII, §20. Thus, while the free market clause states a "policy" or "general principle" in favor of free markets, absent implementing legislation it should not be relied upon as a "justiciable constitutional standard." *Id.* at ¶58 (concluding absent "any implementing legistalation" the free market clause is "non-justiciable".); *see also Bott v. DeLand*, 922 P.2d 732, 737 (Utah 1996) ("constitutional provisions are not self-executing if they merely indicate a general principle or line of policy without supplying the means for putting them into effect.") .

As a result, Greer's request to bolster his free market claim must be denied as futile. Absent implementing legislation, Plaintiff's reliance on the free market clause as a viable cause of action fails. Accordingly, amendment R is DENIED.

Proposed Amendment S. Finally, Plaintiff seeks to supplement his original complaint by adding a seventh cause of action entitled "Newly Worded Laws Are Unconstitutionally Vague". (ECF No. 47 at 42, ¶¶131-137.) State Defendants oppose the addition arguing amendment is futile and, in the alternative, the languge is not vague in all of its applications.

Greer bases his motion to supplement on what he characterizes as "vague" wording in the new solicitation amendments and his concerns, stemming therefrom, regarding arbitrary enforcement of the laws. *See generally,* Solicitation Amendments, 2017 Utah Laws. Ch. 433 (S.B.230). Upon review, the court concludes that Plaintiff's proposed seventh cause of action stems from new legislation and is categorically close enough in fact and law to Plaintiff's other constitutional claims that, at this juncture, judicial economy will be served by allowing amendment. Further, this case is in its procedural infancy and no prejudice will result to Defendants. Accordingly, given that leave to supplement should be liberally granted, the court GRANTS amendment S.

## ORDER

Consistent with this court's ruling, Plaintiff's motion to supplement is GRANTED in part as to amendments: A, G, B, C, D, E, O, F, K, L and S and DENIED in part as to amendments H, I, J, M, N, P, Q and R. (ECF No. 47.) Accordingly, the Court hereby ORDERS as follows:

1. Plaintiff shall file a copy of his complaint, incorporating those amendments allowed, on the court docket within fifteen (15) days from the date of this order ;

2. State Defendants' (ECF No. 17), County Defendants' (ECF No. 18) and City Defendants' (ECF No. 21) motions to dismiss are denied without prejudice as MOOT; and

3. Once Plaintiff has filed his revised supplemental complaint on the court docket, State Defendants, County Defendants and City Defendants may re-file their individual motions to dismiss. In each of their motions, Defendants should comprehensively address any jurisdictional arguments, claim based arguments and amendments, as applicable.[3]

DATED:  August 30th, 2017.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge

---

[3] Previously, arguments on Plaintiff's standing, ripeness of the issues and the nature of the constitutional claims (facial vs. as applied) were addressed by the parties in briefing separate from their respective motions to dismiss. (ECF No. 35, ECF No. 36, ECF No. 37. ECF No. 38, ECF No. 39, ECF No. 40, ECF No. 41, ECF No. 42, ECF No. 43.)