Catherine L. Brabson (#6500)
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Suite 505A
Salt Lake City, Utah 84114-5478
Telephone:  (801) 535-7788
Facsimile:   (801) 535-7640
Catherine.Brabson@slcgov.com

*Attorney for Defendants Jackie Biskupski and James Allred*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER,<br><br>      Plaintiff,<br><br>vs.<br><br>GARY R. HERBERT, in his individual capacity as Governor of the State of Utah; SEAN D. REYES, in his official capacity as Attorney General of the State of Utah; SIM S. GILL, in his official capacity as District Attorney of the City and County of Salt Lake; JACKIE BISKUPSKI, in her official capacity as Mayor of the City of Salt Lake, BEN MCADAMS, in his official capacity as Mayor of the Count of Salt Lake, KATHY BERG, in her official capacity as Director of the Division of Commerce; JAMES ALLRED, in his official capacity as Business Licensing Manager for the City of Salt Lake; ROLEN YOSHINAGA, in his official capacity as Director of Planning and Development of the County of Salt Lake,<br><br>      Defendants. | **MOTION TO DISMISS SUPPLEMENTAL COMPLAINT FOR FAILURE TO STATE A CLAIM AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:16-cv-01067<br><br>Judge Dustin B. Pead |

Defendants Jackie Biskupski and James Allred in their official capacity (collectively the "City Defendants"), by and through counsel of record, and pursuant to Federal Rules of Civil Procedure 12(b)(6) and DUCivR 7-1, move to dismiss Plaintiff's Supplemental Complaint (Dkt. #55) for failure to state a claim for relief.

## STATEMENT OF RELIEF SOUGHT

The City Defendants seek dismissal of the five causes of action asserted under 42 U.S.C. § 1983 on the grounds that Plaintiff lacks standing to assert claims against them. Moreover, under the standard of Rule 12(b)(6), the factual allegations do not state federal constitutional violations by the City Defendants, nor does Plaintiff appear to seek redress from the City Defendants. Plaintiff's claims under the Utah Constitution should be dismissed for the same reasons.

Additional grounds supporting dismissal are set forth in the motion to dismiss filed by Defendants Governor Gary R. Herbert, Attorney General Sean D. Reyes, and Kathy Berg, Division Director of the Division of Corporations and Commercial Code (collectively, the "State Defendants"). As explained at length by the State Defendants, the challenged statutes are not unconstitutional, either on their face, or as applied to Plaintiff. These arguments apply with equal weight to the claims asserted against the City Defendants.

## PLAINTIFF'S ALLEGATIONS AGAINST THE CITY DEFENDANTS

Plaintiff seeks to challenge the constitutionality of certain criminal and civil laws enacted by the State of Utah relating to prostitution and the prohibition on patronizing a prostitute. Specifically, Plaintiff seeks declarative and injunctive relief challenging the constitutionality of Utah Code §§ 76-10-1302, -1303, -1304, -1305, -1308 and Utah Code § 47-1-1 et seq. *See*

Supplemental Complaint, ¶¶ 25-31. Plaintiff claims that enforcement of these state criminal statutes by the Governor, the Utah Attorney General and the Salt Lake County District Attorney violates his federal and state constitutional rights to due process, equal protection, freedom of speech, and freedom of association. *See* Supplemental Complaint, ¶¶ 31, 87-88, 97-98, 105, 108, 133-14, 118-19, 121. Plaintiff also asserts a claim that these statutes are unconstitutionally vague. *See* Supplemental Complaint, ¶¶ 122-28.

Defendant Biskupski is named solely in her official capacity as Mayor of Salt Lake City Corporation and Defendant Allred is named solely in his official capacity as the Business Licensing Manager for Salt Lake City Corporation. *See* Supplemental Complaint, ¶¶ 12, 15.

