Sim Gill (USB #6389)
DISTRICT ATTORNEY FOR SALT LAKE COUNTY
David M. Quealy (USB #12379) dquealy@slco.org
Jennifer Bailey (USB #14121) jenbailey@slco.org
Deputy District Attorneys
Salt Lake County District Attorney's Office
2001 South State Street, Room S3-600
Salt Lake City, Utah 84190
Telephone: 385.468.7700
Facsimile: 385.468.7800
*Attorneys for Defendants Sim Gill, Ben McAdams, and Rolen Yoshinaga*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Russell G. Greer, et al.<br><br>    Plaintiffs,<br>v.<br><br>Gary R. Herbert, et al.<br><br>    Defendants. | SALT LAKE COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>Case No. 2:16-cv-01067<br><br>Magistrate Judge: Dustin B. Pead |

### MOTION AND RELIEF SOUGHT

Defendants, Salt Lake County District Attorney Sim Gill, Salt Lake County Mayor Ben McAdams, and Rolen Yoshinaga, Director of Salt Lake County Planning and Development Services (collectively "County Defendants"), by and through their undersigned counsel, move to dismiss Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief ("Supplemental Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Russell Greer has not plead facts sufficient to establish standing to bring his claims against the County Defendants, his claims against the County Defendants are not ripe, and even if Mr. Greer

had standing and his claims were ripe, his Supplemental Complaint fails to state a claim for relief under the United States Constitution, Utah Constitution, 42 U.S.C. § 1983, and Federal Rule of Civil Procedure 12(b)(6).  Consequently, his claims against the County Defendants should be dismissed with prejudice.

## INTRODUCTION AND RELEVANT FACTS

Mr. Greer's Supplemental Complaint challenges the constitutionality of Utah Code §§ 76-10-1302, 76-10-1303, 76-10-1304, 76-10-1305, and 47-1-1 ("Brothel Statutes"), which he alleges are unconstitutionally vague, violate the substantive due process clause of the Fourteenth Amendment, the equal protection clause of the Fourteenth Amendment, the right to free association encompassed in the First Amendment, and Article I, Section 7 of the Utah Constitution because they prevent him from opening a brothel—the Mile High Neon—in Utah. Supp. Compl. ¶¶ 25-29, 90, 105, 108 113, 118, 121, 123 (Doc. 55).  He does not allege that prostitution occurring outside a licensed brothel should be legal, only that the State's prohibition on operating a licensed brothel is unconstitutional.  *See* Supp. Compl. ¶ 92 (Doc. 55).  The Supplemental Complaint does not allege that Mr. Greer has ever been arrested or investigated for a violation of the Brothel Statutes.  *See generally* Supp. Compl. (Doc. 55).  The Supplemental Complaint likewise does not allege that Mr. Greer has ever filed an application for a business license with Salt Lake County Planning and Development or that Salt Lake County ("County") has denied him a license to operate a brothel in the County.  *Id.*  Rather, Mr. Greer conceded in prior briefing that "his main quarrel is with the State defendants," that naming the County Defendants was merely part of "a 'trap net', so to speak," and that neither "the City nor County can[] pass

2

laws that contradict State laws." [1]  Pl. Mem. Opp. Cnty. Reply at 2 (Doc. 31).  Plaintiff provided

those concessions as the justification for why he did not respond to the County's original motion

to dismiss.  *Id.*

## ARGUMENT

### I.    Plaintiff Lacks Standing to Pursue Claims against the County Defendants.

Under Article III of the U.S. Constitution, a claim is not justiciable in federal court unless

the plaintiff can establish he has "standing" to bring it.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540,

1547 (2016); *Utah v. Babbitt*, 137 F.3d 1193, 1202 (10th Cir. 1998).  In order to establish

standing, a plaintiff must demonstrate:

> (1) that [he has] suffered an "injury in fact"—an invasion of a judicially cognizable
> interest which is (a) concrete and particularized and (b) actual or imminent, not
> conjectural or hypothetical; (2) that there [is] a causal connection between the
> injury and the conduct complained of—the injury must be fairly traceable to the
> challenged action of the defendant, and not the result of the independent action of
> some third party not before the court; and (3) that it be likely, as opposed to merely
> speculative, that the injury will be redressed by a favorable decision.

