DAVID N. WOLF (6688)
GREG SODERBERG (14016)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@agutah.gov
E-mail: gsoderberg@agutah.gov

*Counsel for State Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER,<br><br>                Plaintiff,<br><br>v.<br><br>GARY R. HERBERT, in his official capacity as Governor of the State of Utah; SEAN D. REYES, in his official capacity as Attorney General of the State of Utah; SIM S. GILL, in his official capacity as District Attorney of the City and County of Salt Lake; JACKIE BISKUPSKI, in her official capacity as Mayor of the City of Salt Lake; BEN McADAMS, in his official capacity as Mayor of the County of Salt Lake; KATHY BERG, in her official capacity as Director of the Division of Commerce; JAMES ALLRED, in his official capacity as Business Licensing Manager for the City of Salt Lake; ROLEN YOSHINAGA, in his official capacity as Director of Planning and Development for the County of Salt Lake,<br><br>                Defendants. | **STATE DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SUPPLEMENTAL COMPLAINT**<br><br><br>Case No. 2:16-cv-01067-DBP<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff's constitutional challenge to Utah laws that prohibit brothels and prostitution within brothels fails as a matter of law because commercial sex is not a fundamental right, and the challenged laws are supported by rational basis. Laws subject to rational basis review are "accorded a strong presumption of validity," *Teigen v. Renfrow*, 511 F.3d 1072 (10th Cir. 2007) (granting motion to dismiss), and it is the plaintiff's burden to overcome the presumption and show that the statute or law in question is not rationally related to a legitimate state interest. *Heller v. Doe*, 509 U.S. 312, 319 (1993). The Tenth Circuit presumes the statue's validity and requires the plaintiff to "overcome the presumption of rationality." *Teigen*, 511 F.3d at 1086; *see also Heller*, 509 U.S. at 320–21 (1993) (holding plaintiffs have the burden to establish that the policy is unconstitutional and "to negative every conceivable basis which might support it, whether or not the basis has a foundation in the record"). "[A] classification 'must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.' " *Heller*, 509 U.S. at 320 (quoting *Federal Communications Comm'n v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993)).

Plaintiff's Supplemental Complaint fails to overcome the challenged laws' presumption of rationality, and the State Defendants have shown multiple reasons that the challenged laws are rationally related to legitimate government interests. State Defs.' Mot. Dismiss Supp. Compl. at 13–16 doc. 57. The State Defendants' government interests, referenced in the State's Motion to Dismiss, are rationally related to its interest of prohibiting brothels and commercial sex in brothels. The State Defendants agree and understand that Plaintiff's challenge relates only to brothels, not prostitution as a whole.

Plaintiff's policy arguments that the challenged laws need to be updated, or that Nevada's system of regulating brothels works better than prohibition, are not proper before this Court. A court does not act as a "super-legislature to weigh the wisdom of legislation" and "strike down laws or regulations simply because the Court may believe that they are unwise or improvident." *Bensing v. United States*, 551 F.2d 262, 265 (10th Cir. 1977) (reviewing statute denying credit for act of commissioned military service performed prior to one's becoming 21). Here, the Court should apply rational basis review, as explained by the Tenth Circuit and Supreme Court, and determine that laws prohibiting brothels and prostitution within brothels, are rationally related to legitimate government interests. The State Defendants respectfully request that the Court dismiss Plaintiff's Supplemental Complaint with prejudice.

DATED: November 7, 2017.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ Greg Soderberg
DAVID N. WOLF
GREG SODERBERG
Assistant Utah Attorneys General
*Counsel for State Defendants*

4

## CERTIFICATE OF SERVICE

I certify that on November 7, 2017, a true and correct copy of the foregoing **State Defendants' Motion to Dismiss Supplemental Complaint** was mailed via First Class Mail and by email to the following:

> Russell Greer
> 689 Vine Street
> Murray, UT 84107
> E-mail: russmark@gmail.com
> *Pro Se Litigant*

/s/ Mohamed I. Abdullahi