Russell Greer
3306 E Del Verde Ave
Salt Lake City, Utah 84109
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED
U.S. DISTRICT COURT

2017 NOV -8  P 3: 16

DISTRICT OF UTAH

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>　　　Plaintiff<br><br>v.<br><br>**GARY R. HERBERT**, in his official capacity as Governor of the State of Utah; **SEAN D. REYES**, in his official capacity as Attorney General of the State of Utah; **SIM S. GILL**, in his official capacity as District Attorney of the City and County of Salt Lake; **JACKIE BISKUPSKI**, in her official capacity as Mayor of the City of Salt Lake; **BEN McADAMS**, in his official capacity as Mayor of the County of Salt Lake; **KATHY BERG**, in her official capacity as Director of the Division of Commerce; **JAMES ALLRED**, in his official capacity as Business Licensing Manager for the City of Salt Lake; **ROLEN YOSHINAGA**, in his official capacity as Director of Planning and Development for the County of Salt Lake,<br><br>　　　Defendants | **PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO STATE DEFENDANTS' REPLY MEMORANDUM**<br><br>**AND REQUEST FOR HEARING**<br><br>Case No.: 2:16-cv-01067-DBP<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to *Utah Rules of Civil Procedure 7(b)(1)*, Plaintiff Russell Greer files this Response to State Defendants' Reply Memorandum. Invoking the words of Justice Kennedy in his opinion written for the majority in *Lawerence v. Texas* (2003), Kennedy eloquently said: "As the Constitution endures, persons in every generation can invoke its principles in their own search for greater freedom." As has been stated in past complaints and motions, Plaintiff Greer sought help in his efforts from the legislature and his representatives. Partly why Greer tried applying for a license to operate a brothel was because he felt if he could get a license, he could convince the legislature to work with him. But since he was denied a license and his pleas to his state representatives fell on "deaf ears", he was left with filing this constitutional challenge — not as the easy way, but as Plaintiff's only way. Plaintiff has followed after Justice Kennedy's words in his search for greater freedom.

As this District has held in recent years, the State cannot legislate or put to a vote a person's privacy or freedoms, and that a person's rights come before state rights. *Kitchen v. Herbert* (Utah District Court 2013). This has been stated before in *Lawrence v. Texas* (2003) where the Supreme Court stated that the States could not control or demean a person's "destiny". *Id.* This view has been shared by foreign jurisdictions, with the Canadian Supreme Court ruling that the legislature could not enact laws that violated the health and safety of those in prostitution. *Canada (AG) v. Bedford* (2013). "…Proper that we acknowledge the overwhelming weight of international opinion…While not controlling our outcome, it does provide respected and significant confirmation for our own conclusions." *Roper v. Simmons (2005)* (Supreme Court looked to international rulings and policy to outlaw death penalty for minors).

Plaintiff has provided the Honorable Judge Pead with a robust consensus of persuasive authority and with two different analyses for this Court to find the As-Applied brothel laws unconstitutional. Contrary to what the State says, policies and cases and the way the Nevada brothels are ran are presented to help guide the Court. Ruling whether laws are constitutional or

unconstitutional is apart of the judicial function. Plaintiff's rights are being affected: his right to privacy, his due process rights and his equal protection rights. Further, banning LICENSED brothels that run the same as other legal and licensed sexually oriented business has no rational basis. Neither is there a rational basis in allowing non-commercial one night stands that spread STDs, but not allowing a REGULATED facility that allows paid one night stands. It denies plaintiff of multiple rights. Paying a consenting adult does not create a science fiction result that is somehow different than agreeing to buy a "hook up partner" one met off Tinder, dinner and Netflix in exchange for sex. The only fantasy narrative portrayed in this entire litigation process has been the State defendants' mindset that Utah and the world is all sunshine and rainbows and that prostitution does not happen within this Court's jurisdiction. Realistically, it does and since it's unregulated and illegal, violence, rape, robbery, assault, AIDS, fraudulent inducement and other real horrors happen, of which Plaintiff and the people he wishes to protect have suffered. If anything, there IS a rational basis in allowing a licensed place to control prostitution and its secondary effects, just like the State allows licensed strip clubs and escort companies. It's in the State's best interest and in the interest of public health and safety, and this can be found under any constitutional review..

## CONCLUSION

Plaintiff asks the Court to allow this constitutional challenge to proceed to a trial to have expert witnesses testify that the Utah brothel laws are indeed unconstitutional, as there is a robust consensus of persuasive authority, as a matter of law, to allow Plaintiff to argue the unconstitutionality of stated laws. Plaintiff also asks for the Court to rule in his favor. Further, a hearing is requested on the matter.

Russell Greer
Pro Se Litigant
/rgreer/
11/08/2017

## **CERTIFICATE OF SERVICE:**

I certify that on November 8th, 2017, a true and correct copy of PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO STATE DEFENDANTS' REPLY MEMORANDUM was emailed to the following:

    Greg Soderberg, Assistant Attorney General and Counsel to State Defendants Berg, Herbert & Reyes.
        Gmsoderberg@utah.gov

    David Quealy: Counsel for County Defendants Gill, McAdams & Yoshinaga. dquealy@slco.org

    Catherine Brabson, Counsel for City Defendants Allred and Biskupski
    Catherine.Brabson@slcgov.com