Russell Greer
3306 E Del Verde Ave
Salt Lake City, Utah 84109
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED
U.S. DISTRICT COURT

2018 JAN 23 P 3: 37

DISTRICT OF UT

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>    Plaintiff<br><br>v.<br><br>**GARY R. HERBERT**, in his official capacity as Governor of the State of Utah; **SEAN D. REYES**, in his official capacity as Attorney General of the State of Utah; **SIM S. GILL**, in his official capacity as District Attorney of the City and County of Salt Lake; **JACKIE BISKUPSKI**, in her official capacity as Mayor of the City of Salt Lake; **BEN McADAMS**, in his official capacity as Mayor of the County of Salt Lake; **KATHY BERG**, in her official capacity as Director of the Division of Commerce; **JAMES ALLRED**, in his official capacity as Business Licensing Manager for the City of Salt Lake; **ROLEN YOSHINAGA**, in his official capacity as Director of Planning and Development for the County of Salt Lake,<br><br>    Defendants | **PLAINTIFF'S RESPONSE TO STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Case No.: 2:16-cv-01067-DBP<br><br>Magistrate Judge Dustin B. Pead |

1

The State Defendants have called to this Court's attention the recent opinion in *Erotic Service Providers Legal Education and Research Project v. Gascon*, --F3d --, 2018 WL 445461 (9th Circuit 2018). While the 9th Circuit case also had to do with prostitution, *Gascon* has no bearings on this present case (*Greer v. Herbert*) for many different reasons: (1) one case is an As-Applied challenge, while the other was a Facial challenge (2) the 9th Circuit sidestepped important issues that Plaintiff is raising in the current case which were not addressed, (e.g. how are one-night stands protected if family rearing is part of the court's basis for not allowing conduct?) (3) *Gascon* already had binding authority on it with *IDK Inc,* and (4) *Gascon* was decided in a different circuit. Truly, *Greer v. Herbert* is a "case of first impression" and therefore this case must be decided carefully which warrants a trial.

## As Applied vs. Facial Challenge

The main difference between *Gascon* and *Greer* is that the first case was a Facial challenge; the present case is an As-Applied challenge. Several Supreme Court cases have been ruled on, deciding that challenges to certain laws failed because they were facial attacks, with the justices openly writing that the challenged laws may have been unconstitutional had the challenge been "As-Applied" (*Crawford v. Marion County Election Board* (2008); *Gonzales v. Carhart* (2007)). The 9th Circuit even classified *Gascon* as a "facial challenge" and evaluated the case like so. *Gascon, 2018 WL 445461 at 3*. In October 2017, when the 9th Circuit held oral arguments on *Gascon,* the State of California conceded that the plaintiffs may have had a case had the case been an "As-Applied" challenge. *ESPLERP v. Gascon Oral Arguments Video.* YouTube. (https://www.youtube.com/watch?v=gA8W1-yHcO4). Similarly, with a case pertaining to brothel advertising in counties that did not allow brothels, *Coyote Publishing* ruled: "Especially in light of the fact that this is a facial challenge, we are unable to strike down these regulations." *Coyote Publishing, Inc. v. Miller* (9th Cir. 2010). Contrast these cases with *Greer*, where Plaintiff is only challenging As-Applied sections of the laws applying to brothels. The

State of Utah has even admitted that the present case is only applied to brothels. *State Defendants' Reply to Plaintiff's Opposition Motion. Docket No. 62).* Therefore, the cases are different and the findings should be found to be different, based upon the above Supreme Court case precedents.

### Gascon Did Not Address Issues Stated in Greer

While *Gascon* may have covered several arguments found in *Greer* (which are different, as stated above, due to the nature of the arguments), the 9th Circuit case does not touch on equal protection claims, as the plaintiffs of that case did not argue equal protection, whereas Greer is. *Gascon* makes no mention of brothels. *Gascon* makes no mention on why one-night stands can be allowed, but paid one-night stands can't be, or how it's OK to buy a partner dinner or something of value for sex, but paying money is illegal. Every argument the 9th Circuit used against prostitution, can be used against non-commercial one-night stands (STDS, not within family rearing, date rapes, etc). *HIV.gov* finds that homosexual men have the highest rates of HIV, as of 2016. *U.S. Statistics.* HIV.gov. (https://www.hiv.gov/hiv-basics/overview/data-and-trends/statistics), yet *Lawrence* says that there is an "emerging awareness in matters pertaining to sex" and that laws cannot control "the destinies" of homosexuals and others. *Lawrence v. Texas* (2003). An acquaintance of Greer's has told him of clubs in Salt Lake that have a bowl of condoms on the counter for those wanting to "hook up" with a partner for the night. Also, *Gascon* seems to ignore how *Lawrence* said the case did "not apply" to gay marriage, as well as to prostitution, yet *Obergefell,* whose author was also Justice Kennedy, cites *Lawrence* 7 times in-depth. Thus, Kennedy's words must mean that he wasn't talking about prostitution or gay marriage in *Lawrence* in the instant case, but that he wasn't barring cases from drawing upon them. His words were ambiguous, not controlling. Further, prostitution is a broad and vague concept that must be established to see if more protection lies in brothels than to other conduct.

3

These are important issues that have not been addressed, that Judge Pead needs to address that can be expounded upon at trial.

### Gascon's Binding Authority

The 9th Circuit ruled that *IDK, Inc* was controlling in the case and that made *Gascon* fall to rational basis review. *Gascon at 5*. In regards to rational basis review, it must be noted that Justice O'Connor concurred that *Lawrence* was conducted using a "more searching form of rational basis review". *Lawrence at 603*. With *Greer,* there is no binding case law on whether one can or cannot run a licensed brothel with a liberty interest or with equal protection, nor is there precedent as to whether it is discriminatory to not allow the disabled to have the services of a prostitute, nor has there ever been discussion as to whether there is more protection As-Applied to licensed brothels than to other forms.

### Gascon Decided in Different Jurisdiction

Upon reading other opinions authored by Judge Pead, Plaintiff has found that the Honorable Judge Pead looks for authority directly in the jurisdiction of the District, of the 10th Circuit or Supreme Court cases. *Gascon* does not fall within any of the controlling jurisdictions on Judge Pead, thus, *Gascon* is just as persuasive as any of the cases outside of the jurisdiction that Greer has cited. *Greer* is a case of first impression.

### CONCLUSION

For the reasons stated above, *Gascon* should be given little credence, as the challenges are brought differently, challenging different laws, regardless of slightly similar subject matter, as both cases revolve around prostitution, though, *Greer* focuses only on challenging brothel laws, while *Gascon* challenged all of the laws. Plaintiff requests that the case has a hearing and that a date for trial may be set.

                                                     Russell Greer
Pro Se Litigant
/rgreer/
01/22/2018

## CERTIFICATE OF SERVICE:

I certify that on January 22, 2018, a true and correct copy of PLAINTIFF'S RESPONSE to STATE DEFENDANTS' NOTICE of SUPPLEMENTAL AUTHORITY was emailed to the following:

Greg Soderberg, Assistant Attorney General and Counsel to State Defendants Berg, Herbert & Reyes.
Gmsoderberg@utah.gov

David Quealy: Counsel for County Defendants Gill, McAdams & Yoshinaga. dquealy@slco.org

Catherine Brabson, Counsel for City Defendants Allred and Biskupski
Catherine.Brabson@slcgov.com