Russell Greer
3306 E Del Verde Ave
Salt Lake City, Utah 84109
801-895-3501
russmark@gmail.com
Pro Se Litigant



# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff<br><br>v.<br><br>**GARY R. HERBERT,** in his official capacity as Governor of the State of Utah; **SEAN D. REYES,** in his official capacity as Attorney General of the State of Utah; **SIM S. GILL,** in his official capacity as District Attorney of the City and County of Salt Lake; **JACKIE BISKUPSKI,** in her official capacity as Mayor of the City of Salt Lake; **BEN McADAMS,** in his official capacity as Mayor of the County of Salt Lake; **KATHY BERG,** in her official capacity as Director of the Division of Commerce; **JAMES ALLRED,** in his official capacity as Business Licensing Manager for the City of Salt Lake; **ROLEN YOSHINAGA,** in his official capacity as Director of Planning and Development for the County of Salt Lake,<br><br>Defendants | **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>**WITH EXHIBITS**<br><br>Case No.: 2:16-cv-01067-DBP<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Russell Greer hereby gives notice of persuasive legal authority relevant to this case: *H.R. 1865;* also known as *"FOSTA". (*summary copy attached). As of 04/08/2018, the bill is waiting to be signed by President Trump. *FOSTA* was enacted to punish "websites that unlawfully promote and facilitate prostitution and websites that facilitate traffickers in advertising the sale of unlawful sex acts with sex trafficking victims." *H.R. 1865*. United States Congress. (https://www.congress.gov/bill/115th-congress/house-bill/1865). This bill is an amendment to *Section 230* of the *Communications Decency Act*, which has traditionally shielded web service providers from user/ third party conduct. The penalties include a fine or imprisonment of up to 10 years. However, according to the bill, a defendant may assert the legality of prostitution as a defense. *Id* at paragraph 6.

The effects of the bill have been sweeping. Immediately, adult themed websites have shuttered, like *eccie* and *the erotic review;* sites that were traditionally large prostitution hubs. But the implications of the bill have extended far past escort websites. As a result of *FOSTA, Microsoft* has announced that it will no longer allow nudity and profanity on *Skype. Microsoft Bans Offensive Language on Skype.* Fortune. (2018). *Facebook* is not allowing sex related events and advertising. Pornography is being deleted out of *Google Drive.* The biggest implication of all is *Craigslist* removing its dating and one night stand personal ad section. *Exhibit B. Backpage* has been completely removed.

*FOSTA* is persuasive to the current case because it reinforces plaintiff's equal protection arguments in that sexual acts are indistinguishable. This is made apparent by the sites removing adult conduct that isn't prostitution. Traditionally, sites would have buttons that would allow users to report inappropriate and illegal content, but it is apparent that *FOSTA* does not distinguish sexual acts because the sites would not be going to great lengths to delete or ban features if the bill allowed for discernment of sex conduct. Likewise, the State of Utah has failed to distinguish why non-paid conduct not within the bonds of family rearing (one night stands)

can be allowed, but paid one night stands can't be, or why it's OK to have sexually oriented businesses with licenses that abuse the terms of their licenses, but not OK to have a brothel that wants to have a license to protect people. Essentially, *FOSTA* harkens back to Justice Scalia's dissent that sex acts are impossible to distinguish. *Lawrence v. Texas* (2003) at 590.

## CONCLUSION

The underlining effects of *FOSTA* should be considered as persuasive authority to help Plaintiff's case. Respectfully submitted.

Russell Greer
Pro Se Litigant
/rgreer/
04/09/2018

**CERTIFICATE OF SERVICE:**

I certify that on April 09, 2018, a true and correct copy of NOTICE of SUPPLEMENTAL AUTHORITY was emailed to the following:

David Wolf, Assistant Attorney General and Counsel to State Defendants Berg, Herbert & Reyes.
dnwolf@agutah.gov

Jacque M. Ramos, Counsel for County Defendants Gill, McAdams & Yoshinaga. jmramos@slco.org

Catherine Brabson, Counsel for City Defendants Allred and Biskupski
Catherine.Brabson@slcgov.com

# EXHIBIT A

H.R.1865

# One Hundred Fifteenth Congress of the United States of America

## AT THE SECOND SESSION

*Begun and held at the City of Washington on Wednesday, the third day of January, two thousand and eighteen*

## An Act

To amend the Communications Act of 1934 to clarify that section 230 of such Act does not prohibit the enforcement against providers and users of interactive computer services of Federal and State criminal and civil law relating to sexual exploitation of children or sex trafficking, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

**SECTION 1. SHORT TITLE.**

This Act may be cited as the "Allow States and Victims to Fight Online Sex Trafficking Act of 2017".