## ARGUMENT

### I.  Rule 12(b)(6) Standard of Review.

Federal Rule of Civil Procedure 12(b)(6) provides that the Court may dismiss any claim that "fail[s] to state a claim upon which relief can be granted." When considering a motion to dismiss, the Court views the complaint in a light most favorable to the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). Nevertheless, a claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II. Plaintiff Lacks Standing to Assert Claims Against the City Defendants.

Plaintiff has not plausibly alleged facts that would establish the required elements of standing with regard to the City Defendants. In order to establish a case or controversy, plaintiff bears the burden of demonstrating:

> (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Bronson v. Swensen*, 500 F.3d 1099, 1106 (10th Cir. 2007). With respect to constitutional challenges to criminal statutes, Plaintiff must show a credible threat of prosecution. *Id.* at 1107. More importantly, the causation element of standing requires the named defendants to possess authority to enforce the complained-of provision. *Id.* at 1109. A plaintiff lacks standing in circumstances where the defendant has no ability to enforce a statute in her individual capacity. *See id.* (finding plaintiff lacked standing to assert a challenge to criminal statutes prohibiting polygamy against the County Clerk, since she had no authority to initiate a criminal prosecution). Likewise, Plaintiff must show redressability – the likelihood that the injury-in-fact will be redressed by a favorable decision. *Id.* at 1111. This element is not satisfied when a plaintiff seeks relief against a defendant with no power to enforce a challenged statute. *See id.* (concluding that the requested injunctive and declaratory relief against the County Clerk would be meaningless since it would not protect plaintiffs from the threat of future criminal prosecution for polygamy by state prosecutors).

In this case, Plaintiff Greer does not allege any specific action or threatened conduct by either Defendant Biskupski or Allred that has caused him injury. Plaintiff's alleged injuries are: he was denied a business license from the State of Utah to operate a brothel, he is subject to potential prosecution by the Salt Lake County District Attorney and/or the Utah Attorney General for soliciting prostitutes, and he has suffered economic harm from being forced to travel to other states where prostitution is legal. *See* Supplemental Complaint, ¶¶ 51-55, 58, 97, 103, 111, 113, 118. Notably, Plaintiff does not allege that he is potentially subject to any threat of prosecution by Salt Lake City.[1] Likewise, Plaintiff has not alleged that he attempted to register or apply for a business license from Salt Lake City. Indeed, the only allegation against Mayor Biskupski merely identifies her as an elected official who "exercises the executive and administrative powers of the municipality." *See* Supplemental Complaint ¶ 12. The only allegation against Mr. Allred is that he is "responsible for overseeing the business licensing in Salt Lake City which included Sexual Oriented Businesses." *See* Supplemental Complaint ¶ 15. Even assuming Plaintiff was harmed by the State's denial of a business registration, he cannot "trace" that harm to the action of Mayor Biskupski or Mr. Allred. Similarly, Plaintiff has not shown how the requested relief against these Defendants would redress his harm. Like the County Clerk in *Bronson*, the Mayor and Mr. Allred do not have authority to enforce or change state law or require the state to provide a business registration to Plaintiff. Accordingly, Plaintiff

---

[1] Under Utah Code § 10-3-928, the City Attorney may prosecute violations of City ordinances, and may prosecute, under state law, infractions and misdemeanors occurring within the boundaries of the municipality. This authority does not extend to Mayor Biskupski nor Mr. Allred.

cannot establish injury-in-fact, causation or redressability, and all of Plaintiff's claims against the City Defendants fail as a matter of law for lack of standing.

### III. Plaintiff Fails to State a Factual Basis for Section 1983 Claims Against the City Defendants.

Assuming Plaintiff can demonstrate sufficient facts to support standing to assert his claims, Plaintiff does not allege a factual basis for his claims against the City Defendants, nor does he appear to seek redress against them. Therefore, Plaintiff fails to state a claim for liability under 42 U.S.C. § 1983.