*Babbitt*, 137 F.3d at 1202 (quoting *Bennett v. Spear*, 520 U.S. 154, 167 (1997)); *see also Spokeo*,

136 S. Ct. at 1547.  Establishing these elements is not a "mere technical hoop through which

every plaintiff must pass, but rather is a part of the basic charter promulgated by the Framers of

the Constitution" *Babbitt*, 137 F.3d at 1202 (internal quotations omitted).  Thus, a plaintiff's

complaint must clearly allege facts demonstrating he has satisfied every element of the standing

test in order to survive a motion to dismiss.  *Spokeo*, 136 S. Ct. at 1547 ("the plaintiff must

---

[1] A court is allowed to "take judicial notice of its own files and records" without having to
convert a motion to dismiss under Federal Rule of Civil Procedure 12(b) into a motion for
summary judgment.  *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006) (quoting *Van
Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000)).

'clearly allege . . . facts demonstrating' each element" of standing); *Babbitt*, 137 F.3d at 1202

(stating the burden is on plaintiffs to "clearly to allege facts demonstrating" they have standing).

### a.  Lack of standing as to Mayor McAdams.

The Supplemental Complaint does not contain *any* substantive allegations against Mayor

McAdams, let alone clearly allege facts demonstrating that Mayor McAdams has caused him an

"injury in fact" that could be redressed by a favorable decision in this case.  The only mention of

Mayor McAdams in the Supplemental Complaint is in Paragraph 13 which simply identifies him

as the Mayor of Salt Lake County, states that he is being sued in his official capacity, and

incorrectly cites to a statute setting forth the general powers of mayors of cities, towns, and

metro townships—not counties.  Supp. Compl. ¶ 13 (citing Utah Code § 10-3b-202(1)(b)) (Doc.

55); *see also* Utah Code § 10-1-104 (defining municipality so as to not include counties); Utah

Code, title 17 (regulating counties).  Thus, the Supplemental Complaint is woefully insufficient

in setting forth factual allegations that could satisfy Mr. Greer's obligation to establish standing

to bring claims against Mayor McAdams.  *Spokeo*, 136 S. Ct. at 1547 ("the plaintiff must 'clearly

allege . . . facts demonstrating' each element" of standing); *Babbitt*, 137 F.3d at 1202 (stating the

burden is on plaintiffs to "clearly to allege facts demonstrating" they have standing).

Moreover, as a matter of law, Mr. Greer cannot assert any facts sufficient to establish

standing against Mayor McAdams, as he does not have the authority to enforce the State's

Brothel Statutes.  A county mayor's statutory duties are set forth in Utah Code § 17-53-302.

Those duties do not include enforcing state or even county laws.  *Id.*; *see also* Salt Lake County

Code 2.06A.030 (setting forth the duties of the County Mayor).  To the contrary, the district

attorney is the official charged with enforcing laws through prosecution.  Utah Code § 17-18a-

401 (charging the district attorney with prosecutorial authority); Salt Lake County Code 2.12.140 (same); *see also* Utah Code § 17-53-301(2)(c) (stating a county mayor does not oversee a district attorney). Because Mayor McAdams cannot enforce the State's Brothel Statutes he cannot have caused any Mr. Greer any injury.[2] Mayor McAdams was merely named as part of Mr. Greer's "trap net, so to speak," not as a legitimate party against whom his alleged harms can be redressed. Accordingly, the Court should dismiss Mayor McAdams as a defendant with prejudice.