**SEC. 2. SENSE OF CONGRESS.**

It is the sense of Congress that—

(1) section 230 of the Communications Act of 1934 (47 U.S.C. 230; commonly known as the "Communications Decency Act of 1996") was never intended to provide legal protection to websites that unlawfully promote and facilitate prostitution and websites that facilitate traffickers in advertising the sale of unlawful sex acts with sex trafficking victims;

(2) websites that promote and facilitate prostitution have been reckless in allowing the sale of sex trafficking victims and have done nothing to prevent the trafficking of children and victims of force, fraud, and coercion; and

(3) clarification of such section is warranted to ensure that such section does not provide such protection to such websites.

**SEC. 3. PROMOTION OF PROSTITUTION AND RECKLESS DISREGARD OF SEX TRAFFICKING.**

(a) PROMOTION OF PROSTITUTION.—Chapter 117 of title 18, United States Code, is amended by inserting after section 2421 the following:

"**§2421A. Promotion or facilitation of prostitution and reckless disregard of sex trafficking**

"(a) IN GENERAL.—Whoever, using a facility or means of interstate or foreign commerce or in or affecting interstate or foreign commerce, owns, manages, or operates an interactive computer service (as such term is defined in defined in section 230(f) the Communications Act of 1934 (47 U.S.C. 230(f))), or conspires or attempts to do so, with the intent to promote or facilitate the prostitution of another person shall be fined under this title, imprisoned for not more than 10 years, or both.

"(b) AGGRAVATED VIOLATION.—Whoever, using a facility or means of interstate or foreign commerce or in or affecting interstate or foreign commerce, owns, manages, or operates an interactive computer service (as such term is defined in defined in section 230(f) the Communications Act of 1934 (47 U.S.C. 230(f))),

6

or conspires or attempts to do so, with the intent to promote or facilitate the prostitution of another person and—
"(1) promotes or facilitates the prostitution of 5 or more persons; or
"(2) acts in reckless disregard of the fact that such conduct contributed to sex trafficking, in violation of 1591(a),
shall be fined under this title, imprisoned for not more than 25 years, or both.
"(c) CIVIL RECOVERY.—Any person injured by reason of a violation of section 2421A(b) may recover damages and reasonable attorneys' fees in an action before any appropriate United States district court.
"(d) MANDATORY RESTITUTION.—Notwithstanding sections 3663 or 3663A and in addition to any other civil or criminal penalties authorized by law, the court shall order restitution for any violation of subsection (b)(2). The scope and nature of such restitution shall be consistent with section 2327(b).
"(e) AFFIRMATIVE DEFENSE.—It shall be an affirmative defense to a charge of violating subsection (a), or subsection (b)(1) where the defendant proves, by a preponderance of the evidence, that the promotion or facilitation of prostitution is legal in the jurisdiction where the promotion or facilitation was targeted.".
(b) TABLE OF CONTENTS.—The table of contents for such chapter is amended by inserting after the item relating to section 2421 the following:

"2421A. Promotion or facilitation of prostitution and reckless disregard of sex trafficking.".

### SEC. 4. ENSURING ABILITY TO ENFORCE FEDERAL AND STATE CRIMINAL AND CIVIL LAW RELATING TO SEX TRAFFICKING.

(a) IN GENERAL.—Section 230(e) of the Communications Act of 1934 (47 U.S.C. 230(e)) is amended by adding at the end the following:
"(5) NO EFFECT ON SEX TRAFFICKING LAW.—Nothing in this section (other than subsection (c)(2)(A)) shall be construed to impair or limit—
"(A) any claim in a civil action brought under section 1595 of title 18, United States Code, if the conduct underlying the claim constitutes a violation of section 1591 of that title;
"(B) any charge in a criminal prosecution brought under State law if the conduct underlying the charge would constitute a violation of section 1591 of title 18, United States Code; or
"(C) any charge in a criminal prosecution brought under State law if the conduct underlying the charge would constitute a violation of section 2421A of title 18, United States Code, and promotion or facilitation of prostitution is illegal in the jurisdiction where the defendant's promotion or facilitation of prostitution was targeted.".
(b) EFFECTIVE DATE.—The amendments made by this section shall take effect on the date of the enactment of this Act, and the amendment made by subsection (a) shall apply regardless of whether the conduct alleged occurred, or is alleged to have occurred, before, on, or after such date of enactment.