Section 1983 provides a remedy against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and Laws . . ." 42 U.S.C. § 1983. Section 1983 creates a federal cause of action for damages to vindicate alleged violations of the Constitution and federal laws by individuals acting "under color of state law." 42 U.S.C. § 1983; *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). The statute does not create any substantive civil rights, but is only a procedural mechanism for enforcing existing rights. *Gallegos v. City & County of Denver*, 984 F.2d 358, 362 (10th Cir. 1993).

In order to survive a Rule 12(b)(6) motion to dismiss a § 1983 claim, a plaintiff must allege "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia. *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005). Plaintiff fails to plead these elements with respect to the City Defendants. The Complaint includes almost no facts about the

City Defendants. At most, Plaintiff alleges that Ms. Biskupski is the Mayor and James Allred is the Business License Manager for Salt Lake City Corporation. (*See* Supplemental Complaint ¶¶ 12, 15). The laws challenged by Plaintiff are state laws passed by the Utah Legislature. Plaintiff does not allege any conduct of the City Defendants that relates to these state laws. Accordingly, Plaintiff does not sufficiently state a cause of action under § 1983 against the City Defendants.

### IV.     Plaintiff's State Constitution Claims Should Be Dismissed.

Just as with his federal constitutional claims, Plaintiff fails to allege any facts against the City Defendants that would state a claim for relief under the Utah Constitution. Accordingly, the Fifth Cause of Action should therefore be dismissed.

### V.     The Challenged Statutes are not Unconstitutional.

The City Defendants join in the arguments set forth in the motion to dismiss filed by Defendants Governor Gary R. Herbert, Attorney General Sean D. Reyes, and Kathy Berg, Division Director of the Division of Corporations and Commercial Code (collectively, the "State Defendants"). The arguments advanced by the State Defendants concerning the constitutionality (state and federal) of Utah's laws criminalizing prostitution apply equally to Plaintiff's claims asserted against the City Defendants. The City Defendants hereby adopt these arguments as their own and join in the points and authorities advanced therein. *See* DUCivR 7-1(a)(4) (permitting joinder in motions filed by other parties via filing of separate motion and adoption by reference); Fed. R. Civ. P. 10(c) (permitting adoption by reference). Based on these arguments, Plaintiff's Supplemental Complaint against the City Defendants should be dismissed with prejudice.

## CONCLUSION

Plaintiff's Supplemental Complaint (Dkt. #55) should be dismissed against the City Defendants, Mayor Biskupski and Mr. Allred, with prejudice.

DATED this 26th day of September, 2017.

/s/ Catherine L. Brabson
CATHERINE L. BRABSON
*Attorney for Defendants Jackie Biskupski and James Allred*

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2017, a true and correct copy of the **MOTION TO DISMISS SUPPLEMENTAL COMPLAINT AND MEMORANDUM IN SUPPORT** was electronically filed with the Court using the CM/ECF system, which sent notice to the following:

Gregory M. Soderberg
David N. Wolf
UTAH ATTORNEY GENERAL'S OFFICE
P.O. Box 140856
160 East 300 South, 6th Floor
Salt Lake City, UT 84114-0856
gmsoderberg@agutah.gov
dnwolf@agutah.gov
*Attorney for Defendants Gary Herbert, Sean D. Reyes, and Kathy Berg*

David M. Quealy
Jennifer Bailey
SALT LAKE COUNTY DISTRICT ATTORNEY'S OFFICE
2001 South State Street, Suite S3-600
Salt Lake City, UT 84190
dquealy@slco.org
jenbailey@slco.gov
*Attorney for Defendants Sim S. Gill, Ben McAdams, and Rolen Yoshinaga*

was sent via email and first class mail, postage prepaid, to the following:

Russell Greer
1450 South West Temple, # D 206
Salt Lake City, UT 84115
russmark@gmail.com
*Plaintiff pro se*

                                                              /s/   Lindsay Ross

HB #63959