### b. Lack of standing as to Mr. Yoshinaga.

As to Mr. Yoshinaga, the Supplemental Complaint also does not contain any substantive allegations or "clearly allege" facts that establish standing against Mr. Yoshinaga. There are only two paragraphs in the Supplemental Complaint that even mention Mr. Yoshinaga. The first paragraph, Paragraph 16, simply states that he is "the Director of Planning for the County of Salt Lake," that he is only being sued in his official capacity, and that he oversees business licensing in Salt Lake County. (Doc. 55). The second paragraph, Paragraph 33, merely alleges that Mr. Yoshinaga cannot issue business licenses for those businesses deemed illegal (Doc. 55), but Mr. Greer has also acknowledged that neither Mr. Yoshinaga nor the County have any control over what businesses (i.e. brothels) the State deems illegal, Pl. Mem. Opp. Cnty. Reply at 2 (Doc. 31). In short, the Supplemental Complaint merely sets forth facts describing who Mr. Yoshinaga is, in what capacity he is being sued, and a very cursory description of his job—all of which is

---

[2] The County Defendants do no concede that any injury in fact actually exists, but for purposes of this motion only will assume that one exists.

insufficient to establish standing. *Spokeo*, 136 S. Ct. at 1547; *Babbitt*, 137 F.3d at 1202 (quoting *Bennett*, 520 U.S. at 167).

First, there is no allegation that Mr. Yoshinaga did anything that actually invaded any of Mr. Greer's judicially cognizable rights. *Babbitt*, 137 F.3d at 1202 (identifying the injury in fact prong of the standing test as requiring "an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"). In other words, there is no allegation of an "injury in fact" attributable to Mr. Yoshinaga. Second, even if Mr. Greer had plead facts that could establish an injury in fact, any such injury is not traceable to Mr. Yoshinaga. *Id.* (stating the standing test requires a "causal connection between the injury and the conduct complained of" that is "fairly traceable to the actions of the defendant"). Mr. Greer does not allege that he ever applied for a Salt Lake County business license, let alone that he was denied a business license or appealed a denial. There are simply no facts on the face of the Supplemental Complaint showing a causal connection between Mr. Greer's alleged constitutional harm and any action of Mr. Yoshinaga. Finally, because Mr. Yoshinaga has not taken and is not alleged to have taken any actions in this case, there is nothing to be redressed against him. Consequently, Mr. Greer lacks standing to sue Mr. Yoshinaga and he should be dismissed as a defendant with prejudice.

### c. Lack of standing as to District Attorney Gill.

Mr. Greer has not alleged facts sufficient to establish an "injury in fact" attributable to District Attorney Gill. However, even if he had sufficiently established an "injury in fact," he has not plead any facts sufficient to establish a causal connection between District Attorney Gill

and his alleged harm.  The Court should, therefore, dismiss Mr. Greer's claims against District

Attorney Gill

### i. Mr. Greer cannot establish an "injury in fact" attributable to District Attorney Gill.

Mr.  Greer bases his "injury in fact" against District Attorney Gill on the premise that he

has and will continue to patronize prostitutes, which could potentially subject him to criminal

prosecution by the Salt Lake County District Attorney's Office.  Supp. Compl. ¶¶ 8, 58 (Doc.

55).  While it is possible Mr. Greer could be prosecuted by District Attorney Gill, such a

proposition is not concrete, particularized, actual, or imminent in the way required to establish an

"injury in fact." *Babbitt*, 137 F.3d at 1202.  To the contrary, it is purely conjectural and

hypothetical at this point.  *Id.* (holding that conjectural and hypothetical harms are not "injuries

in fact").

The crime of patronizing a prostitute is a misdemeanor offense unless an individual has

previously been convicted of patronizing a prostitute twice, at which point the third offense is

prosecuted as a felony, or the prostitute is a minor.  Utah Code §§ 76-10-1303 & 1308; *see also*

Supp. Compl. ¶ 31 (Doc. 55) (admitting violation or prostitution laws is a "misdemeanor").

Under Utah Code *city* prosecutors are charged with prosecuting misdemeanors that occur within

their municipal boundaries.  Utah Code § 10-03-928(2).  On the other hand, county district

attorneys are charged with prosecuting felonies that occur within the county and misdemeanors

that occur within the unincorporated portion of the county (i.e. portions of the county that are not

part of any municipality).  Utah Code § 17-18a-401.