### SEC. 5. ENSURING FEDERAL LIABILITY FOR PUBLISHING INFORMATION DESIGNED TO FACILITATE SEX TRAFFICKING OR OTHERWISE FACILITATING SEX TRAFFICKING.

Section 1591(e) of title 18, United States Code, is amended—
(1) by redesignating paragraphs (4) and (5) as paragraphs (5) and (6), respectively; and
(2) by inserting after paragraph (3) the following:
"(4) The term 'participation in a venture' means knowingly assisting, supporting, or facilitating a violation of subsection (a)(1).".

### SEC. 6. ACTIONS BY STATE ATTORNEYS GENERAL.

(a) IN GENERAL.—Section 1595 of title 18, United States Code, is amended by adding at the end the following:
"(d) In any case in which the attorney general of a State has reason to believe that an interest of the residents of that State has been or is threatened or adversely affected by any person who violates section 1591, the attorney general of the State, as parens patriae, may bring a civil action against such person on

behalf of the residents of the State in an appropriate district court of the United States to obtain appropriate relief.''.
  (b)  TECHNICAL AND CONFORMING AMENDMENTS.—Section 1595 of title 18, United States Code, is amended—
    (1) in subsection (b)(1), by striking ''this section'' and inserting ''subsection (a)''; and
    (2) in subsection (c), in the matter preceding paragraph (1), by striking ''this section'' and inserting ''subsection (a)''.

### SEC. 7. SAVINGS CLAUSE.

Nothing in this Act or the amendments made by this Act shall be construed to limit or preempt any civil action or criminal prosecution under Federal law or State law (including State statutory law and State common law) filed before or after the day before the date of enactment of this Act that was not limited or preempted by section 230 of the Communications Act of 1934 (47 U.S.C. 230), as such section was in effect on the day before the date of enactment of this Act.

### SEC. 8. GAO STUDY.

On the date that is 3 years after the date of the enactment of this Act, the Comptroller General of the United States shall conduct a study and submit to the Committees on the Judiciary of the House of Representatives and of the Senate, the Committee on Homeland Security of the House of Representatives, and the Committee on Homeland Security and Governmental Affairs of the Senate, a report which includes the following:
  (1) Information on each civil action brought pursuant to section 2421A(c) of title 18, United States Code, that resulted in an award of damages, including the amount claimed, the nature or description of the losses claimed to support the amount claimed, the losses proven, and the nature or description of the losses proven to support the amount awarded.
  (2) Information on each civil action brought pursuant to section 2421A(c) of title 18, United States Code, that did not result in an award of damages, including—
    (A) the amount claimed and the nature or description of the losses claimed to support the amount claimed; and
    (B) whether the case was dismissed, and if the case was dismissed, information describing the reason for the dismissal.
  (3) Information on each order of restitution entered pursuant to section 2421A(d) of title 18, United States Code, including—
    (A) whether the defendant was a corporation or an individual;
    (B) the amount requested by the Government and the justification for, and calculation of, the amount requested, if restitution was requested; and
    (C) the amount ordered by the court and the justification for, and calculation of, the amount ordered.
  (4) For each defendant convicted of violating section 2421A(b) of title 18, United States Code, that was not ordered to pay restitution—
    (A) whether the defendant was a corporation or an individual;
    (B) the amount requested by the Government, if restitution was requested; and
    (C) information describing the reason that the court did not order restitution.

*Speaker of the House of Representatives.*

*Vice President of the United States and President of the Senate.*

# EXHIBIT B



CL about >
FOSTA

US Congress just passed HR 1865, "FOSTA", seeking to subject websites to criminal and civil liability when third parties (users) misuse online personals unlawfully.

Any tool or service can be misused. We can't take such risk without jeopardizing all our other services, so we are regretfully taking craigslist personals offline. Hopefully we can bring them back some day.

To the millions of spouses, partners, and couples who met through craigslist, we wish you every happiness!