Thus, unless Mr. Greer is first convicted of patronizing a prostitute two times or solicits a

child prostitute (which he has never alleged he intends to do) he would be charged with a

misdemeanor if arrested, not a felony, and would therefore be subject to prosecution by a city prosecutor not District Attorney Gill. The only exception to that conclusion would be if Mr. Greer was arrested for patronizing a prostitute in unincorporated Salt Lake County. However, while Mr. Greer makes general reference to soliciting prostitutes in Salt Lake County, all of his specific allegations related to actually visiting prostitutes identify Salt Lake City as the location where his actions took place. Supp. Compl. ¶ 8 (general reference to soliciting prostitutes in "the City and County of Salt Lake"); ¶¶ 41-42, 46 (admitting to soliciting prostitutes in "Salt Lake City"); ¶ 57 (admitting to meeting a prostitute in "downtown Salt Lake City"). Thus, on the face of the Supplemental Complaint Mr. Greer has only alleged that he has and intends to visit prostitutes in Salt Lake City, not unincorporated Salt Lake County.[3]

It is untenable to stretch the concept of "injury in fact" so far as to include a potential harm—in the form of a prosecution by District Attorney Gill—that could only occur *if* Mr. Greer is first arrested and convicted of patronizing a prostitute *two times*, solicits a child prostitute rather than an adult prostitute (something he has never alleged he has or intends to do), or solicits a prostitute in unincorporated Salt Lake County (also something he has not alleged on the face of the Supplemental Complaint). There are simply too many "if" and required intervening events that must occur before Mr. Greer's alleged "injury in fact" could be considered concrete, particularized, actual, or imminent as required to establish standing. While Mr. Greer is free to speculate and imagine what could happen if those contingencies were to come to fruition, those

---

[3] It is also worth noting Mr. Greer resides in the "City of Murray," which is located in Salt Lake County but is not unincorporated County. Supp. Compl. ¶ 8 (Doc. 55). Thus, if he patronized a prostitute at his residence, such action would not be within unincorporated Salt Lake County.

ruminations do not establish standing and his claims against District Attorney Gill should be dismissed with prejudice.

> ### ii.   Mr. Greer cannot establish causal connection between District Attorney Gill and any alleged "injury in fact."

As discussed above, to establish the second element of standing, Mr. Greer must allege facts showing that there is a "causal connection between the injury and the conduct complained of . . . ." *Babbitt*, 137 F.3d at 1202.  Here, Mr. Greer's entire case is a narrow challenge to only those portions of Utah's prostitution statutes that prohibit him from opening a brothel—the Brothel Statutes.  Supp. Compl. P. 38, Prayer for Relief (Doc. 55).  In fact, he readily concedes that solicitation of prostitutes outside of brothels and should remain illegal.  *Id.* ¶ 92 (Doc. 55). Thus, the "conduct complained of" is the State's bar on brothels.  The "injury" he alleges is a fear of being arrested for patronizing prostitutes *outside of brothels*, for example being prosecuted for visiting a prostitute "at her apartment in downtown Salt Lake City."  Supp. Compl. ¶ 57.  Because Mr. Greer has framed his case as merely a challenge to the ability to open a brothel and not a challenge to the legality of being able to solicit prostitutes more generally, there is no causal connection between his alleged injury and the State's ban on brothels.  In other words, his alleged "injury in fact"—in the form of a fear of prosecution by District Attorney Gill—is predicated on a portion or application of the Utah Code that he does not allege is unconstitutional in the broader sense.  If his allegation was that he has visited a *brothel* in the past and intends to keep frequenting *brothels*, he may be able to establish a causal link between his fear of prosecution and the statutes that he is challenging, but that is not what he has alleged and the generalized legality of prostitution is not the issue in this case.  Thus, there is no causal connection between the laws preventing him from opening the Mile High Neon brothel and his

fear of being prosecuted for patronizing prostitutes in non-brothel settings.  Consequently, Mr. Greer cannot establish standing to assert claims against District Attorney Gill and he should be dismissed from this action with prejudice.

**II.       Plaintiff's Claims against the County Defendants are not Ripe.**

A claim is not justiciable in federal court unless it is "ripe."  *Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG*, 762 F.3d 1016, 1029 (10th Cir. 2014).  A claim is not ripe for adjudication when the case involves "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all" or when there is not a direct and immediate dispute between the parties.  *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995).  As this case relates to the County Defendants, it is based entirely on "contingent future events" that may never occur and consequently there is no immediate dispute between the parties.

With respect to Mayor McAdams and Mr. Yoshinaga, the only role they could have with respect to Mr. Greer's ability to open the Mile High Neon brothel would be in the context of reviewing a business license application submitted by Mr. Greer.  *See supra*, 4-5.  It is undisputed, however, that Mr. Greer has never filed, nor does he allege to have ever filed, an application for a business license with Salt Lake County.  Moreover, he has not alleged any facts showing he owns property where he could build the Mile High Neon brothel, that he has other necessary licenses needed to operate, for example, the Mile High Neon's kitchen, or that he has the resources to bring his business plan to fruition.  Put more simply, the entire basis for his claims against Mayor McAdams and Mr. Yoshinaga center around uncertain and contingent

events that may never occur.  Thus, there is no immediate dispute between Mr. Greer and the

County Defendants and Mr. Greer's claims are not ripe.

Similarly, with respect to District Attorney Gill, there is no allegation in the

Supplemental Complaint that he has ever prosecuted Mr. Greer for violating the Brothel Statutes

or any other law related to prostitution, no allegation that he is investigating Mr. Greer for

anything related to prostitution or otherwise, or even an allegation that Mr. Greer has been

arrested.  Thus, any claim related to a potential prosecution by District Attorney Gill is based on

unknown future contingencies that may never occur.  Mr. Greer's claims against District

Attorney Gill are simply speculative and should be dismissed as unripe.

### III.    Plaintiff's Constitutional Claims should Be Reviewed Under a "Facial Challenge" Standard.

Defendants Gary R. Herbert, Sean D. Reyes, and Kathy Berg (collectively "State

Defendants") filed a Motion to Dismiss Supplemental Complaint with the Court on October 3,

2017.  (Doc. No. 57).  The State Defendants' Motion to Dismiss Supplemental Complaint

thoroughly addressed whether Mr. Greer's claims should be reviewed under the standard

applicable to "as-applied" challenges to statutes or "facial" challenges to statutes.  *See* State

Motion to Dis. Supp. Compl. At 6-10 (Doc. 57).  The arguments advanced by the State

Defendants apply equally to the County Defendants.  The County Defendants hereby adopt the

State Defendants' arguments advocating for application of the standard for "facial challenges"

to Mr. Greer's claims as their own and join in the points and authorities advanced therein.  *See*

DUCivR. 7-1(a)(4) (permitting joinder in motions filed by other parties via filing a separate

motion and adoption by reference); Fed. R. Civ. P. 10(c) (permitting adoption by reference).

IV.    **Plaintiff's Supplemental Complaint should be Dismissed in Its Entirety under Federal Rule of Civil Procedure 12(b)(6) for Failing to State a Claim Upon Which Relief Can Be Granted.**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In considering a motion to dismiss, all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-movant.  *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

To survive a motion to dismiss, a plaintiff's complaint must allege enough facts, taken as true, to make his claim for relief "plausible on its face.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  This requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original); *see also Southern Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998) (holding the court "need not accept conclusory allegations without supporting factual averments").  Although all well-pleaded facts in the complaint are presumed

true, conclusory allegations—allegations that "do not allege the factual basis" for the claim—will not be considered. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir.1995).

> ### a. Plaintiff Flails to State a Claim Against the County Defendants under the United States Constitution and 42 U.S.C. § 1983.

Mr. Greer asserts four claims under 42 U.S.C. § 1983 asserting violations of the substantive due process clause of the Fourteenth Amendment, the equal protection clause of the Fourteenth Amendment, and the right to free association encompassed in the First Amendment. Supp. Compl. P. 23-34 (Doc. 55). Mr. Greer has failed to state a claim against the County Defendants because his Supplemental Complaint is factually deficient and because his claims fail as a matter of law.

> ### i. Plaintiff Flails to State a Factual Basis for the Claims Asserted Against the County Defendants.

In order for the County Defendants to be held liable under 42 U.S.C. § 1983, Mr. Greer must show that the County Defendants "subjected or causes [Plaintiff] to be subjected….to a deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. In the context of a civil rights action against multiple individual governmental actors, liability must be predicated on an individual defendant's personal involvement in the constitutional violation. *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "It is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013) (emphases in original) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)); see also *Auvaa v. City of Taylorsville*, 506 F. Supp. 2d 903, 909 (D. Utah 2007) quoting *Serna v. Colo. Dep't of Corr.*, 455

F.3d 1146, 1155 (10th Cir. 2006) ("In any § 1983 action, the plaintiff must demonstrate the liability of each . . . official against whom a claim is made," and "the burden is on the plaintiff to develop facts that show the defendant's responsibility for a constitutional violation").  The Tenth Circuit recently found:

> When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights.

*Pahls*, 718 F.3d at 1225-26 (citing *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532–33 (10th Cir.1998); *see also Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir.2011)).  "Rather, it is incumbent upon a plaintiff to 'identify specific actions taken by particular defendants' . . . ." *Tonkovich*, 159 F.3d at 532 (emphasis added); *see also Glaser v. City & County of Denver*, 557 F. App'x 689, 702 (10th Cir. 2014) (finding that the plaintiff's "undifferentiated contentions" failed to specify what each of the individual defendants specifically did or said).

In his Supplemental Complaint, Plaintiff fails to make specific allegations as to what the County Defendants did to deprive him of his constitutional rights.  "A § 1983 plaintiff must show an affirmative link between a defendant's conduct and a constitutional violation, and that affirmative link must be alleged in the complaint as well as proven at trial." *Auvaa v. City of Taylorsville*, 506 F. Supp. 2d 903, 909-10 (D. Utah 2007) quoting *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001).  Plaintiff has failed to make the necessary affirmative link between the County Defendants' conduct and a constitutional violation. There are no allegations: (1) that District Attorney Gill has investigated or filed criminal charges against Mr. Greer; (2) that Mr. Yoshinaga reviewed and denied Plaintiff a business license; or (3) that Mayor McAdams acted or failed to act, resulting in any constitutional violation against him.

14

Absent an affirmative link in the Supplemental Complaint between County Defendants' conduct and a constitutional violation, the Section 1983 claims in the Supplemental Complaint (Claims One through Four) must be dismissed.

> ii. **Plaintiff's Claims under 42 U.S.C. § 1983 Fail as a Matter of Law to State a Claim against the County Defendants.**

Even if the Supplemental Complaint alleged facts sufficient to assert claims against the County Defendants, Mr. Greer's 42 U.S.C. § 1893 claims fail as a matter of law and should nonetheless be dismissed. The State Defendants thoroughly briefed why the Brothel Statutes are constitutional and thus cannot serve as the basis for Mr. Greer's 42 U.S.C. § 1983 claims. *See* State Motion to Dis. Supp. Compl. At 11-19 (Doc. 57). The arguments advanced by the State Defendants apply equally to the County Defendants. The County Defendants hereby adopt the State Defendants' arguments as to why the Brothel Statutes are constitutional as their own and join in the points and authorities advanced therein. *See* DUCivR. 7-1(a)(4) (permitting joinder in motions filed by other parties via filing a separate motion and adoption by reference); Fed. R. Civ. P. 10(c) (permitting adoption by reference). For the reasons stated therein, even if the Supplemental Complaint alleged facts sufficient to state a claim against the County Defendants, Mr. Greer's 42 U.S.C. § 1983 claims fails as a matter of law and should be dismissed with prejudice.

## V.    Plaintiff Fail to State a Claim under Article 1, Section 7 of the Utah Constitution.

Claim Five of Mr. Greer's Supplemental Complaint alleges a violation of Article I, Section 7 of the Utah Constitution in that the County Defendants have deprived Plaintiffs of their rights to substantive and procedural due process. Supp. Compl. ¶ 121 (Doc. 55). Article 1, Section 7 is the

State constitution's "due process clause."  Like its federal counterpart, Article I, Section 7 provides

that "[n]o person shall be deprived of life, liberty or property, without due process of law."  Utah

Const. Art. I, § 7; *Jensen v. Cunningham*, 2011 UT 17, ¶ 71, 250 P.3d 465, 483.  The Utah

Supreme Court has stated:

> Since the due process clause of our state Constitution (Article I, Section 7) is
> substantially similar to the Fifth and Fourteenth Amendments to the federal
> Constitution, the decisions of the Supreme Court of the United States on the federal
> due process clauses are highly persuasive as to the application of that clause of our
> state Constitution.

*Disability Law Ctr. v. Utah,* 180 F. Supp. 3d 998, 1013 (D. Utah 2016) citing *Terra Utils. v. Public*

*Serv. Comm'n,* 575 P.2d 1029 (Utah 1978).  County Defendants encourage the Court to find "that

its analysis of Plaintiffs' federal substantive due process claim applies with equal force to

Plaintiffs' due process claim under the Utah Constitution."  *Id.*  Incorporating the federal due

process analysis necessary to dismiss the Plaintiffs' federal claims, the County Defendants urge the

Court to conclude that Plaintiffs have not stated a plausible claim for relief under Article I, Section

7 of the Utah Constitution and to dismiss Plaintiffs' state claim with prejudice.

## VI.    The Brothel Statutes Are Not Unconstitutionally Vague.

The State Defendants thoroughly briefed why the Brothel Statutes are not

unconstitutionally vague.  *See* State Motion to Dis. Supp. Compl. At 21-22 (Doc. 57).  The

arguments advanced by the State Defendants apply equally to the County Defendants.  The

County Defendants hereby adopt the State Defendants' arguments as their own and join in the

points and authorities advanced therein.  *See* DUCivR. 7-1(a)(4) (permitting joinder in motions

filed by other parties via filing a separate motion and adoption by reference); Fed. R. Civ. P.

10(c) (permitting adoption by reference).  For the reasons stated therein, the Supplemental

Complaint fails to state a claim and Claim Six should be dismissed.

## CONCLUSION

For the reasons stated herein, the County Defendants respectfully request that the Court

grant their motion to dismiss the Supplemental Complaint in its entirety, enter an order

dismissing with prejudice all claims and causes of action asserted by Plaintiffs against them, and

award County Defendants any other relief to which they may appear entitled.

Respectfully submitted this 3rd day of October 2017.

SIM GILL
Salt Lake County District Attorney

/s/ David M. Quealy
DAVID M. QUEALY
JENNIFER BAILEY
Deputy District Attorney
*Attorney for Defendants Sim Gill, Ben McAdams
and Rolen Yoshinaga*

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of October, 2017 a true and correct copy of the foregoing

SALT LAKE COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'

SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF was

electronically filed with the Clerk of Court using the CM/ECF system, which sent notice to the

following:

David N. Wolf
Gregory M. Soderberg
UTAH ATTORNEY GENERAL'S OFFICE
P.O. Box 140856
160 East 300 South, 6th Floor
Salt Lake City, UT 84114-0856
*Attorney for Defendants Gary Herbert, Sean D. Reyes, and Kathy Berg*

Catherine L. Brabson
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Suite 505A
Salt Lake City, Utah 84114-5478
*Attorney for Defendants Jackie Biskupski and James Allred*

The following individuals received service via first class mail, postage prepaid, addressed to:

Russell Greer
689 Vine Street
Murray, UT 84107
*Pro Se*

/s/ Natasha Schouten-Martinez
Legal Secretary